ANSAD

FILED

Oct 21  3 00 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

FILED

Oct 15  3 33 PM '03

U.S. DISTRICT COURT
NEW HAVEN CONN.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MATTHEW AND CINDY MYSLOW, as
Parents and Natural Guardian of
Minor Plaintiff TRAVIS MYSLOW,

     Plaintiff

VS.

NEW MILFORD SCHOOL DISTRICT,
NEW MILFORD BOARD OF EDUCATION,
RAYMOND AVERY, JEANANN PADDYFOTE,
THOMAS MULVIHILL, PAULA KELLEHER,
DENIS DOLAN, JEAN MALCOLM,
JOSEPHINE ROSITANO, ADELE JOHNSON,
DEBORAH SHELLEY, ROBYN VIKLAND,
L. ROBERT RUBIN, M.D., ANNA
ALSHANSKY, M.D., MARTIN
KREMINIJTZER, M.D., DIANA BADILLO-
MARTINEZ, PH.D, TERRY NEU, PH.D.,

     Defendants

CIVIL ACTION NO.
3:03CV00496 (MRK)

OCTOBER 15, 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND AFFIRMATIVE DEFENSES
### OF THE DEFENDANT, TERRY NEU, Ph.D

**BY WAY OF ANSWER**

1.     So much of paragraph 1 as alleges that the plaintiffs,

Matthew and Cindy Myslow (The Myslows), are the parents

and natural guardians of the minor plaintiff, Travis

Myslow, is admitted. As to the remaining allegations

contained in paragraph 1, the defendant has insufficient

knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

2-13.   As to the allegations contained in paragraphs 2 through 13, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

14.   So much of paragraph 14 as alleges that the defendant, Terry Neu, Ph.D., is a citizen of Connecticut and was hired as an independent educational consultant and is currently employed at Sacred Heart University, located at 5151 Park Avenue in Fairfield, Connecticut, 06432, is admitted.   So much of paragraph 14 as alleges that the defendant is a state actor and acted as an agent of the School District and Board of Education is denied.

15-48.   As to the allegations contained in paragraphs 15 through 48, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

49.   Paragraph 49 is admitted.

50-52.   The defendant does not plead to the allegations contained in paragraphs 50 through 52, inclusive, as these paragraphs call for a legal conclusion.

53-54.    As to the allegations contained in paragraphs 53 and 54, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

55-58.    The defendant does not plead to the allegations contained in paragraphs 55 through 58, inclusive, as these paragraphs call for a legal conclusion.

59-61.    Paragraphs 59 through 61, inclusive, are denied.

62-63.    As to the allegations contained in paragraphs 62 and 63, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

64.    Paragraph 64 is denied.

65-66.    As to the allegations contained in paragraphs 65 and 66, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

67.    Paragraph 67 is denied.

68.    As to the allegations contained in paragraph 68, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

which to form a belief and, therefore, leaves the plaintiffs to their proof.

90.    As to the allegations contained in paragraph 90, the defendant admits that the plaintiff requested an out of district placement for Travis.    As to the remaining allegations contained in paragraph 90, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

91-92.    Paragraphs 91 and 92 are denied.

93-107.    As to the allegations contained in paragraphs 93 through 107, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

## COUNT I - NEGLIGENCE

108-110.    The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count I as this Count is not directed to this defendant.

## COUNT II - MEDICAL MALPRACTICE

111-113.    The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count II as this Count is not directed to this defendant.

**COUNT III - VIOLATION OF CONSTITUION RIGHTS PER 42 U.S.C. SEC.**
          **1983**

114-116. The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count III as this Count is not directed to this defendant.

**COUNT IV - LACK OF INFORMED CONSENT**

117-120. The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count IV as this Count is not directed to this defendant.

**COUNT V - FAILURE TO PROVIDE A FREE APPROPRIATE PUBLIC EDUCATION**
          **WITHOUT DISCRIMINATION, *INTER ALIA*, UNDER SECTION 504 OF THE REHABILITATION ACT OF 1973**

121.      The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

122-123. Paragraphs 122 and 123 are denied.

**COUNT VI - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

124.      The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

125-126. Paragraphs 125 and 126 are denied.

**COUNT VII - VIOLATION OF CONSTITUTIONAL RIGHTS UDNER 42 U.S.C. SEC. 1983**

127.     The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

128-129. Paragraphs 128 and 129 are denied.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.     The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

131-132. Paragraphs 131 and 132 are denied.

## COUNT IX - NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

133.     The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

134-135. Paragraphs 134 and 135 are denied.

## COUNT X - VIOLATION OF STATUTORY PROVISIONS

136.     The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

137-138. Paragraphs 137 and 138 are denied.

## BY WAY OF AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE TO COUNTS I THROUGH IV

The defendant, Terry Neu, Ph.D., asserts that the Court lacks

subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and/or that the Court should properly decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c).

## SECOND AFFIRMATIVE DEFENSE TO COUNTS V, VI, VII, and X

The defendant, Terry Neu, Ph.D., asserts that the plaintiffs claims set forth in Counts V, VI, VII, and X fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE TO COUNT IX

The cause of action set forth in Count IX is barred by the applicable Statute of Limitations, Connecticut General Statutes §52-584.

THE DEFENDANT,
TERRY NEU, PH.D.

By
Lewis S. Lerman
    Of
Bai, Pollock, Blueweiss &
    Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06601
(203) 366-7991
#CT 05500

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed, postage prepaid via U.S. mail this 15th day of October, 2003 to:

Deborah G. Stevenson, Esquire
226 East Flag Swap Road
Southbury, CT 06488

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, P.C.
4300 Haddonfield Road Suite 311
Pennsauken, NJ 08109

Thomas W. Edgington, Esquire
Katherine C. Callahan, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123

Royce L. Vehslage, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067-4053

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Richard A. O'Connor, Esquire
Sachner & O'Connor
Crossroad West
765 Straits Turnpike, Bldg. 2, Suite 1001
P.O. Box 1323
Middlebury, CT  06762-1323

Lewis S. Lerman