FILED

Nov 19   2 16 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as Parents and natural guardian of minor Plaintiff TRAVIS MYSLOW<br>Plaintiffs, | :<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:03CV00496 (MRK) |
| v. | : |
| NEW MILFORD SCHOOL DISTRICT, et al.<br>Defendants. | :<br>: NOVEMBER 18, 2003<br>: |

### MOTION FOR MORE DEFINITE STATEMENT

Defendant, L. Robert Rubin, M.D. ("Dr. Rubin") respectfully moves pursuant to Fed. R. Civ. P. 12(e) for a more definite statement of Counts V and VI of the Amended Complaint-Civil Action.

The Amended Complaint, filed in response to the Motion to Dismiss for Lack of Subject Matter jurisdiction mentions Dr. Rubin in Counts V and VI, but it is not clear from a full reading of those Counts whether the Plaintiffs are pursuing claims against Dr. Rubin for civil rights violations and ADA violations.

The Plaintiffs' Amended Complaint was filed in order to demonstrate supplemental jurisdiction over their state law claims against Dr. Rubin, pursuant to the Court's invitation at oral argument. Dr. Rubin, however, is unclear whether the plaintiffs are also asserting new claims against

344569

him, or if the allegations made in Paragraphs 150, 151 and 154 are merely meant to demonstrate a common nucleus of fact upon which supplemental jurisdiction is premised.

If the plaintiffs are indeed pursuing federal causes of action against Dr. Rubin, then Dr. Rubin will concede that supplemental jurisdiction is appropriate (at least while those causes of action are pending). Without a firm understanding of what causes of action and factual allegations are directed specifically against him, Dr. Rubin is unable to offer a meaningful response to the Amended Complaint at this time. Specifically, Dr. Rubin is unclear if the new allegations in which Dr. Rubin is mentioned include his name solely to demonstrate that there is a common nucleus of fact, or if the plaintiffs are indeed generating new causes of action against Dr. Rubin.

## ARGUMENT

I. **The Amended Complaint, Counts V and VI Are Vague and Ambiguous as to Which Defendant Those Allegations are Asserted Against**

"Generally, a motion for a more definite statement [pursuant to Fed. R. Civ. P. 12(e)] may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action." Caraveo v. Nielsen Media Research, Inc., 2002 U.S. Dist. LEXIS 6026, *5 (S.D.N.Y. 2002) citing Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y. 1986). Fed. R. Civ. P. 12(e) provides:

2

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . .

Id.

When it is clear from a complaint brought against multiple defendants who is charged with what, a Rule 12(e) motion is proper. Gierlinger v. New York State Police, 738 F. Supp. 96, 98 (W.D.N.Y. 1990). "A motion for more definite statement is appropriately filed if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Rule 12(e) is designed to enable a litigant to answer a complaint and is targeted at unintelligibly in pleading, not just a claimed lack of detail." Wallet v. Anderson, 198 F.R.D. 20, 22 (D. Conn. 2000).

The complaint is not clear in distinguishing which counts are directed against Dr. Rubin. Specifically, Count V, in its caption states that is styled as a "Violation of the American with Disabilities Act v. The School District Defendants and Alshansky, Kreminitzer, Martinez and Neu." However, Paragraph 150 asserts that Dr. Rubin, along with the other defendants acted in such a way to violate the Act. Paragraph 151, however, alleges damages suffered by the plaintiff having occurred "[a]s a direct and proximate result of the actions or inactions of the School District Defendants and the agents. . ." Dr. Rubin is not mentioned in this allegation specifically. It is unclear if the plaintiffs are alleging that Dr. Rubin is/was an agent of the School District. Dr. Rubin

3

is not mentioned again in this Count but the Prayer for Relief includes a general demand "against defendants."

Likewise Count VI is captioned "Violation of Constitutional Rights Under 42 U.S.C. § 1983 v. The School District Defendants, Alshansky, Kreminitzer, Martinez and Neu". Paragraph 154, the only paragraph in this count that mentions Dr. Rubin, makes allegations against him in a paragraph that generally refers to all the defendants. There is no specifics about what conduct Dr. Rubin personally participated. Likewise, there is no allegation that Dr. Rubin actually violated the statute, though Paragraph 153 does make such a statement against the other defendants. The Prayer for Relief in Count VI is also generally made "against defendants".

Adding to the confusion generated by Counts V and VI is the difficulty in determining whether the causes of action embodied by these Counts could be made in good faith against Dr. Rubin because there is no allegation that he is a state actor or that he acted under color of government authority. The absence of such an allegation would indicate that these causes of actions are not being pursued against Dr. Rubin.

In addition, the Prayer for Relief, which follows each count, is made general "against defendants" without regard to which defendants the accompanying count is directed against. It is also clear that there is no specific allegation as to what Dr. Rubin specifically did to make him liable to the plaintiff. In these counts, he is named only in a string of references to all named defendants.

Accordingly, it is impossible for Dr. Rubin to respond to the Amended Complaint, because as drafted, the Amended Complaint does not differentiate clearly which Count are directed against him.

## CONCLUSION

Dr. Rubin seeks an Order from the Court requiring Plaintiffs to definitely state whether Counts V and VI are directed against him. Further, if those Counts are directed against him, Dr. Rubin requests that the specific factual allegations that are specifically directed to him be identified.

Defendant,
L. Robert Rubin, M.D.

By: _____
Katherine C. Callahan, Esq. (ct06216)
Thomas W. Edgington, Esq. (ct22277)
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123
tel. 860-548-2600
fax 860-548-2680

## **CERTIFICATION**

I hereby certify that a true copy of the foregoing was served this 18th day of November, 2003, by first class United States mail, to the following counsel of record:

Deborah G. Stevenson, Esq.
226 East Flag Swap Road
Southbury, CT  06488

Alan C. Milstein
Derek T. Braslow
4300 Haddonfield Road
Suite 311
Pennsauken, NJ  08109

Jack V. Genovese, II
Royce L. Vehslage
Genovese, Vehslage & LaRose
500 Enterprise Drive
Rocky Hill, CT  06067-4053

Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Richard A. O'Connor
Sachner & O'Connor
Crossroad West
765 Straits Turnpike
P.O. Box 1323
Middlebury, CT  06762-1323

_____
Thomas W. Edgington, Esq.

6