FILED

Nov 19  2 57 PM '03

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as Parents and Natural Guardian of Minor Plaintiff, TRAVIS MYSLOW | : |
| Plaintiffs | : Case No: 3:03CV496(MRK) |
| v. | : |
| NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANNE PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, ROBYN VIKLAND, L. ROBERT RUBIN, M.D., ANNA ALSHANSKY, M.D., MARTIN KREMINITZER, M.D., DIANA BADILLO-MARTINEZ, Ph.D., TERRY NEU, Ph.D. | : |
| Defendants | : NOVEMBER 19, 2003 |

**MOTION FOR MORE DEFINITIVE STATEMENT**

The following defendants, Anna Alshansky, M.D. and Martin Kreminitzer, M.D., respectfully move, pursuant to Fed. R. Civ. P. 12(e) for a more definitive statement of the allegations set forth in paragraphs 16, 17, 64, 71, 151, 153 of the Amended Complaint because it is not clear from the Amended Complaint whether the Plaintiff is alleging that the Defendants were agents of the Co-Defendant School District.

The Plaintiff's Amended Complaint was filed in order to demonstrate supplemental jurisdiction over their state law claims against Drs. Alshansky, Kreminitzer and Co-Defendant Dr. Rubin. It is unclear throughout the Amended Complaint whether the Plaintiff is alleging the Defendants were agents of the Defendant School District. The Amended Complaint, as currently framed, leaves these Defendants unable to meaningfully and properly respond to the allegations as it is wholly unclear whether they are intended to be included in the allegation contained in Paragraphs 16, 17, 64, 71, 151, 153.

**Standard**

A Motion for More Definitive Statement may be granted pursuant to Fed. R. Civ. P. 12(e) if a pleading is so unclear or ambiguous that drafting a response to it is impossible. Humphreys v. Nager, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997). The motion is designed to enable a defendant "to answer a complaint and is targeted at unintelligibility in a pleading, not just a claimed lack of detail." Wallett v. Anderson, 198 F.R.D. 20, 23 (D. Conn. 2000). Rule 12(e) states, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." Although courts may grant the motion sparingly, courts have recognized that the motion is appropriately granted when a complaint is so vague or ambiguous that a party cannot reasonably frame a responsive pleading. Wallett, 198 F.R.D. at 23-24.

**Law and Argument**

Rule 8 of the Fed. R. Civ.P. sets for the requirements forth notice pleading. Rule 8(e)(1) requires that each averment be pled as short, concise and direct. Rule 8 (e)(2) requires the plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Although notice pleading has been viewed liberally by federal courts, it is essential that a "complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotations omitted). It must be clear from the pleading which claims are alleged and whom the claims are alleged against. Roe, 253 F.3d at 683-84. Paragraphs 16, 17, 64, 71, 151, 153 are vague and ambiguous and thus need to be plead with more specificity. Paragraphs 16 and 17 allege that Drs. Alshansky and Kreminitzer, respectively, are being sued in their "individual" and "official capacity". The Defendants request that the Court require the Plaintiff to state specifically in what "official capacity" so that the Defendants will be able to properly form a response to those allegations. These Defendants were private attending physicians of the minor Plaintiff and therefore are at a loss with respect to what the Plaintiff means by "official capacity".

With respect to Paragraph 64, it states "The defendants School District and Board of Education and their agents are and were the recipients of federal and state financial assistance." The Defendants request that the Plaintiff state specifically whether it is including in that definition of agents Defendants Drs. Alshansky and Kreminitzer. This

3

determination is crucial as the Plaintiff has attempted to bring federal claims against these Defendants and such an allegation may be central to bringing the Defendants under the purview of such federal claims. Paragraph 71 suffers from the same defect and alleges "The defendants School District, Board of Education, PPT Team, and their agents are and were at all times relevant hereto obligated to provide a free and appropriate education to Travis, free from discrimination due to his disabilities." The Defendants request that the Plaintiff state specifically whether it is including in that definition of agents Defendants Drs. Alshansky and Kreminitzer.

Paragraphs 151 and 153 also do not indicate whether Drs. Alshansky and Kreminitzer are alleged to be agents of the School District Defendants. Without such information, the Defendants cannot properly and meaningfully respond to such allegations. Further, Paragraph 153 is bereft of any specific allegations as to what the Defendants did so as to make them liable to the Plaintiff. The Defendants request that the Plaintiff state the specific factual allegations directed against these Defendants. "[W]hile the courts should construe pleading generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriques v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995).

Although notice pleading is construed liberally by courts, several Connecticut courts have granted motions for more definitive statement. In Atuahene v. City of Hartford, 2000 WL 433956 (D.Conn.), the pro se plaintiff advanced several constitutional claims and was

4

ordered to revise portions of the complaint to conform to simple, short and concise averments. Particularly, the plaintiff failed to articulate and distinguish conduct by each defendant with regard to each claim. Id. at 2. See Bennett v. Beiersdorf, Inc., 889 F. Supp. 46, 52 (D.Conn. 1995) (plaintiff in Title VII action was ordered to redraft vague counts of complaint alleging defendant's breach of an employment contract to be plead with sufficient specificity so that defendant could form a responsive pleading.); See also Estate of Walker v. City of Bridgeport, 676 F. Supp. 442, 443 (D.Conn. 1986) (granting defendant's motion to dismiss for plaintiff's failure to adequately allege claims of custom or practice in §1983 action against city.); Pavent v. Rand-Whitney Realty Corp., 1997 WL 527367 (D.Conn.) (granting defendant's motion for more definite statement in an action for nuisance where plaintiff was ordered to plead with particularity and specify the type of nuisance alleged.)

Defendants are entitled to fair notice of plaintiff's claims against them and the grounds upon which the claims have been asserted. Although "notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory . . . enough data must be pleaded so that each element of the alleged . . . violation can be properly identified." Roe, 253 F.3d at 683, (internal quotation marks and citations omitted.) As pled, the aforementioned Paragraphs fail to afford fair notice of the claims alleged and to which Defendants the claims are intended.

5

## CONCLUSION

Drs. Alshansky and Kreminitzer seek an Order from the court requiring the Plaintiffs to definitively state whether the Defendants are agents of the Co-Defendant School District as alleged in the above-referenced Paragraphs. Further, with respect to Paragraph 153, that the Plaintiffs state specifically how it is alleged the Defendants violated the Constitutional Rights of the minor Plaintiff under 42 U.S.C. Section 1983.

> DEFENDANTS,
> MARTIN KREMINITZER, M.D.
> ANNA ALSHANSKY, M.D.
>
> _____
> Christine A. Robinson
> Fed. Bar No. 18976
> SACHNER & O'CONNOR
> The Crossroads West
> 765 Straits Turnpike, Bldg. 2, Ste. 1001
> P.O. Box 1323
> Middlebury, CT 06762-1323
> Telephone: 203-598-7585
> Fax: 203-598-7595

## CERTIFICATION OF SERVICE

This is to certify that the foregoing was mailed on this date to the following:

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky
Fairway Corporate Center
4300 Haddonfield Road, Ste. 311
Pennsauken, NJ 08109

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT 06488

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Royce L. Vehslage, Esquire
Jack V. Genovese, II, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

Katherine C. Callahan, Esquire
Thomas W. Edgington, Esquire
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123-1277

Lewis Lerman, Esquire
Jeffrey A. Blueweiss, Esquire
Bai, Pollock, Blueweiss & Mulcahey
10 Middle Street
Bridgeport, CT 06601

_____
Christine A. Robinson

H
Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Steve ATUAHENE, pro se, Plaintiff,
v.
CITY OF HARTFORD, et al., Defendants.

No. 3:99 CV 631(GLG).

April 18, 2000.

## MEMORANDUM DECISION

GOETTEL, J.

*1 The defendants in this action have moved again to dismiss the complaint on various grounds including the fact that it fails to contain a short and plain statement of the claim and that the averments therein are not simple, concise and direct. In addition, the defendants note that the plaintiff has failed to comply with this Court's earlier order.

The plaintiff commenced this action, by way of an eleven-count complaint, against the City, Caponetto Enterprises (hereinafter "Caponetto"), Charles Ayers (hereinafter "Ayers"), Valdis Vinkels, Precision Foreign Car Service, and John and Jane Does, as employees of the aforementioned defendants. In his initial complaint, the plaintiff advanced claims under 42 U.S.C. § § 1981, 1982, 1983, 1985 and 3605 and various federal constitutional provisions, including the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments. The plaintiff separated his claims into eleven counts alleging state and constitutional torts sounding in trespass, tortious interference with contractual relations, unconstitutional impairment of contracts, slander of title, condemnation, civil rights violations, deprivation of equal protection, racial discrimination, conspiracy, and violations of unspecified constitutional rights. Because of the lengthy rambling and redundancy of the plaintiff's claims, the defendants moved for a dismissal or alternatively a more definite statement. Defendants relied on the requirements of Rule 8 of the Federal Rules of Civil Procedure, arguing that the complaint created an unjustified burden on the defendants because they were forced to select the relevant allegations from a mass of verbiage. In opposition, the plaintiff sought leave to amend his complaint, stating that the amendments would address all the concerns stated in the defendants' motions. However, the plaintiff's proposed amended complaint had the opposite effect and increased the length and repetition of the original complaint, adding a lengthy introduction, five new counts (intentional and/or negligent misrepresentation, another unspecified claim under 42 U.S.C. § 1983, breach of fiduciary duty, tortious interference with contractual relationship, and conspiracy under 42 U.S.C. § § 1985 and 1986) and two additional defendants, Attorney William Healy and the law firm of Gould, Killian & Wynne. These amendments, the City now contends, clearly failed to address the arguments set forth in their original motion to dismiss.

In response to the defendants' motions to dismiss/motions for more definite statement, the Court concluded:
> The position of the defendants is correct. If the plaintiff were appearing by counsel, their motions would be granted. However, the plaintiff appears *pro se*. The appellate courts are legion cautioning the district courts to afford latitude to *pro se* litigants. Consequently, while we agree that the amended pleading (which is missing page 3 of the original and simply appends an introductory statement and further allegations against additional defendants at the end) worsens the matter rather than improves it, nevertheless, we feel compelled to deny the plaintiff's motion to dismiss and to grant the motion to amend because of the plaintiff's *pro se* status.

*2 However, we granted the defendants' alternative motions for a more definite statement. Specifically, we ordered the plaintiff to file a more definite statement that:
> [a]rticulates the specific conduct by each defendant which supports his claims; differentiates the conduct of each defendant with respect to his claims, especially those claims premised on a constitutional provision; specifies the precise constitutional right of which he claims he was deprived, the source of said right and the date of said deprivation or constitutional conduct; deletes duplicative provisions; and deletes immaterial, redundant and unnecessary citations to case opinions, and the text of statutory provisions and constitutional amendments.

The plaintiff has failed to provide a more definite statement. Instead of clarifying his factual and legal claims and eliminating redundant and superfluous claims, the amended complaint not only adds new claims and parties but fails to articulate and differentiate the conduct of each defendant with

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

respect to each claim and to specify the precise constitutional right of which the plaintiff claims he was deprived, the source of said right, and the date of said deprivation. The plaintiff has failed completely to comply with the Court's order in several respects.

First, the plaintiff adds as an additional party the Hartford County Sheriff's Department, even though this party was not identified in his request for leave to amend. [FN1]

> FN1. Additionally, the plaintiff purports to state a claim against the Superior Court of Hartford in Count Thirteen of the Amended Complaint by allegedly acting with defendant Ayers to deprive him of a fair trial. There is no legal basis for this claim, nor any legal authority to bring a direct cause of action for money damages against a court. (Am. Compl., Count 13, ¶ ¶ 110-13.)

Second, the plaintiff failed to eliminate duplicative constitutional claims and repeated references to constitutional provisions in the amended complaint.

Third, the plaintiff's complaint fails completely to differentiate the conduct of each defendant with respect to each claim, especially those premised on a constitutional provision. Notwithstanding the incorporation of the introductory paragraph, the additional facts do nothing to differentiate or substantiate the plaintiff's numerous constitutional and state tort claims. Instead, the amended complaint is as replete with conclusory allegations that the defendants' conduct violated his rights as was the original complaint.

This confusion is rather critical in that, although we gather this action concerns unpaid taxes and the sale of tax liens, it is impossible to tell when all of this occurred and the basis for unpaid taxes. While the plaintiff may not have personal knowledge concerning all of these things, they are all matters of record that he could obtain from the real property files of the county. For example, based upon the allegations against Ayers as the seller and his attorney at that time (William Healy), it is suggested that there were certain tax liens on the property at the time the plaintiff bought the property. He does claim that during the period of time he owned the property no taxes were assessed. We doubt that that occurred. More likely, the assessments were sent to the record owner of the property which possibly was not the plaintiff.

*3 In his complaint, the plaintiff alleges in conclusory fashion that the City sold the subject property. This allegation contradicts other allegations in the complaint. While the plaintiff alleges that the City sold the property, he also attributes this action to defendant Caponetto. He also claims that he purchased the property in 1992 from Ayers and that Precision seized the property in or around 1997. The plaintiff also alleges that in 1997 he learned that the City sold the property to Precision. (Am.Compl.¶ 2.) Moreover, the plaintiff alleges he learned in November of 1998 that certain tax liens had been sold to Caponetto. The allegations that the City sold the property, however, make no sense in view of the other allegations in the plaintiff's complaint. In the same paragraph, the plaintiff alleges that Caponetto filed a complaint in Superior Court alleging ownership of certain tax liens, the validity of which the plaintiff disputes. The plaintiff's complaint that the City sold the property which he claims he owned is not only inconsistent but is also illogical and unsubstantiated by any other factual allegations.

Plaintiff also alleges a claim for trespass. He has not alleged, nor is there any reasonable inference, that the City physically intruded upon his property. It would appear that he is claiming that the party who purchased the property after the foreclosure of tax liens was a trespasser by virtue of that sale and seizure. The same is true with respect to his claims of negligence. The plaintiff has dressed up his complaint with numerous other claims such as tortious interference with contractual relationships, slander of title, a Fifth Amendment inverse condemnation claim, etc.

A central theme to plaintiff's rambling amended complaint is that he was denied equal protection and due process of law. Plaintiff fails, however, to indicate how the City committed these violations. It may be that all that he is claiming is that the City, by assessing unpaid tax liens and allowing their purchase, has indirectly caused his purported constitutional violations. If that is what the plaintiff is claiming, he could have stated so directly and clearly, not by asserting a plethora of contradictory claims. He also seems to be alleging that these impermissible procedures were invoked because of his race. However, he does not include any allegations concerning laws, policies, or customs of the City or State which treat African-Americans different from others similarly situated. He further confuses the entire complaint by alleging (as is often done in *pro se* complaints) that all of the various defendants have conspired to violate his rights.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

These various defendants are entitled to know what acts they individually or corporately are accused of doing. Such a right is not satisfied by papering over the whole thing as being a conspiracy. We have previously directed the plaintiff to do that in very specific terms set forth above. He has nevertheless failed to do so.

*4 In the original motion to dismiss the complaint we excused plaintiff's obvious failings on the grounds that he was a *pro se* litigant, a type that is always treated indulgently by the Court. We learn from the City's reply papers, however, that the plaintiff is not a neophyte *pro se* litigant. Indeed, he has filed a dozen or so cases, mostly in Pennsylvania. [FN2] Moreover, the plaintiff's litigation activities put forth frivolous legal arguments based on the claim that various public and private entities had been discriminating against him. These law suits (most or all of which he lost) resulted in an order last month by the Eastern District Court of Pennsylvania prohibiting him from filing any additional lawsuits without prior authorization of that Court. *Frempong-Atuahene v. City of Philadelphia*, No. 99-4386, 2000 WL 233216, 2000 U.S. Dist. LEXIS 2053, at *1-2 (E.D.Pa. Feb. 28, 2000).

> FN2. Some of these litigations have been filed under the name of Steven Frempong. We do not know the significance of that name as compared to the name plaintiff uses in this action. His conduct in those litigations was far from exemplary. The Pennsylvania Superior Court awarded additional attorney's fees indicating that plaintiff's appeal was dilatory and vexatious. *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327 (Pa.Super.Ct.1999) (Exh. A).

We conclude that the plaintiff's refusal to file a coherent, understandable complaint is due not to his lack of knowledge but from his realization that, if factually stated, it would be apparent that he does not have a cause of action, which would lead to the dismissal of his complaint for failure to state a claim. Regardless of the reason, the present complaint, like the one that preceded it, does not set forth a short and plain statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure. Moreover, the amended complaint does not comply with the earlier specific directions of this Court. Under the circumstances, the defendants' motions (Doc. Nos. 37, 39 and 40) to dismiss are GRANTED.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2000 WL 433956, 2000 WL 433956 (D.Conn.)

END OF DOCUMENT

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Ellen PAVENT,
v.
RAND-WHITNEY REALTY CORPORATION, et al.

No. 3:96CV01977.

July 16, 1997.

RULING ON DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, MOTION TO DISMISS, AND MOTION TO STRIKE

NEVAS, Senior District Judge.

*1 In this action for nuisance the Plaintiff, Ellen Pavent ("Pavent"), seeks to recover damages allegedly caused by the paper recycling plant that is owned, leased, and/or operated by the Defendants Rand-Whitney Realty Corp. ("RW Realty"), Rand-Whitney Containerboard Limited Partnership ("RW Containerboard"), and Rand-Whitney Paperboard Corp. ("RW Paperboard") (collectively the "Defendants"). Additionally, Pavent seeks an injunction ordering the Defendants to cease or abate the alleged nuisance.

Now pending before the court is the Defendants' motion which seeks (1) a more definite statement of the first count; (2) to dismiss the second count; and (3) to strike redundant, immaterial, impertinent or scandalous allegations in the first count as well as the claim for punitive damages. For the following reasons, the motion [doc. # 8] is GRANTED IN PART and DENIED IN PART.

FACTS

The Plaintiff resides at 325 Maple Avenue in Montville, Connecticut (the "Residence"). She has continuously lived there since September 1981. The Residence is located in a residential zone. The Defendants' paper recycling plant (the "Plant") is located directly behind and adjacent to the Residence. During all times relevant to this action, RW Realty has retained control over the plant. Since December 1994, the Defendants have operated the Plant twenty-four hours a day, seven days a week. The Plant and/or the equipment used at the site generate excessive noise, noxious odors and vectors that permeate Pavent's neighborhood.

I. *The Motion For More Definite Statement*

The Defendants maintain that the first count is unintelligible and that they are unable to understand the nature of the claim. The court agrees that the first count, which is entitled "Nuisance," does not comply with the pleading requirements of the Federal Rules and does not give the Defendants fair notice of what the Plaintiff's claim is and the grounds on which it rests. See Fed.R.Civ.P. 8(a)(2).

Connecticut law recognizes several types of nuisance. Nuisances can be public or private and negligent or absolute. *Quinnett v. Newman*, 213 Conn. 343, 348-49 (1990). "A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." *Couture v. Board of Educ. of the Town of Plainfield*, 6 Conn.App. 309, 315 (quoting *Nolan v. New Britain*, 69 Conn. 668, 678 (1897); *Hasset v. Palmer*, 126 Conn. 468, 476 (1940); Croughwell v. *Chase Brass & Copper Co.*, 128 Conn. 110, 112 (1941); *Higgins v. Connecticut Light & Power Co.*, 129 Conn. 606, 611-612 (1943)). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Id.* at 314 (quoting *Webel v. Yale Univ.*, 125 Conn. 515, 524 (1939)). Where "the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." *Quinnett*, 213 Conn. at 348 (citing *Kostyal v. Cass*, 163 Conn. 92, 98-99 (1972)); see also *Stewart v. Federated Dept. Stores, Inc.*, No. CV89 0103721 S, 1991 WL 88068, at *3 (Conn.Super.Ct. May 17, 1991). Where "the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable." *Quinnett*, 213 Conn. at 348 (citing *DeLahunta v. Waterbury*, 134 Conn. 630, 633-634 (1948)). "The only practical distinction between an absolute nuisance and one grounded in **negligence** is that contributory **negligence** is not a defense to the former but may be as to the latter." *Id.* (quoting *Kostyal*, 163 Conn. at 99).

*2 The complaint in this case does not specify whether the alleged nuisance is negligent or absolute. Accordingly, the Defendants' motion for **more definite statement** is granted. The Plaintiff shall file an amended complaint which complies with the

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

pleading requirements of Rules 8(a), 8(e) and 10(b), Fed.R.Civ.P.

II. *The Motion To Dismiss Count Two*

The Defendants move to dismiss count two on the grounds that the Plaintiff has failed to state any factual basis to support the allegation that the Defendants' conduct was wanton and willful. The motion is denied.

The Plaintiff has satisfied the liberal pleading requirements of Rule 8(a), Fed.R.Civ.P., which does not require the detailed factual averments that the Defendants seek. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 47 (1957) ( Rule 8(a)(2) does not require a claimant to set out in detail the facts upon which she bases her claim); *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995) (Rule 8(a)(2) permits plaintiff to plead conclusions).

III. *The Motion to Strike*

The Defendants move to strike the Plaintiff's demand for punitive damages as well as numerous paragraphs of the complaint. Rule 12(f) authorizes a court, upon motion, to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed.R.Civ.P. The decision to strike a pleading rests in the court's discretion, *see* Wright & Miller, § 1382, at 683, and motions for such relief are not favored. *See id.* § 1380, at 647. Indeed, a motion to strike will be denied unless the court finds that the allegation has "no possible relation to the controversy" and will be prejudicial to the moving party. *See id.* § 1382, at 685.

The Defendants' motion to strike the prayer for punitive damages is denied. Connecticut law recognizes punitive damages in tort cases. *See Blouin v. Blouin,* No. CV89 0295774S, 1992 WL 11117, at *30 (Conn.Super.Ct. Jan. 17, 1992) (citing *Collens v. New Cannan Water Co.,* 155 Conn. 477, 488 (1967)). "In order to award punitive ... damages, evidence must reveal reckless indifference to the rights of others or an intentional or wanton violation of those rights." *Id.* (quoting *Venturi v. Savitt Inc.,* 191 Conn. 588, 592 (1983)); *see also Collens,* 155 Conn. at 459-89; Vandersluis v. Weil, 176 Conn. 353, 358 (1978)); *see also Nair v. Thaw,* 156 Conn. 445, 453 (1968). Paragraph 33 of the complaint alleges that the Defendants' behavior was wanton and willful, thereby opening the door to punitive damages.

The Defendants motion to strike paragraph 20, subsection (h) is granted. The Plaintiff concedes that this paragraph is redundant and does not object to its deletion.

The Defendants also move to strike paragraph 20, subsection (i) on the grounds that Pavent's pre-existing condition is immaterial and bears no legal relevance to the allegations of nuisance. The Plaintiff contends that subsection (i) goes to the extent of her injuries. The court finds that this allegation is related to the controversy and that it will not be prejudicial to the Defendants. Accordingly, the motion to strike this paragraph of the complaint is denied.

*3 Finally, the Defendants move to strike paragraph 20, subsection (j) on the grounds that the allegation completely lacks a factual foundation and is irrelevant and immaterial. The motion is denied. The allegation in paragraph 20, subsection (j) is relevant in that it pertains to the Plaintiff's injuries and it does not prejudice the Defendants.

CONCLUSION

For the foregoing reasons, the Defendants' Motion For More Definite Statement, Motion to Dismiss, and Motion to Strike [doc. # 8] is GRANTED IN PART and DENIED IN PART. The Plaintiff shall file an amended complaint consistent with this ruling within twenty-one days.

SO ORDERED 1997 at Bridgeport, Connecticut.

1997 WL 527367, 1997 WL 527367 (D.Conn.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works