FILED

Dec 3   2 35 PM '03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MATTHEW AND CINDY MYSLOW, as
Parents and Natural Guardian of
Minor Plaintiff TRAVIS MYSLOW,

    Plaintiff

VS.                                            CIVIL ACTION NO.
                                               3:03CV00496 (MRK)
NEW MILFORD SCHOOL DISTRICT,
NEW MILFORD BOARD OF EDUCATION,
RAYMOND AVERY, JEANANN PADDYFOTE,
THOMAS MULVIHILL, PAULA KELLEHER,
DENIS DOLAN, JEAN MALCOLM,
JOSEPHINE ROSITANO, ADELE JOHNSON,
DEBORAH SHELLEY, ROBYN VIKLAND,
L. ROBERT RUBIN, M.D., ANNA
ALSHANSKY, M.D., MARTIN
KREMINIJTZER, M.D., DIANA BADILLO-
MARTINEZ, PH.D, TERRY NEU, PH.D.,

    Defendants                               DECEMBER 2, 2003
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND AFFIRMATIVE DEFENSES
OF THE DEFENDANT, TERRY NEU, Ph.D
TO AMENDED COMPLAINT**

*BY WAY OF ANSWER*

1.    So much of paragraph 1 as alleges that the plaintiffs, Matthew and Cindy Myslow (The Myslows), are the parents and natural guardians of the minor plaintiff, Travis Myslow, is admitted. As to the remaining allegations contained in paragraph 1, the defendant has insufficient

|       | |
|-------|---|
|       | knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 2-13. | As to the allegations contained in paragraphs 2 through 13, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 14.   | So much of paragraph 14 as alleges that the defendant, Terry Neu, Ph.D., is a citizen of Connecticut and was hired as an independent educational consultant and is currently employed at Sacred Heart University, located at 5151 Park Avenue in Fairfield, Connecticut, 06432, is admitted. So much of paragraph 14 as alleges that the defendant is a state actor and acted as an agent of the School District and Board of Education is denied. |
| 15-30.| As to the allegations contained in paragraphs 15 through 30, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 31.   | So much of paragraph 31 as alleges that the defendant, Neu, at various times relevant hereto was a member of the |

2

|         | Planning and Placement Team is admitted. As to the remaining allegations contained in paragraph 31, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
|---------|---|
| 32-67.  | As to the allegations contained in paragraphs 32 through 67, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 68.     | So much of paragraph 68 as alleges that the defendant, Neu, per order of the due process hearing officer, was authorized to make any final decisions in the event that the plaintiffs and the defendants School District and their agents could not agree is admitted. As to the remaining allegations contained in paragraph 68, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 69-71.  | The defendant does not plead to the allegations contained in paragraphs 69 through 71, inclusive, as these |

3

|         |                                                                                                                                                                                                 |
|---------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|         | paragraphs call for a legal conclusion.                                                                                                                                                         |
| 72-73.  | As to the allegations contained in paragraphs 72 and 73, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 74-77.  | The defendant does not plead to the allegations contained in paragraphs 74 through 77, inclusive, as these paragraphs call for a legal conclusion.                                              |
| 78-80.  | Paragraphs 78 through 80, inclusive, are denied.                                                                                                                                                |
| 81-82.  | As to the allegations contained in paragraphs 81 and 82, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. |
| 83.     | Paragraph 83 is denied.                                                                                                                                                                         |
| 84.     | As to the allegations contained in paragraph 84, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.      |
| 85-93.  | Paragraphs 85 through 93, inclusive, are denied.                                                                                                                                                |

4

94-97.   As to the allegations contained in paragraphs 94 through 97, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

98-99.   Paragraphs 98 and 99 are denied.

100-101. As to the allegations contained in paragraphs 100 and 101, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

102-103. Paragraphs 102 and 103 are denied.

104-106. As to the allegations contained in paragraphs 104 through 106, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

107.     Paragraph 107 is denied.

108.     As to the allegations contained in paragraph 108, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

109.     As to the allegations contained in paragraph 109, the defendant admits that the plaintiff requested an out of district placement for Travis. As to the remaining allegations contained in paragraph 109, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

110-111. Paragraphs 110 and 111 are denied.

112-116. As to the allegations contained in paragraphs 112 through 116, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

117.     Paragraph 117 is denied.

118-126. As to the allegations contained in paragraphs 118 through 126, inclusive, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

## COUNT I - NEGLIGENCE

127. The defendant incorporates his answers to paragraphs 1 through 26 and makes them the answer to paragraph 127 as if fully set forth herein.

128-132. Paragraphs 128 through 132, inclusive, are denied.

## COUNT II - MEDICAL MALPRACTICE

133-137. The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count II as this Count is not directed to this defendant.

## COUNT III - LACK OF INFORMED CONSENT

138-141. The defendant, Terry Neu, Ph.D., does not plead to the allegations contained in Count III as this Count is not directed to this defendant.

## COUNT IV - FAILURE TO PROVIDE A FREE APPROPRIATE PUBLIC EDUCATION WITHOUT DISCRIMINATION, *INTER ALIA*, UNDER SECTION 504 OF THE REHABILITATION ACT OF 1973

142. The defendant incorporates his answers to paragraphs 1 through 141 of this Complaint and makes them the answer to paragraph 142 as if fully set forth herein.

143-145. As to the allegations contained in paragraphs 143 through 145, inclusive, the defendant has insufficient knowledge

7

or information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

146-148. Paragraphs 146 through 148, inclusive, are denied.

**COUNT V - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

149. The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

150-151. Paragraphs 150 and 151 are denied.

**COUNT VI - VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. SEC.1983**

152. The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

153-154. Paragraphs 153 and 154 are denied.

**COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

155. The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

156-157. Paragraphs 156 and 157 are denied.

8

### COUNT VII [sic] - NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

158.   The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

159-160. Paragraphs 159 and 160 are denied.

### COUNT IX - VIOLATION OF STATUTORY PROVISIONS

160. [sic] The defendant incorporates his answers to all other paragraphs of this Complaint as if fully set forth herein.

161-162. Paragraphs 161 and 162 are denied.

### *BY WAY OF AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE TO COUNTS I AND VII [sic]

The defendant, Terry Neu, Ph.D., asserts that the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and/or that the Court should properly decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c).

### SECOND AFFIRMATIVE DEFENSE TO COUNTS IV, V, VI and IX

The defendant, Terry Neu, Ph.D., asserts that the plaintiffs claims set forth in Counts IV, V, VI, and IX fail to state a claim upon which relief can be granted.

9

### THIRD AFFIRMATIVE DEFENSE TO COUNTS I and VII [sic]

The cause of action set forth in Counts I and VII is barred by the applicable Statute of Limitations, Connecticut General Statutes §52-584.

THE DEFENDANT,
TERRY NEU, PH.D.

By _____
Lewis S. Lerman
   Of
Bai, Pollock, Blueweiss &
   Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06601
(203) 366-7991
#CT 05500

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via U.S. mail, this 2nd day of December, 2003 to:

Deborah G. Stevenson, Esquire
226 East Flag Swap Road
Southbury, CT 06488

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, P.C.
4300 Haddonfield Road Suite 311
Pennsauken, NJ 08109

Thomas W. Edgington, Esquire
Katherine C. Callahan, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123

Royce L. Vehslage, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067-4053

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Richard A. O'Connor, Esquire
Sachner & O'Connor
Crossroad West
765 Straits Turnpike, Bldg. 2, Suite 1001
P.O. Box 1323
Middlebury, CT   06762-1323

_____
Lewis S. Lerman
11