

FILED

DEC 1   8 59 AM '03

U.S. DISTRICT COURT
HAVEN, CONN.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

MATTHEW MYSLOW, ET AL.          :
        Plaintiff          :          CASE NUMBER:
                 :          303CV00496MRK
vs.          :
                 :
DIANA BADILLO-MARTINEZ          :
        Defendant.          :          November 26, 2003

### DEFENDANT BADILLO-MARTINEZ'
### MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO STRIKE

**FACTS:**

On November 6, 2003, this defendant received plaintiff's amended complaint in the above captioned matter. Of the various allegations and counts set forth in the complaint, the plaintiffs' set forth claims against Mr. Martinez based upon: medical malpractice (Count II), violations of Section 504 of the Rehabilitation Act of 1973 (Count IV), violations of the Americans with Disabilities Act (Count V), violation of 42 U.S.C. §1983 (Count VI) and violations of various statutory provisions (Count IX). In each of the counts directed against this defendant the plaintiff has alleged in paragraph 105 that, "in November 2001, the Due Process Hearing Officer issued her decision concluding, inter alia, that the Myslows were prevailing parties; that the evaluation prepared by Dr. Martinez was in appropriate…" The allegation set forth in paragraph 105 which states that the

hearing officer concluded that the evaluation prepared by Dr. Martinez was inappropriate did not appear in the plaintiff's original complaint.

LAW AND ARGUMENT:

Under the Federal Rules of Civil Procedure, rule 12(f) "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The defendant's position in this motion is that the material to be stricken is immaterial and impertinent. In this matter, the defendant bears the burden of showing that the allegations to be stricken are not only immaterial and/or impertinent, but would also prejudice the defendant if allowed to remain in the pleading. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998) and Wine Markets Int'l, Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y. 1998). The Court is vested "broad discretion" in the resolution of motions to strike. Ross-Simons, at 398. While motions to strike are, in general, disfavored by the court, Id at 398, it is this defendant's contention that the granting of this defendant's narrowly focused prayer for relief, is appropriate given the factual context of the material at issue.

The language at issue, which the plaintiff placed into the newly amended complaint, seeks to place into issue in the trial of this matter the findings made by a hearing officer in a wholly separate proceeding to the case now before this Court. Based

upon the nature of the allegations in plaintiff's complaint, the defendant would concede that potentially the findings of the hearing officer referred to in plaintiff's complaint might have relevance as to allegations made against certain parties in this matter, when taken into the context of specific allegations.

In the context of allegations against Dr. Martinez, the quoted language from the hearing officer's conclusion is neither material nor relevant as to the allegations made against Dr. Martinez. Aside from the fact that there is no guidance either in the complaint or the Hearing Officer's decision (which is attached as Exhibit "I" to plaintiff's complaint), as to what the term "inappropriate" meant in the context of her decision, the hearing officer's conclusions are immaterial in this case. What the fact finder concluded in a wholly separate hearing would not be admissible at trial in this case, pursuant to Federal Rule of Evidence 401 and if such an allegation would not be admissible at trial, it would be deemed immaterial for purposes of this motion and its requested release. Lennon v. Seaman, 63 F.Supp.2d 428, 446-47 (S.D.N.Y. 1999).

If the allegation at issue were allowed to remain in the complaint, as to the counts directed against Dr. Martinez, they would allow plaintiff to make reference to allegations which would not be supported by any admissible evidence while, at the same time, prejudicing this defendant. The prejudice against this defendant would be twofold by

allowing such allegations to remain against her as set forth in the complaint. The first, as is evidenced by Exhibit "I" attached to the plaintiff's complaint, and eluded to earlier, nowhere in the complaint or in Exhibit "I" is the term "inappropriate" defined or clarified in any sense. One can argue in the context of the complaint and its attachment, Exhibit "I", that the Hearing Officer's finding of the evaluation prepared by Dr. Martinez as inappropriate merely means it did not address the issues which the co-defendants should have had Dr. Martinez address. On the other hand, a jury might infer that the term inappropriate, as applied to Dr. Martinez' evaluation, was meant to label it as falling below the applicable standard of care as applied to a practitioner in Dr. Martinez' position as a neuropsychologist. Dr. Martinez would be further prejudiced by such an allegation remaining in the complaint because, as argued earlier, there is no admissible evidence supporting this finding by the hearing officer. Further, what that Hearing Officer found or did not find in that hearing, as it relates to Dr. Martinez, would be a collateral matter and as such, is not subject to attack by Dr. Martinez in the trial of the case now before this Court.

CONCLUSION:

Based upon the fact that the allegation at issue would not be supported by any admissible evidence, at least as it would relate to Dr. Martinez, and based upon the clear prejudicial effect upon Dr. Martinez and the potential for confusion by the jury hearing this

matter, it is this defendant's position that the reference to the evaluation prepared by Dr.

Martinez as being inappropriate should be stricken from all counts which relate to Dr.

Martinez in this matter.

DEFENDANT
DIANA BADILLO-MARTINEZ,

By: _____
Jack V. Genovese II
Federal Bar No.: 00573
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT  06067
Telephone: 860-513-3760
Fax: 860-513-3750

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 26th day of November, 2003, to the following counsel of record and pro se parties:

Attorneys for Plaintiffs, Matthew and Cindy Myslow ppa
Travis Myslow
Deborah G. Stevenson
226 East Flag Swamp Road
Southbury, CT  06488

Attorneys for Plaintiffs, Matthew and Cindy Myslow
Alan C. Milstein
Sherman, Silverstein, Kohl, Rose & Podolsky, P.C.
4300 Haddonfield Road
Suite 311
Pennsauken, NJ  08109

Attorneys for Plaintiffs, Matthew and Cindy Myslow
Derek T. Braslow
Sherman, Silverstein, Kohl, Rose & Podolsky, P.C.
4300 Haddonfield Road
Suite 311
Pennsauken, NJ  08109

Attorneys for Co-Defendants, New Milford School District,
New Milford Board of Education
Thomas R. Gerarde, Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Attorneys for Codefendants, Avery, Paddyfote, Mulvihill,
Kelleher, Dolan, Malcolm, Rositano, Johnson, Shelley,
Vikland
Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190

Attorneys for Co-Defendant, L. Robert Rubin, MD
Katherine C. Callahan
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Attorneys for Co-Defendants, Anna Alshansky, MD, Martin
Kreminitzer, MD
Richard A. O'Connor, Christine A. Robinson, Esq.
Sachner & O'Connor
The Crossroads West
765 Straits Turnpike, Bldg.2, Ste. 1001
Middlebury, CT  06762-1323

Attorneys for Co-Defendant, Terry Neu, Ph.D.
Lewis S. Lerman
Law Office of Lewis S. Lerman
8 Wright Street
First Floor
Westport, CT  06880


Jack V. Genovese II