FILED
Dec 12  3 06 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MATHEW AND CINDY MYSLOW, as : 
Parents and Natural Guardian of Minor : 
Plaintiff TRAVIS MYSLOW : NO.: 3:03CV00496 (MRK)
 : 
v. : 
 : 
NEW MILFORD SCHOOL DISTRICT, et al : DECEMBER 11, 2003

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT DATED NOVEMBER 3, 2003

**A.  PARTIES:**

1.   That portion of paragraph 1 which states: "Plaintiffs Mathew and Cindy Myslow (the "Myslows"), are the parents and natural guardians of minor plaintiff, Travis Myslow ("Travis") and are citizens of Connecticut," is admitted. As to the remainder of paragraph 1, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

2.   Paragraphs 2 and 3 are admitted.

3.   That portion of paragraph 4 which states: "Defendant Raymond Avery, who at all times relevant hereto, was a citizen of Connecticut, a Superintendent of New Milford Public Schools" is admitted. As to the remainder of paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

4.  Those portions of paragraph 5 which state: "Defendant JeanAnn Paddyfote is a citizen of Connecticut" and "is currently acting Superintendent of the School District; was formerly and at all times relevant hereto, Director of Pupil Personnel and Assistant Superintendent" are admitted. As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

5.  Those portions of paragraph 6 which state: "Defendant Thomas Mulvihill is a citizen of Connecticut" and "is Assistant Superintendent of the School District" are admitted. As to the remainder of paragraph 6, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

6.  Those portions of paragraph 7 which state: "Defendant Paula Kelleher is a citizen of Connecticut" and "is Principal of John Pettibone Elementary School" are admitted. As to the remainder of paragraph 7, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

7.  Those portions of paragraph 8 which state: "Defendant Denis Dolan is a citizen of Connecticut" and "is Assistant Principal of John Pettibone Elementary School" are admitted. As to the remainder of paragraph 8, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

8. Those portions of paragraph 9 which state: "Defendant Josephine Rositano, is a citizen of Connecticut" and "school psychologist for Pettibone Elementary School" are admitted. As to the remainder of paragraph 9, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

9. Those portions of paragraph 10 which state: "Defendant Jean Malcolm is a citizen of Connecticut" and "is Principal of the Schaghticoke Middle School" are admitted. As to the remainder of paragraph 10, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

10. Those portions of paragraph 11 which state: "Defendant Adele Johnson is a citizen of Connecticut" and "Department chair for Special Education at Schaghticoke Middle School" are admitted. As to the remainder of paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

11. Those portions of paragraph 12 which state: "Defendant Deborah Shelley is a citizen of Connecticut; and a teacher at John Pettibone elementary School" is admitted. As to the remainder of paragraph 12, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

12. That portion of paragraph 13 which states: "Defendant Robyn Vikland is a citizen of Connecticut, at all times relevant hereto, was school nurse at the John

3

Pettibone Elementary School" is admitted. As to the remainder of paragraph 13, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

13.     As to paragraph 14, the defendants deny that Terry Neu, Ph.D., acted as agent of the School District and Board of Education. The defendants admit that Dr. Neu was hired as an independent educational consultant. As to the remainder of paragraph 14, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

14.     As to paragraph 15, the defendants deny that L. Robert Rubin, M.D., "acted in concert with the School District and Board of Education." As to the remainder of paragraph 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

15.     As to paragraph 16, the defendants deny that Anna Alshansky, M.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 16, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

16.     As to paragraph 17, the defendants deny that Martin Kreminitzer, M.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 17, the defendants do not have sufficient knowledge

4

or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

17.    As to paragraph 18, the defendants deny that Diana Badillo-Martinez, Ph.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 18, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**B.    JURISDICTION AND VENUE:**

18.    As to paragraphs 19, 20, 21, 22 and 23, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**C.    NATURE OF THE CASE:**

19.    As to paragraphs 24, 25, 26, and the first paragraph 27, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**D.    FACTS:**

20.    Upon information and belief, second paragraph 26 is admitted.

21.    Paragraphs 27 (second paragraph 27 only), 68, 104, 106, 123, 124, and 125, are admitted.

22.  As to paragraphs 28, 30, 35, 37, 38, 39, 41, 42, 49, 51, 54, 57, 58, 59, 60, 61, 63, 67, 74, 81, 94, 95, 96, 97, 120, and 126, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

23.  As to paragraph 29, the defendants admit that Travis had difficulty reading and writing, and that he exhibited frustration. As to the remainder of paragraph 29, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

24.  As to paragraph 31, the defendants admitt that the PPT made decisions regarding evaluations and Travis' education, developed behavior plans, recommended special education and related services and implemented the IEP for Travis. As to the remainder of paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

25.  Paragraphs 32, first paragraph 34, 36, 47, 48, 50, 62, 78, 79, 80, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 98, 101, 102, 103, 105, 108, 110, and 116, are denied.

26.  As to the first paragraph 44 (page 5), the defendants deny that defendant Rositano rendered a medical diagnosis. As to the remainder of first paragraph 44, the defendants do not answer as the documents referred to speak for themselves.

6

27. As to the second paragraph 34, the defendants admit that Travis' teachers monitored his work and behavior. As to the remainder of the second paragraph 34, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

28. As to paragraph 40, the defendants deny that the School District defendants prescribed Ritalin for Travis. As to the remainder of paragraph 40, the defendants do not answer as the documents referred to speak for themselves.

29. Paragraph 43 is denied. The Myslows had already made an appointment with Dr. Alshansky prior to the PPT meeting.

30. As to the second paragraph 44 (page 6), the defendants admit that the PPT recommended that Travis be evaluated by Dr. Martinez and that the Myslows did not object. The Myslows had already made an appointment with Dr. Alshansky prior to the PPT meeting.

31. Paragraph 45 is admitted. The Myslows provided input regarding the questions posed.

32. The defendants do not respond to paragraphs 46, 69, 70, 75, and 76, because they call for a legal conclusion.

33. The defendants do not answer paragraphs 52, 53, and 113, as the documents referred to speak for themselves.

7

34.  As to paragraph 55, the defendants admit that the PPT agreed to provide a neuropsychological evaluation by Dr. Martinez in March 2001. The remainder of paragraph 55 is denied.

35.  That portion of paragraph 56 which states: "In or about March 2001, Dr. Badillo-Martinez diagnosed Travis as having generalized anxiety disorder, oppositional defiant disorder" is admitted. As to the remainder of paragraph 56, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

36.  As to paragraph 64, the defendants admit that the School District is a recipient of federal and state financial assistance. The remainder of paragraph 64 is denied.

37.  As to paragraph 65, the defendants deny that the defendant physicians were agents of the School District or the Board of Education. As to the remainder of paragraph 65, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

38.  As to paragraph 66, the defendants admit that Dr. Paddyfote acted as administrative designee at one PPT meeting. The defendants deny that Dr. Neu acted as an administrative designee. As to the remainder of paragraph 66, the defendants

8

do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

39.  As to paragraph 71, the defendants admit that Travis was learning disabled and entitled to a free and appropriate public education.

40.  As to paragraph 72, the defendants admit that the PPT identified Travis as learning disabled. As to the remainder of paragraph 72, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

41.  Paragraph 73 is denied. The PPT was responsible for implementing behavior plans as necessary.

42.  As to paragraph 77, the defendants admit that Travis Myslow was identified as learning disabled therefore qualifying him for special education services. The defendants do not answer the remainder of paragraph 77 because it calls for a legal conclusion.

43.  Paragraph 82 is denied. The PPT advised the Myslows that dyslexia falls within the category of learning disabled.

44.  As to paragraph 87, the defendants admit that Travis was promoted to successive grades each year. As to the remainder of paragraph 87, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

45. As to paragraph 99, the defendants admit that the PPT recommended that Travis undergo a psychiatric evaluation. The remainder of paragraph 99 is denied.

46. As to paragraph 100, the defendants admit that Dr. Thies, a neuropsychologist, determined that there was not much supporting evidence for ADHD or ADD, and that Dr. Badillo-Martinez did not believe Travis had ADD, but recommended that he be monitored in order to rule it out. As to remainder of paragraph 100, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

47. That portion of paragraph 107 which states: "he was compelled to take because of the willful, negligent, and reckless actions of the defendants" is denied. As to the remainder of paragraph 107, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

48. As to paragraph 109, the defendants admit that plaintiffs requested an out of district placement for Travis. As to the remainder of paragraph 109, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

10

49. Paragraph 111 is denied. The PPT recommended a psychiatric evaluation.

50. That portion of paragraph 112 which states: "In August 2002 an independent evaluation by Dr. A. Herbert Schwartz concluded that Travis currently suffers from "Situational Anxiety Disorder, secondary to inability to read and write with repeated stressful experiences in the educational setting"," is admitted. The remainder of paragraph 112 is denied.

51. Paragraph 114 is denied. Dr. Thies provided comments regarding a *draft* behavioral plan.

52. As to paragraph 115, the defendants admit that Travis Myslow currently attends Ben Bronz Academy. As to the remainder of paragraph 115, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

53. As to paragraphs 118 and 119, the defendants deny discriminating against Travis on the basis of a disability.

54. As to paragraph 121, the defendants admit that the plaintiffs filed a grievance under the Rehabilitation Act in August, 2002. The remainder of paragraph 121 is denied.

11

55. As to paragraph 122, the defendants admit that the plaintiffs filed a grievance under the Rehabilitation Act in August, 2002. The remainder of paragraph 122 is denied.

**COUNT ONE – <u>Negligence v. The School District Defendants</u>**

56. As to paragraph 127, the answers to paragraphs 1-126 as set out previously are hereby incorporated and made the answers to paragraphs 1-126 of Count One as if fully set forth herein.

57. Paragraphs 128 and 129 are denied.

58. As to paragraph 130, the defendants deny that the school delayed in providing a free appropriate public education and private placement for nearly one year. As to the remainder of paragraph 130, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

59. As to paragraph 131, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

60. That portion of paragraph 132 which states: "As a direct and proximate result of the negligence of the defendants," is denied. As to the remainder of paragraph 132, the defendants do not have sufficient knowledge or information upon

12

which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**COUNT TWO – Medical Malpractice v. Rositano, Rubin, alshansky, Kreminitzer, Martinez:**

61. As to paragraph 133, the answers to paragraphs 1-132 as set out previously are hereby incorporated and made the answers to paragraphs 1-132 of Count Two as if fully set forth herein.

62. Paragraphs 134 and 137 are denied as to defendant Rositano.

Note: There are no paragraphs 135 and 136, therefore, no response is required.

**COUNT THREE – Lack of Informed Consent v. Rubin, Alshansky and Kreminitzer:**

63. These defendants do not answer paragraphs 138 through 141 of Count Three, as it is not directed to them.

**COUNT FOUR – Failure to Provide a Free appropriate Public Education Without Discrimination, *inter alia*, under §504 of the Rehabilitation Act of 1973:**

64. As to paragraph 142, the answers to paragraphs 1-141 as set out previously are hereby incorporated and made the answers to paragraphs 1-141 of Count Four as if fully set forth herein.

65. Paragraphs 143, 144, 145, 146, 147, and 148 are denied.

**COUNT FIVE – <u>Violation of the American with Disabilities Act v. The School District Defendants and Alshansky, Kreminitzer, Martinez and Neu</u>:**

66. As to paragraph 149, the answers to paragraphs 1-148 as set out previously are hereby incorporated and made the answers to paragraphs 1-148 of Count Five as if fully set forth herein.

67. Paragraphs 150 and 151 are denied.

**COUNT SIX – <u>Violation of Constitutional Rights under 52 U.S.C.§1983 v. The School District Defeendants, Alshansky, Kreminitzer, Martinez and Neu</u>:**

68. As to paragraph 151, the answers to paragraphs 1-151 as set out previously are hereby incorporated and made the answers to paragraphs 1-151 of Count Six as if fully set forth herein.

69. Paragraphs 153 and 154 are denied.

**COUNT SEVEN – <u>Intentional Infliction of Emotional Distress v. The School District Defendants and Neu</u>:**

70. As to paragraph 155, the answers to paragraphs 1-154 as set out previously are hereby incorporated and made the answers to paragraphs 1-154 of Count Seven as if fully set forth herein.

71. Paragraphs 156 and 157 are denied.

### COUNT EIGHT (SECOND COUNT SEVEN) – Negligent/Reckless Infliction of Emotional Distress v. The School District Defendants and Neu:

72. As to paragraph 158, the answers to paragraphs 1-157 as set out previously are hereby incorporated and made the answers to paragraphs 1-157 of Count Eight (Second Count Seven) as if fully set forth herein.

73. Paragraph 159 and the first paragraph 160 (page 22) are denied.

### COUNT NINE – Violation of Statutory Provisions:

74. As to the second paragraph 160 (page 23) the answers to paragraphs 1-160 as set out previously are hereby incorporated and made the answers to paragraphs 1-160 of Count Nine as if fully set forth herein.

75. Paragraphs 161 and 162 are denied.

### BY WAY OF AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEVENSE:

The plaintiffs have failed to state a cause of action against the school defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEVENSE:

The plaintiffs' claims against the individual school defendants are barred by the doctrine of qualified immunity.

15

**THIRD AFFIRMATIVE DEVENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of governmental immunity both at common law and pursuant to Connecticut General Statute §52-557n.

**FOURTH AFFIRMATIVE DEVENSE**:

The plaintiffs fail to state a claim upon which relief may be granted against the New Milford School District and the New Milford Board of Education because a governmental subdivision in Connecticut may never be liable for the intentional acts of its subordinates. See Connecticut General Statute § 52-557n.

**FIFTH AFFIRMATIVE DEVENSE**:

The plaintiffs' claims against the school defendants are barred by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEVENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of res judicata.

**SEVEN AFFIRMATIVE DEVENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of collateral estoppel.

**EIGHTH AFFIRMATIVE DEVENSE**:

The plaintiffs' claims against the school defendants are barred because the

16

plaintiffs have failed to exhaust their available administrative remedies under the Individuals with Disabilities and Education Act.

### NINETH AFFIRMATIVE DEVENSE:

The Court lacks subject matter jurisdiction in that the plaintiffs have failed to exhaust their available administrative remedies.

>DEFENDANTS,
>NEW MILFORD SCHOOL DISTRICT,
>NEW MILFORD BOARD OF EDUCATION,
>RAYMOND AVERY, JEANANN
>PADDYFOTE, THOMAS MULVIHILL,
>PAULA KELLEHER, DENIS DOLAN,
>JEAN MALCOLM, JOSEPHINE
>ROSITANO, ADELE JOHNSON,
>DEBORAH SHELLEY, and ROBYN
>VIKLAND
>
>By_/s/ Alexandria L. Voccio_
>Alexandria L. Voccio
>ct21792
>Howd & Ludorf
>65 Wethersfield Avenue
>Hartford, CT 06114
>(860) 249-1361
>(860) 249-7665 (Fax)
>E-mail: avoccio@hl-law.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U. S. Mail to the following counsel of record this 11th day of December, 2003.

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT  06488

Richard A. O'Connor, Esquire
Christine A. Robinson, Esquire
Sachner & O'Conner
The Crossroads West
765 Straits Turnpike, Bldg 2, Ste, 1001
Middlebury, CT  06762-1323

Katherine C. Callahan, Esquire
Thomas W. Edgington, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

Royce L. Vehslage, Esquire
Jack V. Genovese, II, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT  06067

Jeffrey Blueweiss, Esquire
Lewis S. Lerman, Esquire
Bai, Pollock, Blueweiss & Mulahey
10 Middle Street
Bridgeport, CT  06604


                                             */s/ Alexandria L. Voccio*
                                             Alexandria L. Voccio