UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATHEW AND CINDY MYSLOW, as :
Parents and natural guardian of minor :
Plaintiff TRAVIS MYSLOW :
:
Plaintiffs, :
:
v. :
: Civil Action No. :
NEW MILFORD SCHOOL DISTRICT, et al.: 3:03CV00496 (MRK)
:
Defendants :

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DIANA BADILLO MARTINEZ' MOTION TO STRIKE

Courts should not tamper with the pleadings unless there is a strong reason for so doing. Nagler v. Admiral Corp., 248 F.2d 319, 325 (2d Cir. 1957); Atlantic City Electric Co. v. General Electric Co., 207 F. Supp. 620, 623 (S.D.N.Y. 1962). Evidentiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings. Usually, questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. Neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone. Id. at 627. Federated Dept. Stores, Inc. v. Grinnell Corp., 287 F.Supp. 744, 747 (S.D.N.Y. 1968); ABT Sightseeing Tours v. Gray Line, 242 F. Supp. 365, 369 (S.D.N.Y. 1965).

The standard for striking under Rule 12(f) is strict. "[O]nly allegations that are 'so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense' should be striken." EEOC v. Ford Motor Co., 529 F. Supp. 643, 644 (D. Col. 1982) (quoting C. Wright & A. Miller, Federal Practice and Procedure §1380 at 784 (1969).). Similarly, immateriality under this rule has been defined as "any matter having no value

in developing the issues of a case." Oaks v. City of Fairhope, Ala., 515 F. Supp. 1004, 1032 (S.D. Ala. 1981).

Defendants' arguments overlook the fact that the hearing officer's decision is material and relevant to the appropriateness of Dr. Martinez' diligence, diagnosis and recommended treatment of the minor plaintiff. This section of the complaint speaks for itself and so does the hearing officer's report, which is attached to the complaint. Contrary to defendants' bald assertions that the hearing officer's report is inadmissible under Federal Rule of Evidence 401, without providing any legal basis or citing any case, the fact that a term in the hearing officer's report may be ambiguous does not deem it irrelevant. At trial, it will be up to a jury to determine the weight of the evidence and conclude how and if defendant's conduct was negligent. The hearing officer's decision that the defendant's evaluation was inappropriate is probative of the appropriateness of the evaluation and whether defendant lived up to the standard of care in her profession. At a minimum, at this stage of the litigation, it would be inappropriate to rule anything irrelevant unless it was scandalous or had absolutely nothing to do with the case. The findings of the hearing officer may turn out to be unnecessary, however, the content of those findings is not "so unrelated to plaintiffs' claims" as to warrant striking them under Rule 12(f).

**Respectfully submitted,**

**SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY**

BY: _____
Derek T. Braslow (ct24614)
4300 Haddonfield Road, Suite 311
Pennsauken, New Jersey 08109
Telephone: (856) 662-0700
FAX: (856) 665-0322

**DATE**

## CERTIFICATE OF SERVICE

I, Derek T. Braslow Esquire, hereby certify that a true and correct copy of the within Plaintiffs' Memorandum of Law In Opposition to Defendant Diana Badillo Martinez, Motion to Strike was served on the following via US First Class Mail:

Thomas R. Gerarde, Esquire
**Howd & Ludorf**
65 Wethersfield Avenue
Hartford, CT 06114-1190
Attorney for Defendants:
**New Milford School District, New Milford Board of Education, Raymond Avery, JeanAnn Paddyfote, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Josephine Rositano, Jean Malcolm, Adele Johnson, Deborah Shelley, Robyn Vikland.**

Katherine C. Callahan, Esquire
**Updike Kelly & Spellacy, P.C.**
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Attorney for Defendant:
**Robert Rubin, M.D.**

Jeffrey A. Blueweiss
**Bai, Pollock, Blueweiss & Mulcahey**
10 Middle Street
Bridgeport, CT 06604
Telephone: (203) 366-7991
Attorney for Defendant:
**Terry Neu, Ph.D.**

Richard A. O'Connor, Esquire
Christine Robinson, Esquire
**Sachner & O'Connor**
The Crossroads West
765 Straits Turnpike
Building 2 - Suite1001
Middlebury, CT 06762-1323
Telephone: (203) 598-7585
Attorney for Defendants:
**Anna Alshansky, M.D.**
**Martin Kreminitzer, M.D.**

Royce L. Vehslage, Esquire
**Genovese Vehslage & Chapman**
500 Enterprise Drive
Rocky Hill, CT 06067
Telephone: (860) 513-3760
Attorney for Defendant:
**Diana Badillo-Martinez, PhD.**

**Date: December 22, 2003**

Derek T. Braslow, Esquire