FILED

Jan 6 10 20 AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as Parents and Natural Guardian of Minor Plaintiff, TRAVIS MYSLOW<br><br>Plaintiffs<br><br>v.<br><br>NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANNE PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, ROBYN VIKLAND, L. ROBERT RUBIN, M.D., ANNA ALSHANSKY, M.D., MARTIN KREMINITZER, M.D., DIANA BADILLO-MARTINEZ, Ph.D., TERRY NEU, Ph.D.<br><br>Defendants | Case No: 3:03CV496(MRK)<br><br><br><br><br><br><br><br><br><br><br><br>JANUARY 2, 2004 |

## OBJECTION TO SECOND AMENDED COMPLAINT

The defendants, Anna Alshansky, M.D. and Martin Kreminitzer, M.D., hereby object to the Second Amended Complaint filed by the plaintiffs in that such Second Amended Complaint does not comply with the Order of this Court dated December 2, 2003 in response to the defendants Motion for More Definite Statement. This Second Amended Complaint constitutes the second attempt by plaintiffs to set forth specifically the basis for any claims against these defendants under Federal Statutes so as to address the pending Motions to Dismiss and to warrant the Court's exercise of the claims at this juncture under the ancillary

jurisdiction provisions. The amendment to the pleadings is also being done so as to afford the defendants not only an ability to plead to the allegations asserting supplement jurisdiction, but to afford the defendants an opportunity to make a meaningful decision and report to the Court as to the necessity for discovery as to jurisdictional issues. This Second Amended Complaint fails to clarify in any manner the nature of the claims being brought against these defendants and leaves the defendants and the Court in no better position as to the nature and basis of the claims attempted to be asserted as to the defendants.

The touchstone of a Motion for More Definitive Statement is a pleading that is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading. The Motion for More Definitive Statement is appropriate if a pleading is so unclear or ambiguous that drafting a response is impossible. The circumstances warranting the Court's granting of the defendants' Motion for More Definitive Statement still appertains despite the filing of a Second Amended Complaint by the plaintiffs.

More specifically, the Second Amended Complaint is deficient in the following manner. Initially, how the plaintiffs have utterly failed to specify the nature of the official capacity in which Dr. Alshansky and Dr. Kreminitzer are being sued in Paragraphs 16 and 17. The plaintiffs have simply amended Paragraphs 16 and 17 so as to assert "Alshansky acted in her official capacity during any and all times she acted as an agent of the School District and Board of Education . . . Kreminitzer acted in his official capacity during any and all times he acted as an agent of the School District and Board of Education." This amendment adds nothing to the substantive allegations and provides the defendants with

2

absolutely no information as to the nature of the capacity under which these defendants are being sued. The plaintiffs do not assert the basis for any claim of agency between the School District, Board of Education and these defendants nor do they set forth the official capacity with regard to the school system under which these defendants were acting.

In addition, pursuant to Court order, the plaintiffs amended Paragraphs 67 and 74 to specifically exclude Dr. Alshansky and Dr. Kreminitzer from the defendants who are alleged to have been recipients of Federal and State financial assistance. The plaintiffs have also specifically excluded, quite appropriately, Dr. Alshansky and Dr. Kreminitzer from the defendants who are alleged to have been obligated to provide a free and appropriate education for Travis Myslow free from discrimination due to his disabilities. Despite these clarifications, the plaintiffs in their Second Amended Complaint continue to assert in Count Four of the Second Amended Complaint a cause of action directed to these defendants for failure to provide a free appropriate public education without discrimination, inter alia, under Section 504 of the Rehabilitation Act of 1973. Consequently, the Second Amended Complaint does nothing to clarify the nature of the claim attempted to be asserted as to these defendants. Amending one section of the Complaint to clarify that these defendants did not have a legal obligation to provide a free and appropriate public education and yet maintaining a count in the Complaint listing these defendants is clearly ambiguous and inconsistent and does not comply with the Court's order.

The plaintiffs in their Second Amended Complaint have listed Dr. Kreminitzer and Dr. Alshansky as defendants allegedly responsible for violation of the Americans with

3

Disabilities Act. The plaintiffs do nothing in said count to assert the basis for the claimed propriety of an allegation of violation of the Americans with Disabilities Act as to these defendants and hence these defendants are still without a basis to respond to this allegation. The prohibition of discrimination by reason of disability under the Americans with Disabilities Act is a prohibition against discrimination ". . . by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182a. These defendants clearly do not fall within the gambit of the prohibition under the Americans with Disabilities Act and the plaintiffs have done nothing in the Second Amended Complaint to make a colorable claim against these defendants.

Finally, the plaintiffs have failed to comply with the Court order to allege the specific actions of Dr. Alshansky and Dr. Kreminitzer alleged to make them liable for a violation of a Section 1983 claim as premised upon 42 U.S.C. §1983. Therein it provides, in pertinent part, that "[e]very person who, under color of any statue, ordinance, regulation, custom or usage . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. §1983. Properly construed, Section 1983 "supplies a private right of action against a person who, under color of State law, deprives another of rights secured by the Constitution or by Federal law." Evans vs. Avery, 100 F.3d 1033, 1036 (1st Cir. 1996) To maintain such a cause of action, plaintiff must first allege official conduct, that is, the occurrence of some act or admission undertaken under color of State law. Roche vs. John Hancock Mutual Life Insurance Company, 81 F.3d 249, 253 (First Cir. 1996). The

plaintiffs must also allege that the defendants' acts or omissions deprived them of a federally secured right. Baker vs. McCollan, 443 U.S. 137, 142 (1979).

The plaintiffs have amended Count Six of their Complaint by inserting Paragraphs 154 to 158 in said Count ostensibly in response to the Court's order that they assert the actions of Dr. Alshansky and Dr. Kreminitzer alleged to make them liable to plaintiffs for violation of Section 1983. Paragraphs 154 through 156 were Paragraphs 44 to 46 of the First Amended Complaint challenged by the Motion for More Definitive Statement and have simply been reinserted here in Count Six. In Paragraphs 157 to 158 the plaintiffs allege that the actions Drs. Alshansky and Kreminitzer "effectively contributed to the School District defendants' discrimination of Travis Myslow". These allegations do nothing to constitute the legally required allegations of State action and a deprivation of the federally protected right. This is particularly true whereas here, the plaintiffs have already alleged and admitted that these defendants did not in fact have an obligation to provided the minor plaintiff with a free and appropriate public education.

The defendants herein have filed this objection to the plaintiffs' Second Amended Complaint because said Complaint puts them in no better position then they were in at the time the plaintiffs' filed their First Amended Complaint with regard to understanding the very basic nature of the Federal claims. This is particularly problematic to the defense given the fact that the jurisdiction of this Court has been challenged by Motions to Dismiss that these amended pleadings are attempting to address. It is further problematic to the defense that with the continued ambiguous and inconsistent pleading by the plaintiffs the defendants

are not in a position to intelligently request of the Court the right to take jurisdictional discovery.

Consequently, the defendants respectfully request that the Court sustain the Objection to the Second Amended Complaint and order the plaintiffs to fully comply with the Order of this Court on the defendants' Motion for More Particular Statement so that the defendants are in a position to intelligently plead to the allegations and to seek jurisdictional discovery if necessary so as to address the jurisdictional issue posed by the Motions to Dismiss and to move forward with this matter.

DEFENDANTS,
MARTIN KREMINITZER, M.D.
ANNA ALSHANSKY, M.D.

_____
Christine A. Robinson
Richard A. O'Connor
Fed. Bar No. 06082
SACHNER & O'CONNOR
The Crossroads West
765 Straits Turnpike, Bldg. 2, Ste. 1001
P.O. Box 1323
Middlebury, CT 06762-1323
Telephone: 203-598-7585
Fax: 203-598-7595

## **CERTIFICATION OF SERVICE**

This is to certify that the foregoing was mailed on this date to the following:

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky
Fairway Corporate Center
4300 Haddonfield Road, Ste. 311
Pennsauken, NJ 08109

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT 06488

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Royce L. Vehslage, Esquire
Jack V. Genovese, II, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

Katherine C. Callahan, Esquire
Thomas W. Edgington, Esquire
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123-1277

Lewis Lerman, Esquire
Jeffrey A. Blueweiss, Esquire
Bai, Pollock, Blueweiss & Mulcahey
10 Middle Street
Bridgeport, CT 06601

_____
Christine A. Robinson