UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mathew and Cindy Myslow, as parents and natural guardian of minor plaintiff Travis Myslow | : : : : |
| Plaintiffs, | : NO.   3:03cv0496 (MRK) |
| v. | : : : |
| New Milford School District, et al | : : |
| Defendants. | : |

## ORDER

The Court having considered Plaintiff's Second Amended Complaint [doc. #70] and Defendant Alshansky and Kreminitzer's Objection to Second Amended Complaint [doc. #72], which will be construed as another Motion for More Definite Statement, the Objection to the Second Amended Complaint is DENIED. Rule 12(e) of the Federal Rules of Civil Procedure allows a party to make a motion for more definite statement when the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Here, although the Defendants seek additional facts about Plaintiff's claim, the Court cannot find that the Second Amended Complaint fails to meet the requirement of Rule 8, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8. If Defendants require further details about the nature of Plaintiff's claim, Defendants can obtain that information during discovery, and if the Plaintiff is unable to adduce sufficient facts to support his

claim, Defendants can move to dispose of the claims on their merits at the dispositive motion stage.

Furthermore, in light of Plaintiff's Second Amended Complaint, Defendant Rubin's Motion to Dismiss [doc. #30] and Defendants Alshansky and Kreminitzer's Motion to Dismiss [doc. #41] are both DENIED. Plaintiff has made sufficient allegations about the nature of the doctors' interaction with the School District for the state law claims to "'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

                              IT IS SO ORDERED.

                          /s/        Mark R. Kravitz

                                U.S.D.J.

Dated at New Haven, Connecticut: January 30, 2004