UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATHEW AND CINDY MYSLOW, as          :
Parents and Natural Guardian of Minor :
Plaintiff, TRAVIS MYSLOW             :
                                     :
            Plaintiffs               :    Case No:  3:03CV496(MRK)
                                     :
v.                                   :
                                     :
NEW MILFORD SCHOOL DISTRICT,         :
NEW MILFORD BOARD OF EDUCATION,      :
RAYMOND AVERY, JEANNE PADDYFOTE,     :
THOMAS MULVIHILL, PAULA KELLEHER,    :
DENIS DOLAN, JEAN MALCOLM,           :
JOSEPHINE ROSITANO, ADELE JOHNSON,   :
DEBORAH SHELLEY, ROBYN VIKLAND,      :
L. ROBERT RUBIN, M.D.,               :
ANNA ALSHANSKY, M.D.,                :
MARTIN KREMINITZER, M.D.,            :
DIANA BADILLO-MARTINEZ, Ph.D.,       :
TERRY NEU, Ph.D.                     :

            Defendants               :    FEBRUARY 10, 2004

## DEFENDANTS ALSHANSKY AND KREMINITZERS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

The following Defendants, Anna Alshansky, M.D. and Martin Kreminitzer, M.D.,

hereby provide their responses to plaintiff's Second Amended Complaint:

**A. PARTIES:**

1. The Defendants, Martin Kreminitzer, M.D. and Anna Alshansky, M.D., lack

sufficient information upon which to form a belief as to the truth of the allegations contained

in paragraph 1 and therefore leave the plaintiffs to their proof.

2.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 2 and therefore leave the plaintiffs to their proof.

3.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 3 and therefore leave the plaintiffs to their proof.

4.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 4 and therefore leave the plaintiffs to their proof.

5.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 5 and therefore leave the plaintiffs to their proof.

6.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 6 and therefore leave the plaintiffs to their proof.

7.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 7 and therefore leave the plaintiffs to their proof.

8.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 8 and therefore leave the plaintiffs to their proof.

9. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 9 and therefore leave the plaintiffs to their proof.

10. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 10 and therefore leave the plaintiffs to their proof.

11. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 11 and therefore leave the plaintiffs to their proof.

12. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 12 and therefore leave the plaintiffs to their proof.

13. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 13 and therefore leave the plaintiffs to their proof.

14. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 14 and therefore leave the plaintiffs to their proof.

15. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 15 and therefore leave the plaintiffs to their proof.

16. The defendant, Anna Alshansky, M.D., admits so much of paragraph 16 as alleges that she is a citizen of Connecticut and is a physician in private practice doing business at Associated Neurologists, P.C., with an office at 69 Sand Pit Road, Suite 300 in Danbury, Connecticut 06810. The defendant, Anna Alshansky, M.D., denies so much of paragraph 16 as alleges that at all times relevant hereto, she acted as an agent and/or in concert with the school district and Board of Education. As to the remainder of the allegations of paragraph 16, this defendant lacks sufficient information upon which to form a belief as to the truth of the allegations, and therefore leaves the plaintiffs to their proof.

17. The defendant, Martin Kreminitzer, M.D., admits so much of the allegations of paragraph 17 as allege that he is a citizen of Connecticut and is a physician in private practice doing business at Associated Neurologists, P.C. with an office at 69 Sand Pit Road, Suite 300, in Danbury, Connecticut, 06810. The defendant denies so much of paragraph 17 as alleges that at all times relevant hereto he acted as an agent and/or in concert with the school district and Board of Education. As to the remainder of the allegations of paragraph 17, this defendant lacks sufficient information upon which to form a belief as to the truth of the matters asserted, and therefore, leaves the plaintiffs to their proof.

18. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 18 and therefore leave the plaintiffs to their proof.

4

**B. JURISDICTION AND VENUE:**

19. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 19 and therefore leave the plaintiffs to their proof.

20. Paragraph 20 is denied.

21. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 21 and therefore leave the plaintiffs to their proof.

22. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 22 and therefore leave the plaintiffs to their proof.

23. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 23 and therefore leave the plaintiffs to their proof.

**C. NATURE OF THE CASE:**

24. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 24 and therefore leave the plaintiffs to their proof.

25. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 25 and therefore leave the plaintiffs to their proof.

26. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 26 and therefore leave the plaintiffs to their proof.

27. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 27 and therefore leave the plaintiffs to their proof.

**D. FACTS:**

28. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 28 and therefore leave the plaintiffs to their proof.

29. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 29 and therefore leave the plaintiffs to their proof.

30. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 30 and therefore leave the plaintiffs to their proof.

31. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 31 and therefore leave the plaintiffs to their proof.

32. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 32 and therefore leave the plaintiffs to their proof.

33. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 33 and therefore leave the plaintiffs to their proof.

34. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 34 and therefore leave the plaintiffs to their proof.

35. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 35 and therefore leave the plaintiffs to their proof.

36. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 36 and therefore leave the plaintiffs to their proof.

37. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 37 and therefore leave the plaintiffs to their proof.

38. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 38 and therefore leave the plaintiffs to their proof.

7

39. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 39 and therefore leave the plaintiffs to their proof.

40. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 40 and therefore leave the plaintiffs to their proof.

41. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 41 and therefore leave the plaintiffs to their proof.

42. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 42 and therefore leave the plaintiffs to their proof.

43. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 43 and therefore leave the plaintiffs to their proof.

44. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 44 and therefore leave the plaintiffs to their proof.

45. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 45 and therefore leave the plaintiffs to their proof.

46. Upon information and belief, paragraph 46 is denied. Upon information and belief, the plaintiff informed the Defendants that she self-referred her son. As to the remainder of paragraph 46, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

47. Upon information and belief, paragraph 47 is denied. Upon information and belief, the plaintiff informed these Defendants that she self-referred her son. As to the remainder of paragraph 47, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

48. Upon information and belief, paragraph 48 is denied. It is, however, admitted that after Dr. Alshansky's evaluation, she received a list of questions from the PPT Team. As to the remainder of paragraph 48, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

49. Upon information and belief, paragraph 49 is denied as the plaintiff's bill for the defendant's evaluation was initially submitted to her private insurance carrier and paid to the defendants. The defendant further denies that she was an agent of the defendant Board of Education or School Board. As to the remainder of paragraph 49, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

9

50. Paragraph 50 is denied.

51. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 51 and therefore leave the plaintiffs to their proof.

52. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 52 and therefore leave the plaintiffs to their proof.

53. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 53 and therefore leave the plaintiffs to their proof.

54. The defendant, Dr. Anna Alshansky, admits so much of paragraph 54 as alleges that she agreed with the previously reached diagnosis of Travis as having ADHD and prescribed Adderall and/or Dexedrine. The defendant denies any implication that this was the sole conclusion reached by Dr. Alshansky and further denies that she is the first healthcare provider to conclude Travis met the criteria for ADHD.

55. The Defendants admit that on October 27 2000, Dr. Alshansky, by letter to defendant Dr. Rubin, agreed with the diagnosis of ADHD. The Defendants also admit that the October 27, 2000 letter from Dr. Alshansky to Dr. Rubin stated, "Behavior check lists filled by the teachers were suggestive of inattentiveness, hyperactivity and impulsivity . . . on the basis of this evaluation, the patient was diagnosed with attention deficit hyperactivity . . . Given all the information provided to me, I agree that the diagnosis of attention deficit

10

hyperactivity disorder." As to the remainder of Paragraph 55, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

56. Paragraph 56 is admitted.

57. With respect to paragraph 57, the Defendants admit that on December 4, 2000, Dr. Kreminitzer prescribed Dexedrine 5 mg to Travis Myslow. As to the remainder of Paragraph 57, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

58. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 58 and therefore leave the plaintiffs to their proof.

59. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 59 and therefore leave the plaintiffs to their proof.

60. Dr. Kreminitzer admits that after examining Travis Myslow in April of 2001 he prescribed Concerta for Travis and concluded that the Ritalin, Adderall and Dexedrine made Travis hyperactive. Dr. Kreminitzer also admits to having read Dr. Badillo-Martinez' report prior to prescribing the Concerta. As to the remainder of paragraph 60, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

11

61. The Defendants, Dr. Alshansky and Dr. Kreminitzer, hereby deny the allegations of Paragraph 61, as same is directed to them.

62. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 62 and therefore leave the plaintiffs to their proof.

63. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 63 and therefore leave the plaintiffs to their proof.

64. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 64 and therefore leave the plaintiffs to their proof.

65. The Defendants, Dr. Alshansky and Dr. Kreminitzer deny they acted under the color of state law as agents of Defendants School District, Board of Education or the PPT Team when they evaluated Travis and/or prescribed medication for him.  As to the remainder of Paragraph 65, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore leave the Plaintiffs to their proof.

66. The Defendants, Dr. Alshansky and Dr. Kreminitzer, deny that they acted in such a manner as to lead the Plaintiffs to believe that they were acting under the color of state law as agents of Defendants School District and Board of Education when they evaluated Travis and/or prescribed medication for him.  As to the remainder of Paragraph 66, the Defendants

12

lack insufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore leave the Plaintiffs to their proof.

67. The Defendants, Dr. Alshansky and Dr. Kreminitzer admit that they were not recipients of federal and/or state financial assistance. As to the remainder of Paragraph 67, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore leave the Plaintiffs to their proof.

68. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 68 and therefore leave the plaintiffs to their proof.

69. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 69 and therefore leave the plaintiffs to their proof.

70. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 70 and therefore leave the plaintiffs to their proof.

71. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 71 and therefore leave the plaintiffs to their proof.

72. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 72 and therefore leave the plaintiffs to their proof.

13

73.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 73 and therefore leave the plaintiffs to their proof.

74.  With respect to Paragraph 74, the Defendants, Dr. Alshansky and Dr. Kreminitzer, admit that they were not at any time relevant to the Complaint, obligated to provide a free and appropriate education to Travis.  As to the remainder of Paragraph 74, the Defendants lack sufficient information upon to form a belief as to the truth of the allegations contained therein, and therefore leave the Plaintiffs to their proof.

75.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 75 and therefore leave the plaintiffs to their proof.

76.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 76 and therefore leave the plaintiffs to their proof.

77.  The Defendants, Dr. Alshansky and Dr. Kreminitzer, admit that at the time of their evaluations, they concluded that there were learning disabilities, including dyslexia, involved with the Plaintiff, Travis Myslow.  As to the remainder of the allegations of Paragraph 77, these Defendants lack sufficient information upon which to form a belief as to the truth of the matter as asserted, and therefore leave the Plaintiffs to their proof.

14

78. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 78 and therefore leave the plaintiffs to their proof.

79. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 79 and therefore leave the plaintiffs to their proof.

80. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 80 and therefore leave the plaintiffs to their proof.

81. The allegations of Paragraph 81 are denied to the extent that same are directed to the Defendants.

82. The allegations of Paragraph 82 are denied to the extent that same are directed to the Defendants.

83. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 83 and therefore leave the plaintiffs to their proof.

84. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 84 and therefore leave the plaintiffs to their proof.

15

85. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 85 and therefore leave the plaintiffs to their proof.

86. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 86 and therefore leave the plaintiffs to their proof.

87. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 87 and therefore leave the plaintiffs to their proof.

88. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 88 and therefore leave the plaintiffs to their proof.

89. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 89 and therefore leave the plaintiffs to their proof.

90. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 90 and therefore leave the plaintiffs to their proof.

91. The allegations of Paragraph 91 are denied to the extent same are directed to these Defendants.

16

92.  The allegations of Paragraph 92 are denied to the extent same are directed to these Defendants.

93.  The allegations of Paragraph 93 are denied to the extent same are directed to these Defendants.

94.  The allegations of Paragraph 94 are denied to the extent same are directed to these Defendants.

95.  The allegations of Paragraph 95 are denied to the extent same are directed to these Defendants.

96.  The allegations of Paragraph 96 are denied to the extent same are directed to these Defendants.

97.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 97 and therefore leave the plaintiffs to their proof.

98.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 98 and therefore leave the plaintiffs to their proof.

99.  The Defendants deny Paragraph 99.

100.  The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 100 and therefore leave the plaintiffs to their proof.

17

101. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 101 and therefore leave the plaintiffs to their proof.

102. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 102 and therefore leave the plaintiffs to their proof.

103. The Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 103 and therefore leave the plaintiffs to their proof.

104. The Defendants, Dr. Alshansky and Dr. Kreminitzer, deny the allegations of Paragraph 104 to the extent the same alleges a misdiagnosis by these Defendants. As to the remainder of the allegations of Paragraph 104, the Defendants lack sufficient information upon which to form a belief as to the matters asserted and therefore leave the Plaintiffs to their proof.

105. The allegations of Paragraph 105 are denied to the extent that same are directed to these Defendants.

106. The allegations of Paragraph 106 are denied to the extent that same are directed to these Defendants.

107. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 107 and therefore leave the plaintiffs to their proof.

18

108.  The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 108 and therefore leave the plaintiffs to their proof.

109.  The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 109 and therefore leave the plaintiffs to their proof.

110.  The allegations of Paragraph 110 are denied to the extent that it alleges that the Defendant, Dr. Alshansky and Dr. Kreminitzer, were negligent and reckless in their care and treatment of Travis Myslow.  As to the remainder of Paragraph 110, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein, and therefore leave the Plaintiffs to their proof.

111.  The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 111 and therefore leave the plaintiffs to their proof.

112.  The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 112 and therefore leave the plaintiffs to their proof.

113.  The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 113 and therefore leave the plaintiffs to their proof.

19

114. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 114 and therefore leave the plaintiffs to their proof.

115. The Defendants deny so much of paragraph 115 as alleges a misdiagnosis on their part. As to the remainder of the allegations of paragraph 115, these Defendants lack sufficient information upon which to form a belief as to the truth of the matters asserted and therefore leave the plaintiffs to their proof.

116. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 116 and therefore leave the plaintiffs to their proof.

117. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 117 and therefore leave the plaintiffs to their proof.

118. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 118 and therefore leave the plaintiffs to their proof.

119. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 119 and therefore leave the plaintiffs to their proof.

120. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 120 and therefore leave the plaintiffs to their proof.

121. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 121 and therefore leave the plaintiffs to their proof.

122. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 124 and therefore leave the plaintiffs to their proof.

123. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 123 and therefore leave the plaintiffs to their proof.

124. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 124 and therefore leave the plaintiffs to their proof.

125. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 125 and therefore leave the plaintiffs to their proof.

126. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 126 and therefore leave the plaintiffs to their proof.

127. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 127 and therefore leave the plaintiffs to their proof.

128. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 128 and therefore leave the plaintiffs to their proof.

129. . The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 129 and therefore leave the plaintiffs to their proof.

**COUNT 1 – Negligence**

130. The defendants incorporate by reference the responses to all other paragraphs of this Complaint as if fully set forth herein.

131. The allegations of Paragraph 131 are denied to the extent to the extent that same are directed to these Defendants.

132. The allegations of Paragraph 132 are denied to the extent that same are directed to these Defendants.

133. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 133 and therefore leave the plaintiffs to their proof.

134. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 134 and therefore leave the plaintiffs to their proof.

22

135. The allegations of Paragraph 135 are denied.

**COUNT II – Medical Malpractice**

136. The Defendants incorporate by reference the responses to our other paragraphs of this Complaint as if fully set forth herein.

137. The allegations of Paragraph 137 are denied.

138. The allegations of Paragraph 138 are denied.

**COUNT III – Lack of Informed Consent**

139. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

140. The allegations of Paragraph 140 are denied.

141. The allegations of Paragraph 141 are denied.

142. The allegations of Paragraph 142 are denied.

**COUNT IV – Failure to Provide a Free and Appropriate Public Education Without Discrimination, inter alia, under §504 of the Rehabilitation Act of 1973**

143. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

144. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 144 and therefore leave the plaintiffs to their proof.

23

145. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 145 and therefore leave the plaintiffs to their proof.

146. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 146 and therefore leave the plaintiffs to their proof.

147. The allegations of Paragraph 147 are denied.

148. The allegations of Paragraph 148 are denied.

149. The allegations of Paragraph 149 are denied.

**COUNT V – Violation of the American with Disabilities Act**

150. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth therein.

151. The allegations of Paragraph 151 are denied.

152. The allegations of Paragraph 152 are denied.

**COUNT IV – Violation of Constitutional Rights Under 42 U.S.C. §1983**

153. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

154. Upon information and belief, the allegations of paragraph 154 are denied as to these Defendants. As to the remainder of paragraph 154, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

24

155. Upon information and belief, the allegations of paragraph 155 are denied. As to the remainder of paragraph 155, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

156. It is admitted that after Dr. Alshansky's evaluation of Travis Myslow she received a list of questions from the PPT Team. As to the remainder of paragraph 156, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

157. The allegations of Paragraph 157 are denied as to these Defendants. As to the remainder of paragraph 157, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

158. It is denied that the Defendants Drs. Alshansky and Kreminitzer misdiagnosed Travis Myslow. It is further denied that these Defendants had a duty to provide him with an education or discriminated against him. As to the remainder of paragraph 158, the Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore leave the plaintiffs to their proof.

159. The defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 159 and therefore leave the plaintiffs to their proof.

25

160. The allegations of Paragraph 160 are denied to the extent applicable to these Defendants.

161. The allegations of Paragraph 161 are denied to the extent applicable to these Defendants.

## COUNT VII – Intentional Infliction of Emotional Distress

162. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

163. The allegations of Paragraph 163 are denied to the extent applicable to these Defendants.

164. The allegations of Paragraph 164 are denied to the extent applicable to these Defendants.

## COUNT VIII – Negligent/Reckless Infliction of Emotional Distress

165. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

166. The allegations of Paragraph 166 are denied to the extent applicable to these Defendants.

167. The allegations of Paragraph 167 are denied to the extent applicable to these Defendants.

## COUNT IX – Violation of Statutory Provisions

168. The Defendants incorporate by reference their responses to all other paragraphs of this Complaint as if fully set forth herein.

26

169. The allegations of Paragraph 169 are denied to the extent applicable to these Defendants.

170. The allegations of Paragraph 170 are denied to the extent applicable to these Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE TO COUNTS 1, 2, 3, 7, and 8

The Defendants Dr. Alshansky and Dr. Kreminitzer hereby assert a lack of jurisdiction pursuant to 28 U.S.C. §1367(a) and/or that the Court is properly to decline the exercise of supplemental jurisdiction pursuant to 28 U.S.C. §1367(c).

### SECOND AFFIRMATIVE DEFENSE TO COUNTS 1, 2, 4, 5, 6, 8, and 9

The Defendants, Dr. Alshansky and Dr. Kreminitzer, hereby assert that the plaintiff's claims in the aforesaid counts fail to state a claim upon which relief can be granted as to these Defendants.

### THIRD AFFIRMATIVE DEFENSE TO COUNTS 1, 2, 3, and 8

The defendant, Dr. Alshansky alleges that the causes of action asserted in the aforesaid counts are time barred by the applicable statute of limitations embodied in C.G.S. §52-584.

### JURY CLAIM

The Defendants hereby demand a trial by jury of all issues in this case.

27

DEFENDANTS,
MARTIN KREMINITZER, M.D.
ANNA ALSHANSKY, M.D.

Christine A. Robinson
Fed. Bar No. 18976
SACHNER & O'CONNOR
The Crossroads West
765 Straits Turnpike, Bldg. 2, Ste. 1001
P.O. Box 1323
Middlebury, CT 06762-1323
Telephone: 203-598-7585
Fax: 203-598-7595

## CERTIFICATION OF SERVICE

This is to certify that the foregoing was mailed on this date to the following:

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky
Fairway Corporate Center
4300 Haddonfield Road, Ste. 311
Pennsauken, NJ 08109


Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT 06488

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

28

Royce L. Vehslage, Esquire
Jack V. Genovese, II, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT 06067

Katherine C. Callahan, Esquire
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123-1277

Lewis Lerman, Esquire
Jeffrey A. Blueweiss, Esquire
Bai, Pollock, Blueweiss & Mulcahey
10 Middle Street
Bridgeport, CT 06601


Christine A. Robinson

29