UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as Parents and Natural Guardian of Minor Plaintiff TRAVIS MYSLOW : : : | NO.: 3:03CV00496 (MRK) |
| v. : : | |
| NEW MILFORD SCHOOL DISTRICT, et al : | MARCH 16, 2005 |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT**

**A.   PARTIES**:

     1.    That portion of paragraph 1 which states: "Plaintiffs Mathew and Cindy Myslow (the "Myslows"), are the parents and natural guardians of minor plaintiff, Travis Myslow ("Travis") and are citizens of Connecticut," is admitted. As to the remainder of paragraph 1, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

     2.    Paragraphs 2 and 3 are admitted.

     3.    That portion of paragraph 4 which states: "Defendant Raymond Avery, who at all times relevant hereto, was a citizen of Connecticut, a Superintendent of New Milford Public Schools" is admitted. As to the remainder of paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

4. Those portions of paragraph 5 which state: "Defendant JeanAnn Paddyfote is a citizen of Connecticut" and "is currently acting Superintendent of the School District; was formerly and at all times relevant hereto, Director of Pupil Personnel and Assistant Superintendent" are admitted. As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

5. Those portions of paragraph 6 which state: "Defendant Thomas Mulvihill is a citizen of Connecticut" and "is Assistant Superintendent of the School District" are admitted. As to the remainder of paragraph 6, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

6. Those portions of paragraph 7 which state: "Defendant Paula Kelleher is a citizen of Connecticut" and "is Principal of John Pettibone Elementary School" are admitted. As to the remainder of paragraph 7, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

7. Those portions of paragraph 8 which state: "Defendant Denis Dolan is a citizen of Connecticut" and "is Assistant Principal of John Pettibone Elementary School" are admitted. As to the remainder of paragraph 8, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

8.  Those portions of paragraph 9 which state: "Defendant Josephine Rositano, is a citizen of Connecticut" and "school psychologist for Pettibone Elementary School" are admitted. As to the remainder of paragraph 9, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

9.  As to paragraph 10, the defendants admit that Jean Malcolm was formerly the Principal of Schaghticoke Middle School. As to the remainder of paragraph 10, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

10. As to paragraph 11, the defendants admit that Adele Johnson is the Supervisor of Special Education. As to the remainder of paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

11. As to paragraph 12, the defendants admit that Deborah Shelley was formerly a teacher at John Pettibone Elementary School. As to the remainder of paragraph 12, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

12. That portion of paragraph 13 which states: "Defendant Robyn Vikland is a citizen of Connecticut, at all times relevant hereto, was school nurse at the John Pettibone Elementary School" is admitted. As to the remainder of paragraph 13, the

defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

13. As to paragraph 14, the defendants deny that Terry Neu, Ph.D., acted as agent of the School District and Board of Education. The defendants admit that Dr. Neu was hired as an independent educational consultant. As to the remainder of paragraph 14, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

14. As to paragraph 15, the defendants deny that L. Robert Rubin, M.D., "acted in concert with the School District and Board of Education." As to the remainder of paragraph 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

15. As to paragraph 16, the defendants deny that Anna Alshansky, M.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 16, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

16. As to paragraph 17, the defendants deny that Martin Kreminitzer, M.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 17, the defendants do not have sufficient knowledge

or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

  17. As to paragraph 18, the defendants deny that Diana Badillo-Martinez, Ph.D., "acted as agent of and/or in concert with the School District and Board of Education." As to the remainder of paragraph 18, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**B.** **JURISDICTION AND VENUE**:

  18. As to paragraphs 19, 20, 21, 22 and 23, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**C.** **NATURE OF THE CASE**:

  19. As to paragraphs 24, 25, 26 and 27, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**D.** **FACTS**:

  20. Upon information and belief, paragraph 28 is admitted.

  21. Paragraphs 29, 71, 107, 109, 126, 127 and 128 are admitted.

  22. As to paragraphs 30, 32, 40, 41, 42, 44, 45, 52, 54, 57, 59, 60, 61, 62, 63, 64, 66, 70, 77, 84, 97, 98, 99, 100, 118 and 129, the defendants do not have

sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

23. As to paragraph 31, the defendants admit that Travis had difficulty reading and writing, and that he exhibited frustration. As to the remainder of paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

24. As to paragraph 33, the defendants admit that the PPT made decisions regarding the evaluation and education of Travis, developed behavior plans, recommended special education and related services and implemented the IEP for Travis. As to the remainder of paragraph 33, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

25. Paragraphs 34, 36, 39, 50, 51, 53, 65, 81, 82, 83, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 101, 104, 105, 106, 108, 111, 113, 119 and 120, are denied.

26. As to paragraph 35, the defendants deny that defendant Rositano rendered a medical diagnosis. As to the remainder of paragraph 35, the defendants do not answer as the documents referred to speak for themselves.

27. As to the paragraph 37, the defendants admit that Travis' teachers monitored his work and behavior. The defendants deny that their conduct was an attempt to diagnose Travis with ADD or ADHD. As to the remainder of the paragraph

37, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

28.	As to the paragraph 38, the defendants deny that their conduct was an attempt to diagnose Travis with ADD or ADHD.  As to the remainder of paragraph 38, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

29.	As to paragraph 43, the defendants deny that the School District defendants prescribed Ritalin for Travis.  As to the remainder of paragraph 43, the defendants do not answer as the documents referred to speak for themselves.

30.	Paragraph 46 is denied.  The Myslows had already made an appointment with Dr. Alshansky prior to the PPT meeting.  The PPT agreed to the evaluation.

31.	As to paragraph 47, the defendants admit that the PPT recommended that Travis be evaluated by Dr. Martinez and that the Myslows did not object to said evaluation.  The Myslows had already made an appointment with Dr. Alshansky prior to the PPT meeting.

32.	Paragraph 48 is admitted with clarification.  The Myslows provided input regarding the questions posed.

33	The defendants do not respond to paragraphs 49, 72, 73, 78 and 79, because they call for a legal conclusion.

34.	The defendants do not answer paragraphs 55, 56 and 116, as the documents referred to speak for themselves.

35.  Paragraph 58 is denied with clarification.  The PPT agreed to provide a neuropsychological evaluation by Dr. Martinez in March 2001.

36.  As to paragraph 67, the defendants admit that the School District is a recipient of federal and state financial assistance.  The remainder of paragraph 67 is denied.

37.  As to paragraph 68, the defendants deny that the defendant physicians were agents of the School District or the Board of Education. As to the remainder of paragraph 68, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

38.  As to paragraph 69, the defendants admit that Dr. Paddyfote acted as administrative designee at one PPT meeting.  The defendants deny that Dr. Neu acted as an administrative designee.  As to the remainder of paragraph 69, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

39.  As to paragraph 74, the defendants admit that Travis was learning disabled and entitled to a free and appropriate public education.

40.  As to paragraph 75, the defendants admit that the PPT identified Travis as learning disabled.  As to the remainder of paragraph 75, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

41.  Paragraph 76 is denied with clarification.  The PPT was responsible for

implementing behavior plans as necessary.

42. As to paragraph 80, the defendants admit that Travis Myslow was identified as learning disabled therefore qualifying him for special education services. The defendants do not answer the remainder of paragraph 80 because it calls for a legal conclusion.

43. Paragraph 85 is denied. The PPT advised the Myslows that dyslexia falls within the category of learning disabled.

44. As to paragraph 90, the defendants admit that Travis was promoted to successive grades each year. As to the remainder of paragraph 90, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

45. Paragraph 102 is denied with clarification. The PPT recommended that Travis undergo a psychiatric evaluation.

46. As to paragraph 103, the defendants admit that Dr. Thies, a neuropsychologist, determined that there was not much supporting evidence for ADHD or ADD, and that Dr. Badillo-Martinez did not believe Travis had ADD, but recommended that he be monitored in order to rule it out. As to remainder of paragraph 103, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

47. That portion of paragraph 110 which states: "he was compelled to take because of the willful, negligent, and reckless actions of the defendants" is denied. As

to the remainder of paragraph 110, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

48. As to paragraph 112, the defendants admit that plaintiffs requested an out of district placement for Travis. As to the remainder of paragraph 112, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

49. Paragraph 114 is denied. The PPT recommended a psychiatric evaluation.

50. That portion of paragraph 115 which states: "In August 2002 an independent evaluation by Dr. A. Herbert Schwartz concluded that Travis currently suffers from "Situational Anxiety Disorder, secondary to inability to read and write with repeated stressful experiences in the educational setting"," is admitted. The remainder of paragraph 115 is denied.

51. Paragraph 117 is denied. Dr. Thies provided comments regarding a *draft* behavioral plan.

52. As to paragraph 121, the defendants deny discriminating against Travis on the basis of a disability. As to the remainder of paragraph 121, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

53. As to paragraph 122, the defendants deny discriminating against Travis on the basis of a disability. As to the remainder of paragraph 122, the defendants do

not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

54. As to paragraph 123, the defendants deny discriminating against Travis on the basis of a disability. As to the remainder of paragraph 123, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

55. As to paragraph 124, the defendants admit that the plaintiffs filed a grievance under the Rehabilitation Act in August 2002. The defendants deny discriminating against Travis on the basis of a disability.

.   56. As to paragraph 125, the defendants admit that the plaintiffs filed a grievance under the Rehabilitation Act in August 2002. The defendants deny discriminating against Travis on the basis of a disability.

**COUNT ONE – <u>Negligence v. The School District Defendants</u>**

57. As to paragraph 130, the answers to paragraphs 1-129 as set forth previously are hereby incorporated and made the answers to Count One as if fully set forth herein.

.   58. Paragraphs 131 and 132 are denied.

59. As to paragraph 133, the defendants deny that the school delayed in providing a free appropriate public education and private placement for nearly one year. As to the remainder of paragraph 133, the defendants do not have sufficient

knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

60. As to paragraph 134, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

61. That portion of paragraph 135 which states: "As a direct and proximate result of the negligence of the defendants," is denied. As to the remainder of paragraph 135, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**COUNT TWO – Medical Malpractice v. Rositano, Rubin, Alshansky, Kreminitzer, Martinez**:

62. As to paragraph 136, the answers to paragraphs 1-135 as set forth previously are hereby incorporated and made the answers to Count Two as if fully set forth herein.

63. Paragraphs 137 and 138 are denied as to defendant Rositano.

**COUNT THREE – Lack of Informed Consent v. Rubin, Alshansky and Kreminitzer**:

64. These defendants do not answer paragraphs 139 through 142 of Count Three, as it is not directed to them.

**COUNT FOUR – <u>Failure to Provide a Free appropriate Public Education Without Discrimination, *inter alia*, under §504 of the Rehabilitation Act of 1973</u>:**

65.   As to paragraph 143, the answers to paragraphs 1-142 as set forth previously are hereby incorporated and made the answers to Count Four as if fully set forth herein.

66.   Paragraphs 144, 145, 146, 147, 148 and 149 are denied.

**COUNT FIVE – <u>Violation of the American with Disabilities Act v. The School District Defendants and Alshansky, Kreminitzer, Martinez and Neu</u>:**

67.   As to paragraph 150, the answers to paragraphs 1-149 as set forth previously are hereby incorporated and made the answers to Count Five as if fully set forth herein.

68.   Paragraphs 151 and 152 are denied.

**COUNT SIX – <u>Violation of Constitutional Rights under 52 U.S.C.§1983 v. The School District Defendants, Alshansky, Kreminitzer, Martinez and Neu</u>:**

69.   As to paragraph 153, the answers to paragraphs 1-152 as set forth previously are hereby incorporated and made the answers to Count Six as if fully set forth herein.

70.   Paragraphs 154, 155, 156, 159, 160 and 161 are denied.

71.   As to paragraph 157, the defendants deny discriminating against Travis Myslow. As to the remainder of paragraph 157, the defendants do not have sufficient

knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

71. As to paragraph 158, the defendants deny discriminating against, and failing to provide an appropriate education to, Travis Myslow. As to the remainder of paragraph 158, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leave the plaintiffs to their burden of proof.

**COUNT SEVEN – Intentional Infliction of Emotional Distress v. The School District Defendants and Neu**:

72. As to paragraph 162, the answers to paragraphs 1-161 as set forth previously are hereby incorporated and made the answers to Count Seven as if fully set forth herein.

73. Paragraphs 163 and 164 are denied.

**COUNT EIGHT – Negligent/Reckless Infliction of Emotional Distress v. The School District Defendants and Neu**:

74. As to paragraph 165, the answers to paragraphs 1-164 as set forth previously are hereby incorporated and made the answers to Count Eight as if fully set forth herein.

75. Paragraphs 166 and 167 are denied.

**COUNT NINE – <u>Violation of Statutory Provisions</u>**:

76. As to paragraph 168, the answers to paragraphs 1-167 as set forth previously are hereby incorporated and made the answers to Count Nine as if fully set forth herein.

76. Paragraphs 169 and 170 are denied.

## BY WAY OF AFFIRMATIVE DEFENSES

**<u>FIRST AFFIRMATIVE DEFENSE</u>**:

The plaintiffs have failed to state a cause of action against the school defendants upon which relief may be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**:

The plaintiffs' claims against the individual school defendants are barred by the doctrine of qualified immunity.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**:

The plaintiffs' claims against the school defendants are barred by the doctrine of governmental immunity both at common law and pursuant to Connecticut General Statute §52-557n.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**:

The plaintiffs fail to state a claim upon which relief may be granted against the New Milford School District and the New Milford Board of Education because a governmental subdivision in Connecticut may never be liable for the intentional acts of its subordinates. <u>See</u> Connecticut General Statute § 52-557n.

**FIFTH AFFIRMATIVE DEFENSE**:

The plaintiffs' claims against the school defendants are barred by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of res judicata.

**SEVEN AFFIRMATIVE DEFENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**:

The plaintiffs' claims against the school defendants are barred because the plaintiffs have failed to exhaust their available administrative remedies under the Individuals with Disabilities and Education Act.

**NINTH AFFIRMATIVE DEFENSE**:

The Court lacks subject matter jurisdiction in that the plaintiffs have failed to exhaust their available administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**:

The plaintiffs' claims against the school defendants are barred by the doctrine of sovereign immunity.

DEFENDANTS,
NEW MILFORD SCHOOL DISTRICT,
NEW MILFORD BOARD OF EDUCATION,
RAYMOND AVERY, JEANANN
PADDYFOTE, THOMAS MULVIHILL,
PAULA KELLEHER, DENIS DOLAN,
JEAN MALCOLM, JOSEPHINE
ROSITANO, ADELE JOHNSON,
DEBORAH SHELLEY, and ROBYN
VIKLAND


By<u>/s/Alexandria L. Voccio</u>
   Alexandria L. Voccio
   ct21792
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-mail: <u>avoccio@hl-law.com</u>

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 16th day of March, 2005.

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT  06488

Derek T. Braslow, Esquire
Alan C. Milstein, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

Richard A. O'Connor, Esquire
Christine A. Robinson, Esquire
Sachner & O'Conner
The Crossroads West
765 Straits Turnpike, Bldg 2, Ste, 1001
Middlebury, CT  06762-1323

Stephen P. Brown, Esquire
Brian  Del Gatto, Esquire
Wilson Elser Moskowitz Edelman &
Dicker, LLP
263 Tresser Boulevard One Stamf
Stamford, CT 06901

Katherine C. Callahan, Esquire
Benjamin J. Berger, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Jeffrey Blueweiss, Esquire
Lewis S. Lerman, Esquire
Bai, Pollock, Blueweiss & Mulcahey, P.C.
One Corporate Drive
Shelton, CT 06484

/s/Alexandria L. Voccio
Alexandria L. Voccio