UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATHEW AND CINDY MYSLOW, ET AL | : | NO.: 3:03CV00496 (MRK) |
| | : | |
| v. | : | |
| | : | |
| NEW MILFORD SCHOOL DISTRICT, ET AL | : | AUGUST 10, 2005 |

**MOTION TO PRECLUDE EXPERT TESTIMONY OF PETER BREGGIN, MD**

**BY DEFENDANTS NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANANN PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, and ROBYN VIKLAND**

**I. BACKGROUND AND FACTS**

.

The above named defendants submit this motion to preclude plaintiff's psychiatric expert, Peter Breggin, MD, from testifying as to whether these defendants violated the applicable standard of care. This case involves the provision of special education and related services to the plaintiff, a student currently enrolled in the New Milford School District. See also Defendants' Motion for Summary Judgment and Memorandum of Law. Travis began his educational career in this district in the 2nd grade. His second grade teacher, Mrs. Church identified that he had reading and writing difficulties, and referred him to a PPT for possible special education intervention. The PPT referred

ORAL ARGUMENT IS REQUESTED

the plaintiff to the school psychologist for an evaluation, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 et seq. ("IDEA").  The IDEA requires school districts to identify and evaluate students in need of special education services.  Id.  The defendant school psychologist, Josephine Rositano, completed a psychological evaluation of the plaintiff on March 3 and 5, 1998.  (**Exhibit A**). She performed a number of tests including the Wechsler Intelligence Scale for Children, the Bender Visual Motor Gesalt Test and administered the Child Symptom Inventories, Attention Deficit Disorders Evaluation Scale and ACTeRs parent Rating Scale and ACTeRs Teacher Rating Scale and Sentence Completion Drawing Interview.

    Ms. Rositano's evaluation found that Travis was functioning in Average to High Average intelligence; better development in verbal skills than perceptual motor skills; poor problem solving skills; and strength in verbal abstract reasoning skills and timed paper and pencil tasks; weaknesses in visual alertness and visual motor integration, as well as indicating a child with characteristics of Attention Deficit/ Hyperactivity Disorder (Combined Type) and comorbid oppositional defiant disorder and dysthymic disorder.

    As a result of Ms. Rositano's evaluation, Travis began receiving special education services through an Individualized Education Plan ("IEP").  Defendant Robyn Vikland was the school nurse and administered Travis' prescribed medication.  The other

defendants were either administrators or teachers who participated in plaintiff's PPT meetings.

## II. LAW and ARGUMENT

In Connecticut, expert testimony is required to establish whether a defendant has breached the standard of care. Law v. Camp, 116 F. Supp.2d 295, 307 (2000). Through expert testimony, a plaintiff must establish: (1) the applicable standard of care, (2) the defendant's breach of that standard, and (3) that the breach proximately caused the injury.  Id., citing Pisel v. Stamford Hosp. ,180 Conn. 314, 334-42 (1980). Expert testimony is required in all cases where "the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors." LePage v. Horne, 262 Conn. 116, 125 (2002); Santopietro v. New Haven, 239 Conn. 207 (1996).  In Santopietro, the Connecticut Supreme Court held that the plaintiff was required to offer expert testimony on the standard of care of a little league umpire, even though the refereeing was generally performed by parents of the participants.   Similarly, in LePage, the Connecticut Supreme Court required the plaintiff to produce expert testimony on the standard of care for attending to a sleeping infant so as to prevent SIDS.  Id. at 118.  The Court required the expert testimony with particularly, over the plaintiff's argument that "tending to sleeping infants" was a common experience which required no expert testimony.  Id. at 125-6. The Court determined that the standard of

care in that case was "knowledge that the risk of SIDS associated with leaving an infant sleeping in the prone position is sufficiently great so as to make it reasonable foreseeable that SIDS may occur, thereby requiring the caretaker to take appropriate preventative measures." Id. at 126.  Therefore, in this case, the plaintiff must produce expert of testimony in the standard of care of the defendant school officials.

At the outset, it should be noted that plaintiff's expert, Dr. Breggin, has no opinions as to the negligence of Raymond Avery, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Jean Malcolm, Adele Johnson, Deborah Shelley and Robyn Vikland. **Exhibit B**, Deposition Transcript of Peter Breggin, MD, pp. 52-53.  Plaintiff has not offered any other expert testimony as to these defendants. Therefore, the plaintiff will be unable to establish that these defendants were negligent, requiring judgment in the defendants' favor.  Law v. Camp, supra, 116 F. Supp.2d at 307.

The remaining two defendants and the school district are charged by Dr. Breggin as not teaching Travis to read, by ignoring his reading difficulties and focusing on his ADHD behaviors, a form of "educational malpractice". **Exhibit B**,  pp. 62, 72-74, 75-81, 84.  He also finds fault with the way Dr. Paddyfote worded a letter she sent on behalf of the PPT for a neurologic evaluation. Id., p. 86.  As he explained, the "central issue" in this case is that the school district defendants did not properly teach Travis to read.  Id., pp. 370-371.  Notwithstanding that there is no such claim in Connecticut, the plaintiff is unable to establish an "educational malpractice" claim under the applicable

4

standard of care because he has not produced any educational expert.  Breggin is not a qualified educational expert.

> The test is whether the proposed expert knows what the applicable standard of care is and can evaluate the defendant's conduct against that standard. *Fitzmaurice v. Flynn,* 167 Conn. 609, 617-18, 356 A.2d 887 (1975). Our Supreme Court has held that "an expert must show more than a 'casual familiarity' with the standards of the specialty in question." *Davis v. Margolis,* supra, at 416, 576 A.2d 489. It is the knowledge that the witness possesses, not the source of that knowledge, that determines eligibility to provide expert testimony. Id., at 417, 576 A.2d 489; *Young v. Rutkin,* supra, 79 Conn.App. at 359, 830 A.2d 340. In order to render an expert opinion, the witness must be qualified to do so, and there must be a factual basis for the opinion. *624 *State v. Asherman,* 193 Conn. 695, 716, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S.Ct. 1749, 84 L.Ed.2d 814 (1985).
>
> <u>Glaser v. Pullman and Comley, LLC</u>  88 Conn.App. 615, 623-624 (Conn.App.,2005)

Breggin is a medical doctor, not an educator. He has never been employed by a school district.  **Exhibit B** at 17.   He has never been employed as a school psychologist.  <u>Id.</u> He performed none of his own testing and has never even met Travis.  <u>Id.</u>, p. 22.  He is not an expert in education. <u>Id.</u>, p. 16.  He knows nothing about educational methodology or how the teaching methods used to teach children. <u>Id.</u>, p. 17.  He has never worked in a public school, nor has he been employed as a school counselor, director of pupil personnel services (special education) and has not written any peer reviewed articles on learning disabilities, dysgraphia or dyslexia (the conditions plaintiff claims he suffers from).  <u>Id.</u>, p. 18.  He has never testified on the standard of care of a school psychologist or director of pupil personnel  <u>Id.</u>, pp. 38-39.

He does not even know what methods were used to teach Travis; he has never observed him in the classroom nor has he been to the school. Id., pp. 25, 77. He has never testified as to whether a school district met the standards under the IDEA. Id., p. 74. Although he praises the Ben Bronz Academy's education of Travis, a private facility paid for by the school district, he knows nothing about what methods were used there. Id., p. 369. He did not even attempt a psychiatric evaluation of Travis which arguably may have been within the realm of expertise. Id., p. 268.

Simply put, Dr. Breggin's testimony is nothing more than a regurgitation of the parents' claims of dissatisfaction of the school system and the plaintiff's special education programming received in New Milford. Thus, in this context, Dr. Breggin possesses no specialized knowledge which will assist the jury in determining the facts of the case or standard of care to be applied to school officials. See, Fed. R. Evid. 702. Therefore, his testimony should be excluded.

As the plaintiff has not put forth a qualified educational expert or the standard of care, defendants are entitled to judgment as a matter of law.

        DEFENDANTS,
        NEW MILFORD SCHOOL DISTRICT,
        NEW MILFORD BOARD OF EDUCATION,
        RAYMOND AVERY, JEANANN
        PADDYFOTE, THOMAS MULVIHILL,
        PAULA KELLEHER, DENIS DOLAN,
        JEAN MALCOLM, JOSEPHINE
        ROSITANO, ADELE JOHNSON,
        DEBORAH SHELLEY, and ROBYN
        VIKLAND

By_____
   Melinda A. Powell, Esq.
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  mpowell@hl-law.com
   ct17049

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 10th day of August, 2005.

Deborah G. Stevenson, Esquire  
226 East Flag Swamp Road  
Southbury, CT 06488

Alan C. Milstein, Esquire  
Michael Dube, Esquire  
4300 Haddonfield Road, Suite 311  
Pennsauken, NJ 08109

Richard A. O'Connor, Esquire  
Christine A. Robinson, Esquire  
Leslie Gold, Esquire  
Sachner & O'Conner  
The Crossroads West  
765 Straits Turnpike, Bldg 2, Ste, 1001  
Middlebury, CT 06762-1323

Jeffrey Blueweiss, Esquire  
Lewis S. Lerman, Esquire  
Bai, Pollock, Blueweiss & Mulcahey, P.C.  
One Corporate Drive  
Shelton, CT 06484

Katherine C. Callahan, Esquire  
Benjamin J. Berger, Esquire  
Updike, Kelly & Spellacy, P.C.  
One State Street  
P.O. Box 231277  
Hartford, CT 06123-1277

_____  
Melinda A. Powell