UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as<br>Parents and Natural Guardian of Minor<br>Plaintiff, TRAVIS MYSLOW | :<br>:<br>:<br>: |
| Plaintiffs | : Case No: 303CV00496(MRK)<br>: |
| v. | :<br>: |
| NEW MILFORD SCHOOL DISTRICT,<br>NEW MILFORD BOARD OF EDUCATION,<br>RAYMOND AVERY, JEANNE PADDYFOTE,<br>THOMAS MULVIHILL, PAULA KELLEHER,<br>DENIS DOLAN, JEAN MALCOLM,<br>JOSEPHINE ROSITANO, ADELE JOHNSON,<br>DEBORAH SHELLEY, ROBYN VIKLAND,<br>L. ROBERT RUBIN, M.D.,<br>ANNA ALSHANSKY, M.D.,<br>MARTIN KREMINITZER, M.D.,<br>DIANA BADILLO-MARTINEZ, Ph.D.,<br>TERRY NEU, Ph.D. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants | : AUGUST 12, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS
ANNA ALSHANSKY, M.D. & MARTIN KREMINITZER, M.D.**

The Defendants, Dr. Anna Alshansky and Dr. Martin Kreminitzer, have moved for summary judgment on Counts 2 and 3 of Plaintiff's Amended Complaint on the grounds that the counts are barred by the applicable Statute of Limitations, C.G.S. §52-584.  The defendants have also moved for summary judgment on Counts 4, 5, 6, and 9 on the grounds that the plaintiffs have no basis to maintain actions against either of these defendants in federal court.  These defendants are two private physicians who treated a private patient; all

parties are Connecticut residents and citizens, this is a straightforward medical malpractice case against Drs. Kreminitzer and Alshansky that should not be litigated in federal court.

I. **PROCEDURAL HISTORY AND BACKGROUND**

On March 19, 2003, plaintiff commenced this action. This action was originally brought in ten counts against, among others, Dr. Anna Alshansky and Dr. Martin Kreminitzer. The Amended Complaint contains allegations of negligence directed at Dr. Alshansky and Dr. Kreminitzer as cited above. (Complaint attached at Exhibit A.)

The action asserts that these defendants acted as agents for the New Milford School District and Board of Education and makes federal claims pursuant to §504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act and 42 U.S.C. §1983. These claims relate to the claim of a failure to provide the minor-plaintiff a free and appropriate education. Plaintiffs allege that these defendants' evaluation and treatment resulted in physical symptoms, psychological and emotional harm, and a denial of an education with any meaningful benefit. The moving defendants answered on June 30, 2003 asserting as special defenses the lack of subject matter jurisdiction pursuant to 28 U.S.C. §1367, a failure to state claims upon which relief can be granted, and, as to Dr. Alshansky, a barring of claims by the two year statute of limitations. (Answer is attached at Exhibit B.)

There are no constitutional rights and remedies against these private physician defendants. They are not agents of the government. Given the opportunity through interrogatories, plaintiffs have submitted no evidence to the contrary. (See interrogatory answers dated June 4, 2004 attached at Exhibit C.) Plaintiffs' responses presume that these

physician defendants communicated with the New Milford School District about the minor-plaintiff, that they were influenced by the School District's prior findings and that these physicians also influenced the School District's future decisions regarding the minor-plaintiff's educational course. However, plaintiffs have no evidence to support these presumptions. The affidavits attached as Exhibits D and E clearly state that these physicians never spoke to anyone associated with the New Milford School District about Travis Myslow, and made independent evaluations and recommendations. The plaintiffs elected not to depose Dr. Alshansky and Dr. Kreminitzer. The discovery phase of this matter has concluded; the case is to be trial ready 30 days after this motion is decided. Summary judgment should be granted before these defendants are required to attend several days or weeks of trial and incur the expenses of legal counsel to defend them during the same.

Plaintiffs have never been precluded from bringing claims in state court against the private physicians. In fact, there is a saving statute that explicitly tolls the statute of limitations to allow the plaintiffs to bring suit in state court against defendants who were timely served in the federal matter. 28 USC §1367(d).

## II.    UNDISPUTED FACTS

The claims against these pediatric neurologists arise out of two office visits in the treatment of a child who had been previously diagnosed and treated for Attention Deficit Hyperactivity Disorder. One of the office visits occurred on October 27, 2000 with Dr. Alshansky and the other occurred on April 24, 2001 with Dr. Kreminitzer.

At the first visit, Dr. Alshansky undertook an evaluation of the plaintiff and prescribed a limited dosage of the medication Adderall.  (See medical reports and office notes attached at Exhibit F.)  **Several days after** Dr. Alshansky evaluated the minor-plaintiff and completed her recommendations, she received a letter from the School District indicating that the school had certain inquiries regarding his condition.  (Letter from Dr. Jean Paddyfote to Dr. Alshansky dated November 1, 2000 attached at Exhibit G.)  Irrespective of the letter, Dr. Alshansky did not alter her original evaluation or recommendations, based upon her independent evaluation of the plaintiff on October 27, 2000.  (Affidavit of Dr. Anna Alshansky, attached at Exhibit D,¶ 4.)

Plaintiff took the Adderall for five days only.  (See Cindy Myslow's, plaintiff-mother's, deposition testimony, p. 171 attached at Exhibit H.)  On November 13, 2000, plaintiff's mother reported that the medication made her son sick, pale and act like a zombie.  (See Exhibit F.)  Plaintiff's father agreed.  He advised that the Adderall was one of the worst medicines that Travis took, that the medicine made him physically sick immediately after taking it.  (Deposition testimony of Mr. Myslow, pp.113-114 attached at Exhibit I.)  Plaintiff's mother called the office on December 4, 2000.  Dr. Alshansky ordered a prescription for Dexedrine.  The Dexedrine was administered for less than a month.  (See Exhibit H, p. 270.)  On December 4, 2000, it was decided that Travis' care with Dr. Alshansky would conclude and the patient would be transferred to Dr. Kreminitzer.  (See Exhibit F, Exhibit H, p. 265.)  On April 24, 2001, the Myslow's sought care from Dr. Kreminitzer, who prescribed a limited dose of the medication, Concerta.  (See Exhibit F)  The

4

plaintiff took 13 doses of Concerta. (Deposition of Peter Breggin, p. 328 attached at Exhibit J.) Travis Myslow did not return to school in the fall, but rather received homebound instruction due to ongoing disagreement between the family and the school about his educational course. Hearings were held and the minor was sent to a private school program at the Ben Bronz Academy.

### III.    LAW AND ARGUMENT

The undisputed facts illustrate that there is no basis to proceed against Dr. Alshansky because plaintiffs failed to bring the cause of action within two years of treatment and the allegedly actionable harm. Additionally, summary judgment should be granted for both of these defendants because the only claims against them arise out of Connecticut law and statute, and are not properly before the federal court. The defendants do not meet the requirements of the federal statutes that plaintiffs assert as the basis for their federal lawsuit. Additionally, diversity is not present. These defendants are entitled to judgment as a matter of law.

### A.    STANDARD

Rule 56(c) of the Federal Rules of Civil Procedures states that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a Summary Judgment in the party's favor as to all or part thereof." Rules 56(c) provides that judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law."

A material fact is one that can affect the outcome of the case under governing substantive law. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248-49 (1986). "The mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there is no genuine issue of material fact." <u>Id</u>. at 248 (Emphasis in original).

The purpose of summary judgment is to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Summary Judgment . . . is properly regarded as not a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).

**B.    DISCUSSION**

  **i.    The Statute of Limitations has Expired.**

For the purpose of analyzing this matter to determine whether the Statute of Limitations has expired, Connecticut statute and caselaw interpretation apply. <u>Lounsbury v. Jeffries</u>, 25 F.3d 131 (1994); <u>Slekis v. National R.R. Passenger Corp.</u>, 56 F.Supp.2d 202 (1999). The summary judgment procedure is particularly well-suited for resolving Statute of Limitations issues. <u>See</u>, *e.g.*, <u>Gabrielle v. Hospital of St. Raphael</u>, 33 Conn. App. 378, *cert. denied*, 228 Conn. 928 (1994); <u>Stein v. Katz</u>, 213 Conn. 282 (1989); <u>Barnes v. Schlein</u>, 192 Conn. 732 (1984); <u>Burns v. Hartford Hospital</u>, 192 Conn. 451 (1984). Summary judgment motions are frequently granted in malpractice actions which are time-barred under

Connecticut General Statutes 52-584.  See, e.g., Gabrielle 33 Conn. App. at 378; Stein, 213 Conn. at 282; Burns, 192 Conn. at 451; Barnes, 192 Conn. at 738. Connecticut General Statutes sec. 52-584 provides:

> No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital, or sanitarium, **shall be brought but within two years** from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, . . .

Here, both parent plaintiffs have testified that the initial Alshansky prescription immediately made Travis ill.

"Under Connecticut law . . . the statute [of limitations] begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." Gnazzo v. G.D. Searle & Co., 973 F.2d 136, 138 (2d Cir. 1992) (quoting Lambert v. Stovell, 205 Conn. 1, 6, 529 A.2d 710, 713 (1987) (emphasis in original.)  Actionable harm would have occurred at the time that he became ill from the medications in October and November, 2000.  Plaintiffs commenced this action on March 19, 2003, two years and several months after Dr. Alshansky's treatment concluded and the allegedly untoward effects of the medication were known by the plaintiff-mother and reported to the defendant by her. Plaintiffs had a fair opportunity to assert claims against Dr. Alshansky for two years following her treatment of the minor plaintiff but elected not to do so.  They cannot assert their claims after the Statute of Limitations has passed.

In <u>Gabrielle v. Hospital of St. Raphael</u>, a medical malpractice action, the plaintiff served a Writ on the defendants 82 days after the two-year Statute of Limitations expired. Although the plaintiff had filed a petition for an automatic extension of the limitations period, the Appellate Court granted the defendants' Motion for Summary Judgment. The Supreme Court of Connecticut denied *certiorari* to review the matter. In an unequivocal opinion, the Appellate Court held that:

> Statutes of limitations are statutes of repose and are designed to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. . . . Statutes of limitations are legislative enactments that prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced. . . .
>
> **The General Assembly in enacting §52-584 has ordained that one must assert an action in malpractice within two years or be barred.**

<u>Gabrielle v. Hospital of St. Raphael</u>, 33 Conn. App. 378, 384-5, *cert. denied*, 228 Conn. 928 *(citations omitted, emphasis added)*

In an earlier medical malpractice case, the Supreme Court of Connecticut articulated the parameters for consideration of a Motion for Summary Judgment based on failure to commence a suit within the two year Statute of Limitations. <u>Burns v. Hartford Hospital</u>, 192 Conn. 451 (1984). The Court held:

> The statute requires that the injured party bring suit within two years of discovering the injury. General Statutes §52-584. In this context, an

> injury occurs when a party suffers some form of actionable harm. The harm need not have reached its fullest manifestation before the statute begins to run. Because the plaintiff did not bring suit within two years of discovering the injury, the trial court correctly ruled that the action was barred by the statute of limitations.
>
> Unfortunately, the unavoidable result we reach in this case is harsh. The plaintiff may very well be foreclosed from any remedy for what might have been an actionable injury. …[T]he General Assembly has mandated, through §52-584, that one must assert a cause of action for medical malpractice within two years of the time the injury is discovered. Where a plaintiff has failed to comply with this requirement, a court may not entertain the suit.

Id. at 460.

In the present case, the plaintiffs were well aware that Travis became sick on the medications and discontinued them shortly after they began. In addition, it was the parents' impression for years before treatment with these defendants that he did not have the condition the prescriptions were intended to treat and that the medications were not helping him. (See Exhibit I, deposition testimony Mr. Myslow, pp. 110-11.)

Based on the undisputed facts in this case, and the law in Connecticut, there is no issue of material fact regarding the time bar of the Statute of Limitations. This is a medical malpractice action. The alleged wrongful conduct occurred in 2000 when Dr. Alshansky evaluated and recommended medication for the minor plaintiff. The family made a decision to discontinue treatment with Dr. Alshansky on December 4, 2000. (See Exhibit F and Cindy Myslow's deposition testimony, p. 265 attached at Exhibit H.) Allegedly actionable harm was present immediately after ingesting the medication documented clearly by deposition testimony of Travis' parents and in the medical records. The Complaint was filed on March

19, 2003, far more than two years after the alleged injury occurred, and well over <u>two years</u> after "actionable harm" was or should have been discovered. This is several months beyond the two-year limitation period provided for medical malpractice actions in C.G.S. § 52-584. The action is, therefore, time-barred, and Dr. Alshansky is entitled to judgment, as a matter of law.

### ii.    Neither of these defendants should be sued in federal court.

There must be some reason to require private physicians to defend themselves in federal court. <u>In re Colonial Ltd. Partnership v. Colonial Equities Corp.</u>, 854 F. Supp. 64, 104 (D. Conn. 1994). In this lawsuit, there simply is no reason for these defendants to defend this case in federal court. All parties are from Connecticut, diversity is not present. There are no constitutional rights and remedies associated with the neurologic care provided by these defendants. The statutes plaintiffs cite in their Complaint do not apply to Drs. Alshansky and Kreminitzer. As against these defendants, this case is a straightforward medical malpractice case, and the appropriate venue is state court.

Plaintiffs cite three federal sources as a basis for their federal claims: The Rehabilitation Act of 1973, Americans with Disabilities Act and Section 1983 of Title 42. The Rehabilitation Act of 1973 protects the civil rights of students in public elementary or secondary education programs. The Rehabilitation Act provides in relevant part that:

> no one shall be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …

29 U.S.C.A. § 794.

The neurologist-defendants did not exclude the minor-plaintiff from participation in, or deny him benefits or subject him to any discrimination from any program or activity. They evaluated and treated him privately. They did not make any recommendation that he be excluded from any program receiving federal financial assistance. In fact, they recommended that he receive additional services. Regardless, Dr. Alshansky and Dr. Kreminitzer do not receive federal financial assistance. Therefore, the Rehabilitation Act simply does not apply to them.

The Americans with Disabilities Act does not permit discrimination against individuals with disabilities by anyone who owns, leases or operates a place of public accommodation. 42 U.S.C. 12101 et seq. Section 12181 sets forth a list of private entities that may be considered public accommodations including the professional office of a health care provider. 42 U.S.C. § 12181(7). "The ADA consists of three titles addressing discrimination against the disabled in different contexts. Title I prohibits employment discrimination, 42 U.S.C. § 12112, Title II prohibits discrimination in the services of public entities, 42 U.S.C. § 12132, and Title III prohibits discrimination by public accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services, 42 U.S.C. §§ 12182, 12184." Gorman v. Bartch No. 97-4323 (8th Cir. 8/20/1998). The only circumstance that transforms any private entity into a place of public accommodation is when the operation affects interstate commerce. 42 U.S.C. § 12182(a), Title III. Because there is no claim that Travis's treatment affects interstate commerce, the Americans with Disabilities Act does not apply to this matter. An exhaustive

search of federal circuit case law finds no cases where federal courts extended the protections of the ADA to patients in private physicians' offices.

Turning to plaintiffs' claim that 42 U.S.C. §1983 applies to this matter based upon the defendants allegedly acting within the color of state action, 42 U.S.C. § 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State subjects, or causes to be subjected, any person to the deprivation of any federally protected rights, privileges, or immunities shall be civilly liable to the injured party." Here, there is absolutely no evidence supporting that Drs. Alshansky or Dr. Kreminitzer did anything besides independently provide medical care to the plaintiff. A private healthcare provider or hospital is not transformed into a state actor merely by statutory regulation. See, e.g., Diagle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348-49 (5th Cir. 1985) (finding no state involvement to support section 1983 action against private nursing home despite state regulation and public funding).

The Supreme Court has held that:

> In deciding whether "state action" is present in the context of a claim brought under 42 U.S.C. § 1983 (1976 ed., Supp. IV), the ultimate determination is simply whether the § 1983 defendant has brought the force of the State to bear against the § 1983 plaintiff in a manner the Fourteenth Amendment was designed to inhibit. Where the defendant is a government employee, this inquiry is relatively straightforward. But in deciding whether "state action" is present in actions performed directly by persons other than government employees, what is required is a realistic and delicate appraisal of the State's involvement in the total context of the action taken. Only by sifting facts and

> weighing circumstances can the nonobvious involvement of the
> State in private conduct be attributed its true significance.

<u>Blum v. Yaretsky</u>, 457 U.S. 991 (1982) *citing* <u>Burton v. Wilmington Parking Auth.</u>, 365 U.S. 715, 722 (1961).

In the Myslow case, Dr. Alshansky performed her evaluation and offered treatment consistent with her findings.  Dr. Kreminitzer acted similarly.  They never spoke with anyone from the school.  (Exhibits D and E, ¶¶ 8,7 respectively.)  After drafting her evaluation on October 27, 2000, Dr. Alshansky then received a letter from the school dated November 1, 2000 (Exhibit G).  Dr. Alshansky's evaluation and treatment occurred before she received the letter from the school.  There simply was no state involvement that affected the care or treatment rendered by Dr. Alshansky and Dr. Kreminitzer, which is underscored by the fact that these defendants arrived at different diagnoses and made different recommendations than the school psychologist, Josephine Rositano.  (Compare, Exhibit F, defendant's reports with Exhibit K, the school psychologist's report and findings dated March 3/5, 1998.)

The mere fact that plaintiffs assert these claims in the same action with public defendants does not mean that the claims "derive from a common nucleus of operative fact" in such a fashion that would require the claims to be tried together.  The touchstone of the exercise of supplemental jurisdiction is that the non-federal claims ". . . are so related to claims in the action within such original jurisdiction that they form part of the case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).  This requires the State law claim to "derive from a common nucleus of operative fact". <u>City of

Chicago v. Int'l College of Surgeons 522 U.S. 156, 165 (1997).  This standard is not met in the case at bar as to the claims asserted against these defendants since their treatment is distinct and severable from the rest of the matter.

In cases where the exercise of supplemental jurisdiction in the context of state medical malpractice cases has been deemed appropriate, the claims have arisen out of the same event or series of connected events specifically involving the examination, diagnosis and treatment of plaintiff's condition.  See, e.g. Woodruff v. U.S., 189 F. Supp. 2d 1283, 1285-1286 (E.D., Okla. 2002); Palmer v. Hospital Authority of Randolph County, 22 F. 3d 1559, 1563-1564 (11th Cir., 1994).  In such circumstances, the cases involved the same facts, occurrence, witnesses and evidence.  Specifically, those cases arose out of the examination, diagnosis and treatment of plaintiff's specific medical condition.  This is clearly not present in the case at bar; these defendants' diagnoses were different than the co-defendants.  Dr. Alshansky and Dr. Kreminitzer should not be bootstrapped into the federal defense of this matter at trial because the claims against them are based exclusively in state law.

## V.    CONCLUSION

The plaintiffs failed to file this action against Dr. Alshansky within the two-year statute of limitations and the plaintiffs have no basis to maintain actions against either of the defendants in federal court.  Dr. Alshansky and Dr. Kreminitzer respectfully urge this Court to grant the Motion for Summary Judgment on the grounds that there exists no question of fact in this matter and the questions of law are issues clearly resolved in the defendants' favor.

                    DEFENDANTS,
                    ANNA ALSHANSKY, M.D.
                    MARTIN KREMINITZER, M.D.

                    _____

                    Leslie Gold McPadden
                    Fed. Bar No. Ct. 17525
                    SACHNER & O'CONNOR
                    The Crossroads West
                    765 Straits Turnpike, Bldg. 2, Ste. 1001
                    P.O. Box 1323
                    Middlebury, CT 06762-1323
                    Telephone: 203-598-7585
                    Fax: 203-598-7595

**CERTIFICATION OF SERVICE**

      This is to certify that the foregoing was mailed on this date to the following:

Alan C. Milstein, Esquire
Derek T. Braslow, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky
Fairway Corporate Center
4300 Haddonfield Road, Ste. 311
Pennsauken, NJ 08109

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT 06488

Melinda Powell, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Katherine C. Callahan, Esquire
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123-1277

                                            Leslie Gold McPadden