UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATHEW AND CINDY MYSLOW, ET AL | : | NO.: 3:03CV00496 (MRK) |
| | : | |
| v. | : | |
| | : | |
| NEW MILFORD SCHOOL DISTRICT, ET AL | : | AUGUST 15, 2005 |

### SCHOOL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendants, New Milford School District, New Milford Board of Education, Raymond Avery, JeanAnn Paddyfote, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Jean Malcolm, Josephine Rositano, Adele Johnson, Deborah Shelley and Robyn Viklund (collectively referred to as "School Defendants"), hereby move for summary judgment as to the plaintiffs' Second Amended Complaint in its entirety.

As is more particularly set forth in the accompanying memorandum of law, exhibits and Local Rule 56(a)(1) statement, there is no genuine dispute of material fact and the School Defendants are entitled to summary judgment for the following reasons:

(i) The plaintiffs' claims are barred by the applicable statute of limitations (Counts I, II, IV, V, VI, VII, VIII & IX).

(ii) There is no individual liability under §504 of the Rehabilitation Act of 1973 or the Americans with Disabilities Act (Counts IV, V & IX);

(iii) The plaintiffs' claims pursuant to §504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act and 42 U.S.C. §1983 fail because the

   plaintiffs failed to exhaust administrative procedures (Counts IV, V, VI & IX);

(iv) The plaintiffs have failed to state a claim under §504 of the Rehabilitation Act of 1973 or the Americans with Disabilities Act because there is no evidence of bad faith or gross misjudgment (Counts IV, V & IX);

(v) The plaintiffs cannot maintain an action under §504 of the Rehabilitation Act of 1973 or the federal regulations for an alleged procedural violation (Counts IV & IX).

(vi) The plaintiffs have failed to state a §1983 equal protection claim under the Fourteenth Amendment because there is no evidence of a malicious or bad faith intent to injure (Count VI);

(vii) The plaintiffs have failed to state a §1983 procedural due process claim under the Fourteenth Amendment because the plaintiff was not deprived of a liberty or property interest and the plaintiffs received all the process that was due (Count VI);

(viii) The plaintiffs have failed to state a §1983 substantive due process claim under the Fourteenth Amendment because there is no evidence of conduct that shocks the conscience (Count VI);

(ix) The plaintiffs have failed to state a §1983 claim against the New Milford School District or the New Milford Board of Education pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978) (Count VI).

(x) The individual School Defendants are entitled to qualified immunity as to plaintiffs' §1983 claims (Count VI);

(xi) The plaintiffs have failed to state a claim under the Connecticut Constitution (Count VI);

(xii) The School Defendants are entitled to sovereign immunity as to the plaintiffs' common law tort claims of negligence, malpractice, negligent infliction of emotional distress, and intentional infliction of emotional distress (Counts I, II, VII & VIII);

(xiii) The School Defendants are entitled to governmental immunity as to the plaintiffs' negligence, malpractice, and negligent infliction of emotional distress claims (Counts I, II & VIII);

(xiv) The New Milford School District and New Milford Board of Education are entitled to governmental immunity, both at common law and pursuant to Conn. Gen. Stat. §52-557n, as to the plaintiff's intentional infliction of emotional distress claim (Count VII);

(xv) The plaintiffs have failed to state a claim for negligence or malpractice in the absence of expert testimony (Counts I & II);

(xvi) Connecticut does not recognize a cause of action for educational malpractice (Count 1);

(xvii) The plaintiffs have failed to state a claim for intentional infliction of emotional distress against any of the School Defendants as the alleged conduct was not extreme and outrageous as a matter of law (Count VII);

(xviii) Connecticut General Statutes §10-76b-4 does not provide for a private cause of action (Count IX).

WHEREFORE, the School Defendants respectfully request that their motion for summary judgment as to the plaintiffs' Second Amended complaint in its entirety be granted.

DEFENDANTS,
NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANANN PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, and ROBYN VIKLUND

By /s/Alexandria L. Voccio
   Alexandria L. Voccio
   ct21792
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 15th day of August, 2005.

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT  06488

Alan C. Milstein, Esquire
Michael Dube, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

Richard A. O'Connor, Esquire
Christine A. Robinson, Esquire
Leslie Gold, Esquire
Sachner & O'Conner
The Crossroads West
765 Straits Turnpike, Bldg 2, Ste, 1001
Middlebury, CT  06762-1323

Katherine C. Callahan, Esquire
Benjamin J. Berger, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277


/s/Alexandria L. Voccio
Alexandria L. Voccio