UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, ET AL. : | NO. 3:03CV00496 (MRK) |
| Plaintiffs, : | |
| v. : | |
| NEW MILFORD SCHOOL DISTRICT, ET AL : | |
| Defendants. : | |

## PLAINTIFF TRAVIS MYSLOW'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

1. State your name, address, date of birth, and the school you are currently attending.

**Response:** Travis Myslow
3 Halletts Road
New Milford, CT 06776
July 17, 1990
Ben Bronz School (2003-2004)

2. List the names and addresses of all schools that you have attended and the dates of attendance of each.

**Response:** Sherman School (Grades K-1)
Route 37
Sherman, CT 06784
860-355-3793

John Pettibone (Grades 2-5)
2 Pickett District Road
New Milford, CT 06776
860 354 3218

Homebound tutoring at New Milford Library (Grade 6)

Schaghicoke Middle School (Grade 6)
23 Hipp Road
New Milford, CT 06776
860 354 2204

1

Ben Bronz Academy (Grades 7-8)
139 N Main Street
Boatner Building
North Stonington, CT 06107
(860) 236-5807

3. Identify every medical diagnosis that you have been given, and for each state the following:

a. the name of the individual who gave said diagnosis;
b. the date of the diagnosis;
c. whether the diagnosis was verbal or written;
d. whether the diagnosis has been modified and/or retracted, and if so, how, when and by whom.

**Response:** ADHD - J. Rositano; 1998; verbal and written

ADHD - Dolan and PPT team teachers; 1998; verbal

ADHD - Rubin; 1998; only read the Rositano's report and the Blue Behavior List from the school

ADHD - Alshanski; 2000; verbal and written

ADHD - Kreminitzer; 2001; verbal, asked if Travis' parents thought Travis would benefit from sleeping pills

In or around March 2001, Dr. Martinez wanted to have Travis reevaluated to rule out ADHD.

In or around 2001, Dr. Theis concluded that Travis did not meet the criteria for ADHD.

Situational Anxiety Disorder secondary to the inability to read or write – Schwartz; 2002; written.

4. Identify every benefit, service, program and/or activity that you have been denied as a result of one or more of the defendants' actions, and for each state the following:

a. the name of the individual(s) who denied said benefit, service, program and/or activity;
b. the date of the activity;
c. the manner in which you were denied said benefit, service, program and/or activity;
d. the names and positions of all witnesses to the alleged denial.

**Response:** Since Travis was in Third grade, the school denied Travis a Dyslexia Test, stating that there is no test for dyslexia. When Travis was in Fifth grade, the school also denied him one on one reading and occupational therapy. Rositano denied Travis proper diagnosis of his learning disability in 1998 and by the PPT team members (School District, Board of Education agents, Dolan, Rositano, Kelleher, and all those listed in PPT documents) at each PPT meeting subsequent to initial diagnosis until Dr. Schwartz made the correct diagnosis. Travis was denied appropriate education as other children by PPT members; Travis was denied participation in classes in school as other children by PPT members (same as above including Shelley and Neu) from initial diagnosis until placement at Ben Bronz; PPT members compelled Travis to undergo behavioral modifications as a result of the inappropriate diagnosis; Travis was subjected to having his teachers (Shelley, Kelleher and other PPT members) read and write for him; Travis was given false and misleading "passing" grades unlike other children; Travis was denied the ability to participate in classroom work as other children as a direct result of the inappropriate diagnosis; PPT members denied Travis the ability to participate in gym class as other children as a direct result of the inappropriate diagnosis; PPT members caused Travis to "feel stupid" and be humiliated as a direct result of, including but not limited to, the inappropriate diagnosis, placement decisions, observations, evaluations, and behavior modifications; PPT members caused Travis to endure lengthy periods of travel to a private school necessary for Travis to compensate for the inappropriate education provided by the district and causing him to miss extracurricular activities with his peers; PPT members caused Travis to take medication unlike other children due to the inappropriate diagnosis; the PPT members caused Travis to suffer side effects and illness from the medication further exacerbating his ability to participate in academics and extracurricular activities with his peers; the PPT members caused unnecessary

delay in that Travis endured an additional nine or ten months of receipt of inappropriate education, evaluation, and placement after the due process hearing officer decision prior to his placement at Ben Bronz.

5. Identify each act of discrimination that you believe you were subjected to by one or more of the defendants, and for each state the following:
   a. the name of the individual(s) who carried out the discriminatory act;
   b. the nature of the discriminatory act;
   c. the dates of the discriminatory act;
   d. the names and positions of all witnesses to the alleged discriminatory act.

**Response:** Please see response to Interrogatory No. 4. In addition, the PPT Team (Rositano, Dolan, teachers, and Mrs. Kelleher) put Travis in a kindergarten hallway classroom; Travis was not required to go to some classes including Physical Education; Travis was given false and misleading grades; Travis was required to attend behavior modification programs which would not have been needed if the true learning disability was identified.

6. Identify every accommodation that you requested as a result of your claimed disability, and for each, state the following:
   a. the date of the accommodation request;
   b. the nature of the requested accommodation;
   c. the name of the individual to whom the request for accommodation was directed;
   d. whether the request for accommodation was written or verbal.

**Response:** Repeated requests to revise Travis' IEP to address Travis' failure to progress

1999 - requested Dyslexia Test; directed to the PPT Team; verbal request but were told by Dolan no such test existed

2000 - requested that Travis get as much normal class time as possible; directed to the PPT Team; verbal and written requests

Please also see PPT meeting minutes and objections made by Travis' parents.

7. State all facts upon which you base your claim that you have been denied a free appropriate public education by one or more of the defendants. Be specific as to each defendant.

4

**Response:** Please see response to Interrogatory No. 4 and 6. In addition, PPT Team took away one on one; PPT Team kept Travis out of most normal classes including Physical Education; PPT Team kept having Travis tested and observed.

8. State whether you are claiming in this lawsuit that one or more of the defendants violated the due process hearing officer's November 2001 decision and order. If so, state all facts upon which you base this claim. Be specific as to each defendant.

**Response:** The hearing officer's decision said that the independent consultant (Dr. Neu) was to find the proper program for Travis. But he along with the New Milford School District attempted to create a program. Travis' parents asked Dr. Neu to look into Ben Bronz Academy; however, Dr. Neu stated that Ben Bronz was not age appropriate. Travis is there now, with children his age. The hearing officer directed that Travis receive appropriate education as soon as possible. However, PPT members did not provide appropriate education until placement at Ben Bronz nine or ten months later.

9. State whether you filed an appeal from the due process hearing officer's decision and order.

**Response:** No.

10. Identify every complaint that you made to one or more of the defendants, and for each, state the following:
   a. the date of each complaint;
   b. the nature of the complaint;
   c. to whom the complaint was directed;
   d. whether the complaint was written or verbal;
   e. the reason for the complaint.

**Response:** Please see documents produced in response to Requests No. 5 and 7.

11. Identify all facts upon which you base your claim that the defendant, Josephine Rositano, committed medical malpractice.

**Response:** Please see documents produced in response to Request No. 9.

12. Identify every request you made to one or more of the defendants for an investigation into alleged discrimination, and for each, state the following:

5

    a. the date of the request;
    b. the nature of the request;
    c. the reason for the request;
    d. to whom the request was directed;
    e. whether the request was written or verbal.

**Response:** Please see documents produced in response to Request No. 7

  13. Identify every suitable accommodation that you claim was available but not offered by the defendants.

**Response:** Please see PPT meeting minutes and parents' objections following meeting minutes. Also please see IDEA hearing officer decision. Suitable accommodations include, but are not limited to, appropriate education, appropriate placement in class with peers, no coercion to take mediation, no punishment for behaviors that directly resulted from inappropriate education, no humiliation, participation in gym class and extracurricular activities as other children, homebound instruction pending dispute resolution, testing for dyslexia upon initial request of parents, accurate grades for work performed, and no reading and writing by teachers for Travis.

  14. Identify all facts upon which you base your claim that one or more of the defendants negligently intentionally inflicted emotional distress. Be specific as to each individual defendant.

**Response:** Please see response to Interrogatory No. 4 and 6.

  15. State all facts upon which you base your claim that one or more of the defendants negligently inflicted emotional distress. Be specific as to each individual defendant.

**Response:** Please see response to Interrogatory No. 4 and 6.

  16. State all facts upon which you base your claim that you have been denied substantive due process by one or more of the defendants. Be specific as to each individual defendant.

**Response:** Please see documents produced in response to Requests No. 7 and 8.

17. State all facts upon which you base your claim that you have been denied procedural due process by one or more of the defendants. Be specific as to each individual defendant.

**Response:** Please see documents produced in response to Requests No. 7 and 8.

18. State all facts upon which you base your claim that you have been denied equal protection by one or more of the defendants. Be specific as to each individual.

**Response:** Please see documents produced in response to Request No. 7 and 8.

19. Identify all conduct that you believe was extreme and outrageous, and for each, state the following:
    a. date of the alleged conduct;
    b. nature of the alleged conduct;
    c. name of the individual who carried out said conduct;
    d. names and positions of all witnesses to said conduct.

**Response:** Medicating a child for a period of years who has no illness; failing to provide appropriate education for a period of years while Shelley, Kelleher and other agents of the district read and wrote for Travis; providing Travis with false and misleading grades; promoting Travis knowing that he was unable to complete the work required; compelling Travis to undergo behavior modification when his behaviors were a direct result of the inappropriate diagnosis and medication of Travis; punishing Travis for behaviors that were a direct result of the inappropriate diagnosis and medication of the child by the PPT members and physicians.

20. State all facts upon which you base your claim that you suffered serious, permanent, and disabling psychological and emotional injuries and/or distress.

**Response:** Please see evaluations and supplements to evaluations by Dr. Theis and Dr. Schwartz.

21. To the extent that you claim your psychological condition as an element of damages, please state:
    a. whether you have ever been examined or treated by a psychiatrist, psychologist, or therapist;
    b. the name and address of each psychiatrist, psychologist, or therapist;
    c. the date of the examination or treatment;

      d.      whether you have been discharged from treatment, and if so, by whom and when;

      e.      whether you anticipate further examination or treatment, and if so, why.

**Response:**    Dr. Herbert Schwartz – ongoing
PO Box 3801
Woodbridge, CT 06525

Dr. Begelman – September 2001
5 Briar Lane
New Milford, CT 06776

    22.    Please list the names of any medical doctor, psychologist, therapist, pastoral counsel or the like, from whom you sought medical care as a result of the alleged conduct of the defendants.

**Response:**    Dr. Herbert Schwartz
Dr. Simon Sobo
Dr. Begelman
Dr. Richard Carter-Torres

    23.    Describe in detail, all damages which you are claiming as a result of one or more of the defendants' alleged wrongful acts.

**Response:**    Unknown medical complications and effects as a result of four years on medication when the child suffered no illness; Situational Anxiety Disorder as a result of the inappropriate diagnosis and failure to provide appropriate education for four years; time lost and humiliation caused by the multitude of evaluations required by the district, including unnecessary eight eek diagnostic placement in February 2002; loss of four years of appropriate education due to inappropriate diagnosis and inappropriate education; unknown number of years attempting to make up for lost four years of appropriate education; placement in an out-of-district school necessitating an eleven hour school day including travel time when the normal school day is eight hours; lost time with peers in extracurricular and social activities as a result of the out of district placement.

    24.    Identify each person whom the plaintiff expects to call as a fact witness at trial, and the subject mater upon which the witness is expected to testify.

8

**Response:** Mathew and Cindy Myslow

    25.    Identify each individual whom the plaintiff intends to call as an expert witness at trial, and for each, state the following:
        a.    the subject matter on which the expert is expected to testify;
        b.    the substance of facts and opinions which the expert is expected to testify;
        c.    a summary of the grounds of each opinion.

**Response:** Not known at this time.

    26.    State whether you, your attorney or any other representative have any statements of parties or witnesses, signed or otherwise, in writing, adopted or approved by the person making it, or any stenographic, mechanical, electrical or other recording, or a transcription thereof, made by a party or nonparty declarant regarding the subject matter of this case or concerning the actions of any party or witnesses therein except statements made by a party to his or her attorney.

**Response:** Please see response to Production of Documents Request No. 1.

Date: 6/30/04

SHERMAN, SILVERSTEIN, KOHL,
ROSE and PODOLSKY, P.A.

By: _____
Alan C. Milstein
**Attorney for Plaintiff**
**Fairway Corporate Center**
**4300 Haddonfield Rd, Suite 311**
**Pennsauken, NJ 08109**
**(856) 662 0700**

## CERTIFICATE OF SERVICE

I, Derek T. Braslow Esquire, hereby certify that a true and correct copy of the within Plaintiffs' Answers to Requests for Production of Documents and Plaintiffs' Answers to Interrogatories was served on the following via US First Class Mail:

Alexandria Voccio
**Howd & Ludorf**
65 Wethersfield Avenue
Hartford, CT 06114-1190
Attorney for Defendants:
**New Milford School District, New Milford Board of Education, Raymond Avery, JeanAnn Paddyfote, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Josephine Rositano, Jean Malcolm, Adele Johnson, Deborah Shelley, Robyn Vikland.**

Katherine C. Callahan, Esquire
**Updike Kelly & Spellacy, P.C.**
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Attorney for Defendant:
**Robert Rubin, M.D.**

Lou Larmon
**Bai, Pollock, Blueweiss & Mulcahey**
10 Middle Street
Bridgeport, CT 06604
Telephone: (203) 366-7991
Attorney for Defendant:
**Terry Neu, Ph.D.**

Richard A. O'Connor, Esquire
Christine Robinson, Esquire
**Sachner & O'Connor**
The Crossroads West
765 Straits Turnpike
Building 2 - Suite1001
Middlebury, CT 06762-1323
Telephone: (203) 598-7585
Attorney for Defendants:
**Anna Alshansky, M.D.**
**Martin Kreminitzer, M.D.**

Royce L. Vehslage, Esquire
**Genovese Vehslage & Chapman**
500 Enterprise Drive
Rocky Hill, CT 06067
Telephone: (860) 513-3760
Attorney for Defendant:
**Diana Badillo-Martinez, PhD.**

Date: June 30, 2004

_____
Derek T. Braslow, Esquire