UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, ET AL : | NO.: 3:03CV00496 (MRK) |
| v. : | |
| NEW MILFORD SCHOOL DISTRICT, : <br> ET AL : | |

### **AFFIDAVIT OF JEANANN PADDYFOTE**

I, JeanAnn Paddyfote, being duly sworn, depose and say that:

1. I am over the age of eighteen (18) years old.

2. I believe in the obligations of an oath.

3. I am currently the Superintendent of Schools for the New Milford School District, and have held that position since July 1, 2005. From September 1980 through June 2001, I was the Director of Pupil Personnel, and from June 2001 through August 2002, I was the Assistant Superintendent. In both of these roles, I was responsible for special education.

4. I have personal knowledge regarding the facts contained herein.

5. In January 1998, Travis' 2nd grade teacher referred him for consideration of eligibility of special education services.

6. Travis' parents were provided notice of the referral to special education, as well as notice of the Planning and Placement Team (PPT) meeting to discuss said

referral.

7. A PPT meeting was held on January 20, 1998, at which time, the PPT recommended psychoeducational and speech/language evaluations. A true and accurate copy of the 1/20/98 PPT meeting summary is attached hereto.

8. On March 18, 1998, another PPT was held to determine Travis' eligibility for special education services. Both the District and the parents felt services were warranted. The PPT identified Travis as learning disabled and recommended placement in the special education program. A true and accurate copy of the 3/18/98 PPT meeting summary is attached hereto.

9. The specific manner or approach used to provide a fair appropriate public education to a student receiving special education services is left to the discretion and judgment of the student's PPT. Federal law requires that the PPT develop an individualized education plan.

10. To the best of my knowledge, none of the School Defendants ever communicated with Travis' pediatrician, Dr. Rubin, and/or otherwise sought to have Travis medicated. I certainly did not.

11. At a PPT convened on October 26, 2000, the Myslows requested that Travis undergo a neurological evaluation with Dr. Anna Alshansky. The PPT agreed to said evaluation. A true and accurate copy of the 10/26/00 PPT meeting summary is attached hereto.

12. To the best of my knowledge, none of the School Defendants ever tried to influence Dr. Alshansky's evaluation of Travis. I certainly did not.

13. In September 2001, the New Milford Board of Education requested due process in an effort to ensure that Travis was receiving an appropriate education.

14. Pursuant to the due process decision and order, the Board and the plaintiffs each selected a consultant, and those two consultants selected Terry Neu, Ph.D., as an independent educational consultant responsible for making any final decisions regarding Travis' program.

15. The PPT followed Dr. Neu's recommendations completely.

Dated at New Milford, Connecticut, this 15th day of August, 2005.

/s/JeanAnn Paddyfote
JeanAnn Paddyfote, Ph.D.

STATE OF CONNECTICUT )
                            ) ss: New Milford
COUNTY OF LITCHFIELD )

Subscribed and sworn to before me this 15th day of August, 2005.

/s/Michelle Way
Michelle Way
Notary Public
My Commission Expires: 4/30/09