UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, ET AL : | NO.: 3:03CV00496 (MRK) |
| v. : | |
| NEW MILFORD SCHOOL DISTRICT, : | |
| ET AL : | OCTOBER 15, 2004 |

**JOSEPHINE ROSITANO'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED JUNE 2, 2004**

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, Josephine Rositano, hereby responds to plaintiff's interrogatories and requests for production as follows, and attaches a verification thereto.

**INTERROGATORIES**

1.  State the name, present address, phone number, occupation and employer of each and every person having knowledge or claiming knowledge of incidents surrounding minor plaintiff's claim, and Defendants' defense.

**RESPONSE:** Objection pending.

Without waiving this objection, I do. School Psychologist, Pettibone Elementary School, New Milford School District.

2.  State the name, present address, phone number, occupation and employer of each and every person who observed Travis Myslow's behavior prior to being medicated in or about March 1998 and with respect to each person, describe with specificity the behavior observed.

**RESPONSE:** Objection pending.

Without waiving this objection, I observed Travis' behavior prior to March 1998. Travis showed the following behaviors: low frustration tolerance, poor focusing skills and avoidance of work.

I do not have first-hand knowledge of whether or not Travis was being medicated at any given time.

3. State the name, present address, phone number, occupation and employer of each and every person who observed Travis Myslow's behavior after being medicated in or about March 1998 and with respect to each person, describe with specificity the behavior observed.

**RESPONSE:** Objection pending.

Without waiving this objection, I observed Travis' behavior between March 1998 and June 2001. I am not aware of any significant complaints regarding Travis' behavior in the third grade. I observed increased frustration, defiance and a failure to follow school rules in the fourth and fifth grades.

I do not have first-hand knowledge of whether or not Travis was being medicated at any given time.

4. State the name, present address, phone number, occupation and employer of each and every person who taught or observed as a teacher or guidance counselor for Travis Myslow during the following years:

   a. Second grade, 1997-1998 school year;
   b. Third grade, 1998-1999 school year;
   c. Fourth grade, 1999-2000 school year;
   d. Fifth grade, 2000-2001 school year.

**RESPONSE:** I do not have first-hand knowledge regarding this information. See interrogatory responses on behalf of the New Milford School District.

5. State the name, present address, phone number, occupation and employer of each and every person who taught or observed as a teacher or guidance counselor for Travis Myslow's during the following summers:

   a. the summer before second grade, 1997;
   b. the summer before third grade, 1998;
   c. the summer before fourth grade, 1999;
   d. the summer before fifth grade, 2000;
   e. the summer before sixth grade, 2001.

**RESPONSE**: I do not have first-hand knowledge regarding this information. See interrogatory responses on behalf of the New Milford School District.

6. State the name, present address, phone number, occupation and employer of each and every person who observed Travis Myslow's behavior after he stopped taking medication in September 2001 and with respect to each person, describe with specificity the behavior observed.

**RESPONSE**: **Objection pending.**

Without waiving this objection, I did not observe Travis' behavior after September 2001.

I do not have first-hand knowledge of whether or not Travis was being medicated at any given time.

7. State the name, present address, phone number, occupation and employer of each and every person who diagnosed Travis Myslow as having ADD/ADHD and state with specificity what the diagnosis was based upon.

**RESPONSE**: I do not have personal knowledge regarding Travis' diagnosis or the information upon which said diagnosis was based.

Upon information and belief, Drs. Rubin and Alshansky diagnosed Travis with ADD/ADHD.

8. State the name, present address, phone number, occupation and employer of each and every person who performed a medical exam on Travis Myslow and any all diagnosis, prognosis and treatment options made by said person.

**RESPONSE**: I do not have personal knowledge regarding who performed medical exams on Travis.

9. State the name, present address, phone number, occupation and employer of each and every person who witnessed Travis Myslow being disruptive in class and describe any such incidents with specificity.

**RESPONSE**: **Objection pending.**

10. State the name, present address, phone number, occupation and employer of each and every person who met with or consulted with Travis Myslow's parents regarding his behavior and state the time and place of meeting and state with specificity what was discussed.

**RESPONSE**: Discussions were held with Travis' parents at the PPT meetings. See records of PPT meetings. In addition, I had several telephone and in-person conversations with Cindy Myslow over the years to discuss Travis' behavior, Mrs. Myslow's concerns and wishes, reports and evaluations, and plans of action.

11. State the name, present address, phone number, occupation and employer of each and every person who consulted with the defendant physicians regarding Travis Myslow's treatment and state the time and place of meeting and state with specificity what was discussed.

**RESPONSE**: I do not have personal knowledge regarding who consulted with the defendant physicians regarding Travis' medical treatment. I did not consult with them regarding Travis' treatment.

12. State the name, present address phone number, occupation and employer of all persons at the school who are responsible for the policy regarding the

diagnosis of ADD or ADHD and state what the school's policy is regarding diagnosis of ADD and ADHD of students.

**RESPONSE**: All professional staff are required to adhere to state and federal law regarding special education students, as well as to the district's procedural guidelines. Guidelines are attached hereto.

13. State the name, present address, phone number, occupation and employer of all persons at the school who are responsible for the policy regarding the Behavior Check Lists and state what the policy is.

**RESPONSE**: The behavior check lists are part of the comprehensive evaluation. See Guidelines attached hereto.

14. State the names and addresses of every person who has been retained, consulted, or specifically employed by you as an expert in anticipation of litigation or preparation for trial.

**RESPONSE**: None at this time. Experts will be disclosed pursuant to the scheduling order.

15. Identify the custodian, location and general description of any and all documents concerning the administration of Ritalin, Concerta, Dexedrine or Adderal to Travis Myslow.

**RESPONSE**: Upon information and belief, the district's records regarding the administration of any medication to Travis are located in the Nurse's office at New Milford High School.

16. Identify the custodian, location and general description of any and all documents concerning Travis Myslow's behavior in school.

**RESPONSE**: Records regarding special education are maintained in the Student Affairs Office, 50 East Street, New Milford, CT 06776. Upon information and belief,

Travis' cumulative file, which includes documents such as report cards and standardized testing, are maintained at New Milford High School.

17. Identify the custodian, location and general description of any and all medical records pertaining to Travis Myslow.

**RESPONSE**: **Objection pending.**

Without waiving this objection, and upon information and belief, any medical records that are in the possession of the district are maintained in either the Nurse's office or the Student Affairs Office.

18. With respect to the preparation of each answer to these interrogatories, identify each person who prepared, who was consulted or interviewed, or who in any way participated in the preparation of each answer and state the capacity in which each person or person participated.

**RESPONSE**: **Objection pending.**

Without waiving this objection, Josephine Rositano and counsel.

19. State the name, address, occupation, curriculum vitae, and field of specialization, if any, of each person whom you expect to call as an expert witness at trial, and state as to each the subject matter on which the expert is expected to testify.

**RESPONSE**: To be disclosed in accordance with the scheduling order.

20. Please describe with specificity the School District's relationship with the defendant physicians.

**RESPONSE**: Unknown. I believe Dr. Alshansky and Dr. Kreminitzer are approved outside evaluators for the New Milford Public Schools.

21. Please describe with specificity your knowledge of Attention Deficit Hyperactivity Disorder and of the drug-related and non-drug-related treatments options available for children.

**RESPONSE**: I am aware of the characteristics associated with ADHD, the DSM IV criteria and treatment options.

22. Please detail with specificity all the scientific, medical, and all other types of information you used to determine that Travis Myslow suffered from ADD and/or ADHD and comorbid oppositional defiant and dysthymic disorders, including conversations you may have had with his parents, teachers, and school counselors.

**RESPONSE**: Not applicable. I did not diagnose Travis with the above-mentioned disorders.

I did determine that Travis exhibited certain characteristics that are associated with ADD and I encouraged Mrs. Myslow to share my findings with Travis' pediatrician. See referral for special education.

23. Please detail with specificity all the scientific, medical, and all other types of information you used to determine that medication was Travis' best option.

**RESPONSE**: Not applicable.

24. Please describe with specificity the various matters discussed in connection with Travis Myslow during meetings between and among school officials.

**RESPONSE**: **Objection pending.**

25. Please detail with specificity all the information you used to determine that Travis suffered from ADD and/or ADHD, including conversations you may have had with his parents, teachers, school counselors, in addition to your own evaluation(s) of him.

**RESPONSE**: Not applicable.

## REQUESTS FOR PRODUCTION

1. Copies of all statements obtained in connection with the subject of this litigation.

**RESPONSE**: None.

2. Reports of all experts that you expect to call as an expert witness at the trial of this case.

**RESPONSE**: None at this time. To be disclosed pursuant to the scheduling order.

3. All documents, letters, reports, correspondence, and memoranda concerning the policies and practices of the New Milford School District ("New Milford"), with regards to any tests, evaluations or profiles for determining whether students in New Milford have ADD or ADHD.

**RESPONSE**: See documents produced by New Milford School District.

4. All documents, letters, reports, correspondence, and memoranda by or between any of the defendants which in any way refers to Travis Myslow.

**RESPONSE**: See documents produced by New Milford School District.

5. All documents, letters, reports, correspondence, and memoranda concerning the results of any evaluation or examination of Travis Myslow.

**RESPONSE**: See documents produced by New Milford School District.

6. All documents, letters, reports, correspondence, statements, evaluations, memoranda, information or any other data concerning any decision to diagnose Travis as ADHD or ADD, and any decision to medicate Travis as a result of the diagnosis.

**RESPONSE**: None.

7. All documents, statements, reports, or any other information regarding the efficacy of Ritalin, Adderal, Concerta or Dexedrine as treatment for ADHD or ADD for children as young as seven, that were used as the scientific basis for the decision to medicate Travis.

**RESPONSE**: None.

8. All documents, statements, reports, correspondence, evaluations, or any other information concerning the decision to take Travis off Ritalin and prescribe additional medications.

**RESPONSE**: None.

9. All documents, statements, reports, and any other scientific evidence reflecting the absence of psychological and physical risks involved with children withdrawing from Ritalin, Adderal, Concerta or Dexedrine.

**RESPONSE**: None.

10. All documents, letters, reports, correspondence, and evaluations used to document Travis' behavior.

**RESPONSE**: See documents produced by New Milford School District.

11. All documents, letters, reports, correspondence and memoranda concerning the decision to medicate Travis.

**RESPONSE**: None.

12. All documents, reports, correspondence, evaluations, memoranda, statements, or information or any other data relating to any diagnosis of Travis and the decision to use Ritalin as a drug treatment for Travis.

**RESPONSE**: None.

13. All documents, statements, reports, or any other information that demonstrated the efficacy of Ritalin treatment for children as young as seven years old.

**RESPONSE**: None.

14. All documents, statements, reports, minutes, or any other information concerning any PPT meetings with the Myslow family.

**RESPONSE**: See documents produced by New Milford School District.

15. All correspondence between any of the defendants concerning Travis.

**RESPONSE**: See documents produced by New Milford School District.

16. All documents, statements, reports, minutes, or any other information concerning any meeting or consultation with the Myslow family.

**RESPONSE**: See documents produced by New Milford School District.

17. All documents, statements, reports, minutes, or any other information concerning Travis' education at New Milford Public Schools.

**RESPONSE**: See documents produced by New Milford School District.

18. All documents, statements, reports, evaluations, or any other information concerning Travis' referral for evaluation in January 1998.

RESPONSE: See documents produced by New Milford School District.

19. All documents and records of PPT meetings.

RESPONSE: See documents produced by New Milford School District.

20. All documents, correspondence, evaluations and records provided to Travis' physicians from the School District.

RESPONSE: See documents produced by New Milford School District.

21. All documents, correspondence, evaluations and records provided to the School District from Travis' physicians.

RESPONSE: See documents produced by New Milford School District.

22. All documents concerning the School District's March/April 1998 diagnosis of Travis.

RESPONSE: None.

23. Any and all agreements or other documents describing the relationships between any of the defendants.

RESPONSE: See documents produced by New Milford School District.

24. All medical records of Travis Myslow.

RESPONSE: See documents produced by New Milford School District.

25. Any and all documents regarding educational plans for Travis Myslow.

**RESPONSE**: See documents produced by New Milford School District.

                                        DEFENDANT,
                                        JOSEPHINE ROSITANO

By *Alexandria L. Voccio* (signature)
Alexandria L. Voccio
ct21792
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail:  avoccio@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 15th day of October, 2004.

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT  06488

Richard A. O'Connor, Esquire
Christine A. Robinson, Esquire
Sachner & O'Conner
The Crossroads West
765 Straits Turnpike, Bldg 2, Ste, 1001
Middlebury, CT  06762-1323

Katherine C. Callahan, Esquire
Benjamin J. Berger, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Derek T. Braslow, Esquire
Alan C. Milstein, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

Royce L. Vehslage, Esquire
Jack V. Genovese, II, Esquire
Cynthia DeMatteis Cartier, Esquire
Genovese, Vehslage & Chapman
500 Enterprise Drive
Rocky Hill, CT  06067

Jeffrey Blueweiss, Esquire
Lewis S. Lerman, Esquire
Bai, Pollock, Blueweiss & Mulahey
10 Middle Street
Bridgeport, CT  06604

_____
Alexandria L. Voccio

# VERIFICATION

STATE OF CONNECTICUT   )
                       ) ss:
COUNTY OF Litchfield   )

I, Josephine Rositano, do hereby depose and say:

1. That I am over the age of 18 and understand the meaning and obligation of an oath.

2. That I have read the foregoing responses to the plaintiff's interrogatories and do hereby verify that they are true and correct to the best of my knowledge and belief.

_Josephine Rositano_
Josephine Rositano

Subscribed and sworn to before me this 5th day of ~~September~~ October, 2004 (SN), 2004.

_Sandra R. Nadeau_
Notary Public  Sandra R. Nadeau, Ed.D.
My Commission Expires: February 2007