UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATHEW AND CINDY MYSLOW, ET AL | : | NO.: 3:03CV00496 (MRK) |
| | : | |
| v. | : | |
| | : | |
| NEW MILFORD SCHOOL DISTRICT, ET AL | : | AUGUST 15, 2005 |

**LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF
SCHOOL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56, the defendants, New Milford School District, New Milford Board of Education, Raymond Avery, JeanAnn Paddyfote, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Jean Malcolm, Josephine Rositano, Adele Johnson, Deborah Shelley and Robyn Viklund (collectively referred to as "School Defendants"), submit the following statement of undisputed material facts in support of their Motion for Summary Judgment dated August 15, 2005. Affidavits, deposition testimony and other admissible evidence are attached as exhibits.

1.  Raymond Avery is the former Superintendent of Schools. See Second Amended Complaint, ¶4.

2.  JeanAnn Paddyfote is the current Superintendent and the former Director of Pupil Personnel and Assistant Superintendent. See Second Amended Complaint, ¶5.

3.  Thomas Mulvihill is the Assistant Superintendent. See Second Amended Complaint, ¶6.

  4. Paula Kelleher is the Principal of Pettibone Elementary School.  <u>See</u> Second Amended Complaint, ¶7.

  5. Denis Dolan is the Assistant Principal of Pettibone Elementary School.  <u>See</u> Second Amended Complaint, ¶8.

  6. Josephine Rositano is the School Psychologist at Pettibone Elementary School.  <u>See</u> Second Amended Complaint, ¶9.

  7. Jean Malcolm was the Principal of Schaghticoke Middle School.  <u>See</u> Second Amended Complaint, ¶10.

  8. Adele Johnson is the current Supervisor of Special Education and the former Speech Language Pathologist.  <u>See</u> Second Amended Complaint, ¶11.

  9. Deborah Shelley was Travis' special education teacher at Pettibone Elementary School from March-June 2001.  <u>See</u> Second Amended Complaint, ¶12.

  10. Robyn Viklund was the School Nurse at Pettibone Elementary School.  <u>See</u> Second Amended Complaint, 13¶.

  11. Travis Myslow entered the New Milford School District ("District") as a second grader in the fall of 1997.  <u>See</u> Second Amended Complaint, ¶29; Plaintiff's Interrogatory Responses, No. 2, attached as **Exhibit A**; and Cindy Myslow's deposition transcript, p. 6, attached as **Exhibit B**.

  12. Travis attended Pettibone Elementary School from 2nd to 5th grade (1997-98, 1998-99, 1999-2000, 2000-01).  <u>See</u> **Exhibit A**, No. 2.

  13. The Myslows home-schooled Travis for the beginning of 6th grade, and Travis completed his 6th grade year at Schaghticoke Middle School (2001-02).  <u>See</u>

**Exhibit A**, No. 2.

14. Travis attended Ben Bronz Academy, at the New Milford School District's expense, for 7th and 8th grades (2002-03, 2003-04). See **Exhibit A**, No. 2; and **Exhibit B**, p. 215.

15. In January 1998, Travis' 2nd grade teacher, Chris Church, referred Travis for consideration of eligibility of special education services. See Second Amended Complaint, ¶32; JeanAnn Paddyfote Affidavit, ¶5, attached as **Exhibit C**; and Parent Notice of PPT and Parent Notice of Referral to Special Education, attached as **Exhibit D**.

16. Travis' parents were provided notice of the referral to special education, as well as notice of the PPT to determine Travis' eligibility for special education services. See **Exhibit C**, ¶6; and **Exhibit D**.

17. A Planning and Placement Team (PPT) meeting was held on January 20, 1998, at which time, the PPT recommended psychoeducational and speech/language evaluations. See **Exhibit C**, ¶7; and 1/20/98 PPT Meeting Summary, attached as **Exhibit E**.

18. On March 3 and 5, 1998, Josephine Rositano, the School Psychologist, conducted the psychological evaluation of Travis. Ms. Rositano administered a number of tests including the Wechsler Intelligence Scale for Children, the Bender Visual-Motor Gestalt Test, Child Symptom Inventories, and Sentence Completion Drawing. See Second Amended Complaint, ¶40; and 3/98 Psychological Evaluation, attached as **Exhibit F**.

19. Ms. Rositano determined that: Travis was functioning in the Average to High Average range of general intelligence; he showed better development in verbal skills than perceptual motor skills; he showed poor problem solving skills; he approached situations in a rigid, concrete manner; his strengths were in verbal abstract reasoning skills and timed paper and pencil tasks; his weaknesses were in visual alertness to his environment and visual motor integration skills.  See **Exhibit F**, p. 5.

20. Ms. Rositano also explained that the test results showed that Travis exhibited characteristics associated with Attention Deficit/Hyperactivity Disorder (ADHD), and encouraged the Myslows to share the results of her evaluation with Travis' pediatrician.  See **Exhibit F**, p. 5; Josephine Rositano's Interrogatory Responses, No. 22, attached as **Exhibit G**; and Mathew Myslow's deposition transcript, pp. 25-27, attached as **Exhibit H**.

21. On March 18, 1998, another PPT was held to determine Travis' eligibility for special education services.  See **Exhibit C**, ¶8; and 3/18/98 PPT Meeting Summary, attached as **Exhibit I**.

22. Both the District and the parents felt special education services were warranted.  The PPT identified Travis as learning disabled and recommended placement in the special education program.  See **Exhibit C**, ¶8; and **Exhibit I**.

23. In the spring of 1998, Dr. L. Robert Rubin diagnosed Travis as having ADHD, a species of ADD, and prescribed a two-week daily trial of Ritalin.  See Second Amended Complaint, ¶41; and **Exhibit J**, pp. 50, 96.

24. The School Defendants did not ask Dr. Rubin to prescribe Travis

medication; indeed Dr. Rubin has never spoken with anyone from the New Milford school system regarding Travis.  See **Exhibit C**, ¶10; and **Exhibit J**, p. 108.

25. Travis began taking Ritalin in the spring of 1998 and continued taking the medication, on school days only, until the spring of 2000.  See **Exhibit B**, pp. 163-67; **Exhibit H**, pp. 92-93, 97; and CVS Pharmacy records, attached as **Exhibit K**.

26. As of October 5, 2000, Travis continued to remain off of any medication. See 10/5/00 PPT Meeting Summary, attached as **Exhibit L**.

27. As a result of being identified as having a learning disability, Travis received special education services.  The specific manner or approach used to provide the FAPE is left to the discretion and judgment of the student's PPT. See **Exhibit C**, ¶9.

28. At a PPT convened on October 26, 2000, the Myslows requested a neurological evaluation with Dr. Anna Alshansky.  The District agreed.  See **Exhibit C**, ¶11; 10/26/00 PPT Revised Meeting Summary, attached as **Exhibit M**; and Drs. Alshansky and Kreminitzer's Interrogatory Responses, No. 11, attached as **Exhibit N**.

29. Dr. Alshansky had been referred to the Myslows by Dr. Rubin.  See Second Amended Complaint, ¶52; **Exhibit J**, p. 86; and Dr. Alshansky's 10/27/00 report, attached as **Exhibit O**.

30. Dr. Alshansky agreed with Dr. Rubin's diagnosis of ADHD and confirmed that Travis had a learning disability.  See Second Amended Complaint, ¶54; **Exhibit N**, No. 7;and **Exhibit O**.

31. Travis did not take any medication for ADD or ADHD after his 5th grade year.  See **Exhibit L**.

32.    In March 2001, Travis underwent a psychological evaluation with Dr. Diana Badillo-Martinez.  <u>See</u> Second Amended Complaint, ¶59; and Dr. Badillo-Martinez's 3/29/01 report, attached as **Exhibit P**.

33.    Dr. Badillo-Martinez concluded that Travis exhibited behaviors that "are common in people who are in situations they are having difficulty coping with, who have Attention Deficits…," and recommended, among other things, that Travis be re-evaluated within a year to "further elucidate the presence of a true Attention Deficit Disorder."  <u>See</u> **Exhibit P**, p. 9.

34.    Dr. Armin Thies performed another neurological evaluation on July 23 and 26, 2001.  Dr. Thies concluded that "[t]here is not much supporting evidence, either observational or psychometric, during this examination for ADD or ADHD."  <u>See</u> Dr. Thies' 8/10/01 report, attached as **Exhibit Q**, p. 4.

35.    In September 2001, both the Board of Education and the Myslows requested a due process hearing under the IDEA to determine the adequacy of the special education program designed for Travis Myslow.  <u>See</u> **Exhibit C**, ¶13; Plaintiffs' Request for Due Process Hearing, attached as **Exhibit R**; and Order Granting Motion to Consolidate, attached as **Exhibit S**.

36.    The plaintiffs' request for due process was limited to issues and events surrounding the PPTs on June 14, 2001 and August 23, 2001.  <u>See</u> **Exhibit R**; and **Exhibit S**.

37.    The due process hearing addressed the following four issues:

"1.    Board's refusal to consent to an independent reading evaluation.

6

    2.    Board's refusal to reimburse the parents for an independent neuropsychological evaluation by Dr. Thies.

    3.    PPT's refusal to provide homebound placement for the 2001-2002 academic year.

    4.    The Board recommended a psychiatric evaluation and Parents are refusing. Board is requesting a hearing officer to order that the psychiatric evaluation go forward."

See **Exhibit S**.

38. In addition, the hearing officer also considered whether the Board offered a free and appropriate public education to Travis in the June 14, 2001 IEP and whether the Board committed any procedural violations. See Final Decision and Order, attached as **Exhibit T**.

39. The hearing officer determined that: (1) the Board would reimburse the Parents for Dr. Thies' evaluation; (2) a psychiatric evaluation was necessary and appropriate; (3) the Board did not commit any procedural violations; and (4) the IEP offered in the June 14, 2001 PPT was not appropriate. An independent consultant was ordered to be retained to assist in the planning of Travis' IEP. See **Exhibit T**.

40. The plaintiffs did not appeal the due process hearing officer's decision and order. See **Exhibit A**, No. 9; and **Exhibit H**, p. 64.

41. After the due process hearing, the Board and the plaintiffs each selected a consultant, and those two consultants selected Terry Neu, Ph.D., as the independent educational consultant responsible for making any final decisions regarding Travis' program. See Second Amended Complaint, ¶71; **Exhibit C**, ¶14; and **Exhibit H**, p. 59.

42. Pursuant to the due process order, "[I]n the event of any disagreement

7

between the parties or within the PPT, the decision of the consultant shall be final." See **Exhibit T**.

43. There is no evidence that the School Defendants failed to follow any of Dr. Neu's recommendations, or that they somehow coerced Dr. Neu in his decisions. See **Exhibit C**, ¶ 15; and **Exhibit H**, pp. 59-60, 64-68.

44. The plaintiffs submitted a notice of intention to commence this suit to the School Defendants on January 3, 2003. Notice of the Intention to Commence Suit, attached as **Exhibit U**.

45. No changes were made to Travis' medication schedule or dosage without the parents first consulting with Dr. Rubin. See **Exhibit B**, pp. 67-69; and **Exhibit H**, p. 43.

46. Travis' parents gave Robyn Viklund permission to give Travis the prescribed medication. See **Exhibit B**, p. 68.

47. The plaintiffs have disclosed Dr. Peter Breggin as their only "expert witness" against the School Defendants.

48. Dr. Breggin has no opinions regarding the claimed negligence of Raymond Avery, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Jean Malcolm, Adele Johnson, Deborah Shelley and Robyn Viklund. See Dr. Breggin's deposition transcript, pp. 52-53, attached as **Exhibit V**.

DEFENDANTS,
NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANANN PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, and ROBYN VIKLUND

By <u>/s/Alexandria L. Voccio</u>
   Alexandria L. Voccio, ct21792
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 15th day of August, 2005.

| | |
|---|---|
| Deborah G. Stevenson, Esquire<br>226 East Flag Swamp Road<br>Southbury, CT  06488 | Alan C. Milstein, Esquire<br>Michael Dube, Esquire<br>4300 Haddonfield Road, Suite 311<br>Pennsauken, NJ  08109 |
| Richard A. O'Connor, Esquire<br>Christine A. Robinson, Esquire<br>Leslie Gold, Esquire<br>Sachner & O'Conner<br>The Crossroads West<br>765 Straits Turnpike, Bldg 2, Ste, 1001<br>Middlebury, CT  06762-1323 | Katherine C. Callahan, Esquire<br>Benjamin J. Berger, Esquire<br>Updike, Kelly & Spellacy, P.C.<br>One State Street<br>P.O. Box 231277<br>Hartford, CT  06123-1277 |

      /s/Alexandria L. Voccio
      Alexandria L. Voccio