UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

| | |
|---|---|
| MATHEW AND CINDY MYSLOW, as Parents and Natural Guardians of Minor Plaintiff TRAVIS MYSLOW,<br><br>Plaintiffs,<br><br>v.<br><br>NEW MILFORD SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No.: 3:03-cv-496-MRK |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENTS**

**RESPONSE TO THE SCHOOL DISTRICT DEFENDANTS' STATEMENT**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied. In Dr. Rubin's own words, Travis "started this medication <u>at the suggestion of his school</u> because of observed and perceived difficulties."[1]

25. Admitted.

26. Admitted.

27. Admitted.

28. Denied. The District was not willing to abide by the plaintiffs' sound decision.[2] Its representatives directed the plaintiffs to have Travis evaluated by Drs. Alshansky and Kreminitzer, two individuals the District repeatedly used for this purpose, so that Travis could be put on new medication, advising that they would pay those doctors for their services.[3]

---

[1] <u>See</u> Exhibit A, Exhibit D thereto (emphasis added).

[2] <u>See</u> Exhibit A, ¶ 46.

[3] <u>See</u> Exhibit A, ¶¶ 46-49.

29. Denied. See id.

30. Admitted.

31. Admitted that Travis did not take any medication for ADD or ADHD after mid-2000.[4]

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied as stated insofar as the request speaks for itself. See School District defendants' Exhibit R and Exhibit S.

37. Denied as stated insofar as the request speaks for itself. See School District defendants' Exhibit R and Exhibit S.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Denied.[5]

46. Admitted.

---

[4] See Exhibit A, Exhibit H thereto.

[5] See Exhibit A, ¶¶ 46-49.

47.  Admitted.

48.  Denied. Dr. Breggin has rendered opinions regarding all of the School District defendants.[6]

### RESPONSE TO DRS. ALSHANSKY AND KREMINITZER'S STATEMENT

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  This statement calls for a legal conclusion to which no response is required.

5.  This statement calls for a legal conclusion to which no response is required.

6.  The plaintiffs are without sufficient information to either admit or deny this statement, and Drs. Alshansky and Kreminitzer provide no citation in support of this averment.

7.  The plaintiffs are without sufficient information to either admit or deny this statement, and Drs. Alshansky and Kreminitzer provide no citation in support of this averment.

8.  The plaintiffs are without sufficient information to either admit or deny this statement, and Drs. Alshansky and Kreminitzer provide no citation in support of this averment.

### RULE 56(a)(2) STATEMENT

The main issue to be tried in this case is whether, and to what extent, the School District defendants required the plaintiffs to medicate Travis with stimulants in contravention of his legal rights.

Dated: <u>Wednesday, October 19, 2005</u>       s/Alan C. Milstein
                                                Alan C. Milstein, CT03703
                                                Michael Dube, PHV0216
                                                Sherman, Silverstein, Kohl,
                                                Rose & Podolsky, P.A.

---

[6] See Exhibit J, pages 25-27.

Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: 856-662-0700
Facsimile: 856-488-4744
EMail: AMilstein@sskrplaw.com and
MDube@sskrplaw.com

Deborah G. Stevenson, Esquire
226 Flag Swamp Road
Southbury, CT 06488
Telephone: 860-354-3590
EMail: Dgs31@yahoo.com

*Attorneys for the Plaintiffs*