UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATHEW AND CINDY MYSLOW, ET AL | : | NO.: 3:03CV00496 (MRK) |
| | : | |
| v. | : | |
| | : | |
| NEW MILFORD SCHOOL DISTRICT, | : | |
| ET AL | : | NOVEMBER 2, 2005 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SCHOOL DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S EXPERT, PETER BREGGIN, MD.**

The defendants, New Milford School District, New Milford Board of Education, Raymond Avery, Jeanann Paddyfote, Thomas Mulvihill, Paula Kelleher, Denis Dolan, Jean Malcolm, Josephine Rositano, Adele Johnson, Deborah Shelley, and Robyn Vikland, hereby submit this reply memorandum in support of their Motion to Preclude, dated August 10, 2005.

**A. Issues on which Plaintiffs Propose Dr. Breggin to Testify**

At page 18 of plaintiffs' omnibus brief, Plaintiffs cite to several pages of Dr. Breggin's report, seemingly to provide the Court with the subject matter and opinions that Plaintiffs intend to offer in their case against these defendants. Generally, these are that the defendants "practiced medicine without a license"; (2) "pressured the Myslows to seek evaluations from professionals with whom the school had established unethical relationships; (3) the school systemically failed to meet Travis's educational need while it tried to focus attention on his presumed psychiatric disorders; and (4) the school used medical diagnosis and treatment and the threat of medical diagnosis and treatment, as a coercive method to control and suppress Travis and his parents while

failing to meet the child's educational needs.  Plaintiffs also offer Dr. Breggin to testify that Travis lost schooling and appropriate educational interventions for over more than a four year span, experienced humiliation over more than a four year span, was "stigmatized" and suffered adverse drug effects caused by stimulants.  Id. at 19.  Plaintiffs also argue that "at a bare minimum, he is qualified to testify as to the standard of care in diagnosing ADD and ADHD, testify as to whether Ms. Rositano was qualified to make the initial 'diagnosis', testify as to whether Dr. Rubin acted in reliance upon the District's initial 'diagnosis' in prescribing the medication, and testify that Dr. Rubin's prescription of medication was inextricably related to Ms. Rositano's initial 'diagnosis.'"  Plaintiffs' Omnibus Brief, p. 24.

However, Dr. Breggin effectively withdrew his opinion that defendants were "practicing medicine without a license" at his deposition.  Defense counsel asked him whether he was attempting to testify as to the negligence of the school personnel in this case, to which he replied that he was "really asked to testify concerning the New Milford public schools and their general approach to the child."  **Defendants' Supplemental Exhibit B** in support of Motion to Preclude, attached hereto, p. 61.  When asked to clarify what standard he was applying, he initially indicated he was applying whether school personnel were practicing medicine without a license and whether the school met the standards of the IDEA.  Id., p. 62-64.  The only school official he initially determined was practicing medicine without a license was the school psychologist, Rositano.  Id., p. 65-66.  When questioned as to the basis, he testified that she missed the issue that Travis had dyslexia or a learning disability due to his inability to read.  Id.,

2

p. 66-69.  She failed to address the overall reading problem.  Id., p. 70-72.  She should have focused on the reading and not even suggested ADHD.  Id., p. 70.  Dr. Breggin also took issue with one of Travis' teachers, Mrs. Coope's [who is not a defendant] comments on his behavior in the classroom after he began taking Ritalin.  Id., p. 75-78.  But his main criticism was not that she was practicing medicine without a license, but that she was "pushing drugs and not doing her job as a teacher" and not focusing on his reading.  Id., p. 78.  As to Dr. Paddyfote, his criticism was how she worded the referral letters for outside evaluations of Travis, because she was trying to "convince them to diagnose ADHD and medicate."  Id., p. 79-81; 85-87.  When further pressed on his opinions, Dr. Breggin was asked to focus on what specific individuals were practicing medicine without a license, to which he responded:

> A: My fundamental criticism is that they are substituting, pushing this child into the medical system by any method possible including diagnosing the child, recommending drugs and sending little notes home to mom about drugs rather than teaching the child to read.  That is the fundamental criticism. It could be described as practicing medicine without a license. **That's not the specific charge**. **The specific charges are that they failed to teach this child and instead coercively pushed and encouraged a medical calming down and subduing of the child while still not teaching the child to read.**
>
> Q: So, it's in the nature of an educational malpractice type thing?
>
> A. I think it's a combination of both.  It's overstepping the bounds into practicing medicine without a license.  It's an educational negligence and educational failure.  It's a failure under IDEA.  It's a failure by their own standards as described in a more limited way by the hearing officer.
>
> Q: Do you think Miss Coope was practicing medicine without a license:
>
> A: Marginally, yes, in a way.  But that's again, that's not how I'm framing the charges here.  I'm going along with—pretty much how these theses are framed is that the school has been negligent in meeting its obligations

3

to the child and instead in a manner that is now probably illegal in Connecticut pushed medications.

Id., p. 83-86 [Emphasis added.]

### B. Breggin's Proffered Testimony is not "expert testimony", but Rather is a Factual Opinion of the Defendants' intent in this case.

Plaintiffs set forth that Dr. Breggin will testify that the school "pressured" the Myslows to seek outside evaluations, and used medical diagnosis as a "threat" and "coercive" method to "control and suppress Travis and his parents while failing to meet the child's educational needs.". Plaintiffs' Omnibus Brief, p. 18. He also intends to testify that whether Dr. Rubin acted in reliance on the District's evaluation and whether Dr. Rubin's prescription was "inextricably related" to the school psychologist's diagnosis. Id. at 24. Although not cited, Dr. Breggin's report to which plaintiff cites also proffers the opinion that the school district wrote reports that "allied supposedly independent professionals with the school district": and Dr. Paddyfote's letters were "highly prejudicial against the child and calculated to focus attention on a presumed disorder in the child rather than the failings of school in regard to instructing him." Plaintiff's Exhibit J, p. 24. Furthermore, the school allegedly "established paid relationships with supposedly independent professionals [Defendants Alshansky and Krementizer] and [sup]plied them prejudicial reports in order to focus attention on a presumed disorder in the child rather than the failure of school in regard to instructing him….[which was] highly unethical. " Id.  It is unclear whether Plaintiffs are still offering these additional opinions not cited by them.  However, these issues of whether the Defendants threatened, coerced, controlled or suppressed Travis and his parents, or their intent in

4

drafting referral letters, and the causal connection between the school district's actions and Dr. Rubin's prescribing of medication or intent are not areas of medical expertise on which Dr. Breggin may be qualified to testify. These are pure factual issues. Certainly the Defendants anticipate that Plaintiffs may testify that they felt coerced, controlled and suppressed. Dr. Breggin's testimony is not admissible on this point as he was not personally involved in Travis' education, medical diagnosis or dealings with the school district at that time. Allowing him to testify on these points will simply permit the Plaintiffs to have the jury hold more weight to these opinions because a physician is testifying to them. Dr. Breggin's opinions read more like Plaintiffs' anticipated closing statement to the jury than professional medical opinions which require medical expertise to assist the jury. For these additional reasons, Dr. Breggin should be precluded from testifying on these points.

### C.  Dr. Breggin Lacks the Qualifications to Testify on the Standard of Care of a School Psychologist, the Director of Pupil Personnel Services and the "School District".

Plaintiffs attempt to save Dr. Breggin's testimony by stating that he can testify as to the standard of care in diagnosing ADD and ADHD and can testify whether Ms. Rositano was "qualified" to make the initial "diagnosis." Plaintiffs suggest that Dr. Breggin has more expertise than Ms. Rositano because she is a psychologist and did not go to medical school. Plaintiffs have not set forth that Dr. Breggin has any experience in diagnosing learning disabilities or has any familiarity with the standard practices of a school psychologist in Connecticut when evaluating a student for eligibility under the IDEA. Plaintiffs' proposition that as a doctor he can testify about the

standards of school officials is just as absurd as the converse of their argument, that an educator could testify as to the standard of care of a medical doctor.  In addition to the lack of qualifications set forth in Defendants' Motion to Preclude, Dr. Breggin also testified point blank he was not an expert in how teach someone with learning disabilities.  **Defendants' Supplemental Exhibit B**, p. 370-372.  He is not an expert in teaching.  Id. Yet, he takes issue with how the Defendants addressed Travis' learning disability and their failure to teach him how to read.  Id.  Thus, whether the Defendants "met" Travis' educational needs through their evaluation of him for special education and the implementation of that program through the choice of reading programs and special education interventions is not within Dr. Breggin's realm of knowledge.

      Plaintiffs' suggestion that Daubert somehow differently addresses the issue of the admissibility of expert testimony in Connecticut is erroneous.  Plaintiffs miss the point.  Plaintiffs are attempting to offer Dr. Breggin's testimony on a common law issue of negligence.  Daubert dealt in detail with how a court must evaluate an expert's testimony on particular scientific issues.  The Defendants' argument in this case that Dr. Breggin's testimony is inadmissible under Rule 702 is on a more elementary level: that Dr. Breggin's education or professional experience is in the wrong field to be testifying as to these Defendants' standard of care.

      For these additional reasons, the Defendants request that the Court grant their Motion to Preclude.

        DEFENDANTS,
        NEW MILFORD SCHOOL DISTRICT, NEW MILFORD BOARD OF EDUCATION, RAYMOND AVERY, JEANANN PADDYFOTE, THOMAS MULVIHILL, PAULA KELLEHER, DENIS DOLAN, JEAN MALCOLM, JOSEPHINE ROSITANO, ADELE JOHNSON, DEBORAH SHELLEY, and ROBYN VIKLAND


        By__/s/ Melinda A. Powell_____
          Melinda A. Powell
          ct17049
          Howd & Ludorf, LLC
          65 Wethersfield Avenue
          Hartford, CT  06114
          (860) 249-1361
          (860) 249-7665 (Fax)
          E-Mail: mpowell@hl-law.com

**CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 2nd day of November, 2005.

| | |
|---|---|
| Deborah G. Stevenson, Esquire<br>226 East Flag Swamp Road<br>Southbury, CT  06488 | Alan C. Milstein, Esquire<br>Michael Dube, Esquire<br>4300 Haddonfield Road, Suite 311<br>Pennsauken, NJ  08109 |
| Richard A. O'Connor, Esquire<br>Christine A. Robinson, Esquire<br>Leslie Gold, Esquire<br>Sachner & O'Conner<br>The Crossroads West<br>765 Straits Turnpike, Bldg 2, Ste, 1001<br>Middlebury, CT  06762-1323 | Katherine C. Callahan, Esquire<br>Benjamin J. Berger, Esquire<br>Updike, Kelly & Spellacy, P.C.<br>One State Street<br>P.O. Box 231277<br>Hartford, CT  06123-1277 |

                    ___/s/ Melinda A. Powell___
                    Melinda A. Powell