UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MATHEW AND CINDY MYSLOW, ET AL  :     NO.: 3:03CV00496 (MRK)

v.                                                 :

NEW MILFORD SCHOOL DISTRICT,         :
ET AL                                              :     JANUARY 18, 2006

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
SCHOOL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's order issued at the time of oral argument, and

subsequent thereto, the defendants, New Milford School District, New Milford Board Of

Education, Raymond Avery, Jeanann Paddyfote, Thomas Mulvihill, Paula Kelleher,

Denis Dolan, Jean Malcolm, Josephine Rositano, Adele Johnson, Deborah Shelley, and

Robyn Viklund, submit this supplemental memorandum in support of their motion for

summary judgment.

The plaintiffs have abandoned their §1983 claims against the New Milford School

District and the New Milford Board of Education, as well as their claim under §504 for

alleged procedural violations.  See Plaintiffs' Brief, p. 24.  Accordingly, the only

remaining issues that the Court instructed the parties to address are: (1) the evidentiary

support for the plaintiffs' claims; and (2) the legal basis for the plaintiffs' §504 and ADA

claims.  The defendants will address each in turn.

I.    **EVIDENCE**

A.    **Is There A Genuine Issue Of Material Fact As To Whether Or Not The Plaintiffs Exhausted Their Administrative Remedies?**

In their supplemental brief, the plaintiffs acknowledge that they did not raise the issues pending before this Court at due process. <u>See</u> Plaintiffs' Brief, p. 3. The plaintiffs offer transcripts and lists of exhibits from the due process hearing to show that some of the same underlying facts were discussed in the due process hearing, but there is no evidence disputing the fact that the issues, or claimed wrongdoing, in this case were not raised at due process. The issues are what are important. If the plaintiffs truly felt that the School Defendants were forcing them to medicate Travis, they could have raised that issue at due process as early as 1998. They never did. The plaintiffs have cited to no evidence that the Board, the parents, or the due process hearing officer, raised the issues of forced mediation, of a misdiagnosis of ADHD, of discrimination, or of any conduct by the School Defendants prior to the June 14, 2001 and August 23, 2001 PPTs. Plaintiffs' counsel's argument that the Board's request for a psychiatric evaluation was an attempt to medicate Travis is nothing more than mere speculation and is not supported by any evidence.

The plaintiffs suggest that they satisfied any exhaustion requirement by filing a §504 grievance with the School District. <u>See</u> Plaintiffs' Brief, p. 22. The School Defendants disagree that a §504 grievance alleviates the obligation to exhaust the IDEA procedures. Nonetheless, the plaintiffs have not even offered admissible evidence to show that they adequately exhausted the §504 requirements. First, Exhibit F contains

numerous documents that are inadmissible hearsay, including letters from Cindy

Myslow and the plaintiffs' lawyer.  These letters are not sworn affidavits, and as they are

being introduced by the plaintiffs, they are not admissions of a party opponent.

Furthermore, pursuant to the very grievance procedure upon which the plaintiffs' rely

(Grievance Procedure for Complaints of Discrimination, page 9 of Exhibit E), the

plaintiffs failed to file a complaint "within forty (40) calendar days of the alleged incident."

The plaintiffs' grievance was not filed until August 30, 2002 (Section 504 Discrimination

Grievance Form, page 16 of Exhibit E).  As such, that grievance was untimely with

respect to any of the alleged wrongdoing asserted in this lawsuit.

**B.    Is There A Genuine Issue Of Material Fact As To Whether Or Not One
Or More Of The Defendants *Required* Travis To Be Medicated?**

The plaintiffs have offered no evidence to support their contention that the School

Defendants required Travis to be medicated.  Plaintiffs' counsel represented at oral

argument that medication was part of Travis' IEP.  That representation was wrong, and

is not supported by any evidence in the record.  That representation is not the only

misrepresentation that has been made with respect to this issue.  In their supplemental

brief, the plaintiffs argue that the School Defendants "compel[led] medication of [Travis]

for a period of four years or more."  See Plaintiffs' Brief, p. 17.  In actuality, the

undisputed evidence shows that Travis was on medication for school days only for a

period of two years - not four.  Moreover, there is no evidence that the School

Defendants compelled medication.  None of the cited testimony from the due process

hearing indicates that the School Defendants required medication.  Advising the parents

when a prescription ran out or letting them know how their son was responding to the medication does not create an issue of material fact as to whether or not medication was *required*. And that is the only evidence that is before this Court with respect to this issue.

### C.    Is There A Genuine Issue Of Material Fact As To Whether Or Not The New Milford School District And/Or The New Milford Board Of Education Acted With Malice Or Bad Faith?

The plaintiffs argue that the School District and/or the Board of Education acted with bad faith or gross misjudgment because they misdiagnosed Travis with ADHD and because they compelled medication. To the extent there was a misdiagnosis, there is no evidence of malice or gross misjudgment where, as here, at least three other independent, medical professionals gave Travis the same diagnosis. As stated above, there is no evidence of forced medication, and as such this claim cannot support the plaintiffs' §504 and ADA claims.

The plaintiffs further argue that the School Defendants acted in bad faith because they disagreed with the parents. They pursue this argument even as to matters where the due process hearing officer agreed with the School Defendants. For instance, the plaintiffs cite to the Board's refusal to home school Travis, but the hearing officer agreed that home schooling was not appropriate. Similarly, the plaintiffs cite to the Board's request for a psychiatric evaluation, but again the hearing officer agreed that a psychiatric evaluation was necessary and appropriate. Disagreements over the manner in which Travis should be educated or evaluated do not create an issue of fact as to whether the School Defendants acted with malice or bad faith.

**D.     Is There A Genuine Issue Of Material Fact As To Whether Or Not The New Milford School District And/Or The New Milford Board Discriminated Against Travis *Because Of* His Disability?**

The plaintiffs have cited to no evidence that Travis was discriminated against on account of a disability.[1]  In fact, the plaintiffs contend that they "do[] not need to establish the defendants intended to discriminate."  See Plaintiffs' Brief, p. 19.  This is an inaccurate statement of the law, but it illuminates the fatal weakness of the plaintiffs' case.

**II.     LIABILITY UNDER §504 AND THE ADA**

**A.     Does This Court Have Subject Matter Jurisdiction To Hear The Plaintiffs' §504 And ADA Claims?**

In their supplemental brief, the plaintiffs cite to Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1208-09 (10th Cir. 2003), for the proposition that the failure to exhaust administrative remedies does not deprive this Court of subject matter jurisdiction.  Steele, however, addressed the exhaustion requirement under the Prison Litigation Reform Act, not the IDEA.  Conversely, the Second Circuit has consistently held that the failure to exhaust under the IDEA does in fact deprive the Court of subject matter jurisdiction.  See Polera v. Bd. of Educ. Of Newburgh, 288 F.3d 478, 483 (2nd Cir. 2002); Hope v. Cortines, 69 F.3d 687, 688 (2nd Cir. 1995); Garro v. State of Conn., 23 F.3d 734 (2nd Cir. 1994).  Indeed, the case of Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 788-91 (2nd Cir. 2002), that is cited in the plaintiffs' supplemental brief immediately prior to the Steele case, recognizes that the failure to exhaust deprives the

Court of subject matter jurisdiction.  In <u>Taylor</u>, the Court only excused the exhaustion requirement because the plaintiffs were seeking to redress the deprivation of their own parental rights, not the rights of the student, for conduct that had occurred in the past and was no longer an issue.  As such, the plaintiffs in <u>Taylor</u> had no standing to pursue due process.

The plaintiffs in this case have failed to articulate any reason as to why they could not have raised the issues before this Court at due process.  As set forth in <u>Polera</u>, the fact that the plaintiffs are seeking damages, in addition to relief available under the IDEA, does not enable them to sidestep the exhaustion requirements of the IDEA.  The plaintiffs cite to a Circular Letter (Exhibit D) presumably to support their position that they could not have raised the issues before this Court at due process. <u>See</u> Plaintiffs' Brief, p. 19.  Exhibit D, however, is inadmissible as it has never been disclosed nor authenticated.  There is no way of determining what meaning, if any, should be attributed to the cited letter.

Nonetheless, the Circular Letter does not support the plaintiffs' position.  Exhibit D states that while IDEA hearing officers will not hear "Section 504 only cases," they will review §504 claims that are necessary to the resolution of any IDEA claims.  <u>See</u> Exhibit D, p. 2, fn. 2.  In this case, the plaintiffs concede that "[t]he purpose of the claim before the IDEA due process hearing officer was, in part, to determine the appropriateness of the educational program for the child and to compel the defendants

---

[1] The School Defendants do not agree with the plaintiffs' representations regarding whether or not Travis has a disability under the statutes; however, this is not a basis for the subject motion.

to provide an appropriate educational program for him." See Plaintiffs' Brief, p. 22.  The School Defendants submit that where, as here, the alleged §504 discrimination was that the child "was excluded from participation and otherwise denied the benefits of an appropriate education as other children receive" (see Plaintiffs' brief, p. 22), the claims are necessarily intertwined because they all address whether or not Travis was receiving a free appropriate public education.  Moreover, the School Defendants remind the Court that the very case upon which the plaintiffs rely in support of their "forced medication" theory was a case in which that very issue was raised at due process.  See Valerie J. v. Derry Coop. Sch. Dist., 771 F. Supp. 483 (D.N.H. 1991).

The plaintiffs claim that they have adequately pled exhaustion.  The focus at summary judgment, however, is not the allegations, but the evidence.  In this case, there is no evidence that the plaintiffs exhausted the IDEA procedures.

**B.    Can The Plaintiffs Defeat Summary Judgment Absent Evidence That The New Milford School District And/Or The New Milford Board Of Education Discriminated Against Travis _Because Of_ His Disability?**

The plaintiffs argue that they need not establish discrimination in order to prevail on their §504 or ADA claims.  In making this argument, the plaintiffs rely on Davis v. Monroe County Sch. Dist., 119 S.Ct. 1661 (1999), Gebser v. Lago Vista Ind. Sch. Dist., 118 S.Ct. 1989 (1998), and Alexander v. Choate, 469 U.S. 287, 295 (1985).  None of these cases, however, support their proposition.  The plaintiffs argue that Davis and Gebser "outline a damages standard that is available to plaintiffs under Section 504 and the ADA."  See Plaintiffs' Brief, p. 14.  That is a blatant misrepresentation of the case law.  Both cases are Title IX cases, and neither case even mentions §504 or the ADA.

And the <u>Alexander</u> case is equally irrelevant as it deals with a §504 disparate *impact* claim. A disparate impact claim is premised on facially neutral conduct that has a discriminatory impact. The instant case is a disparate treatment claim that requires a discriminatory motive.

The plaintiffs then make a blanket statement that "[a]ll the exclusions, denials and suffering were due solely to [Travis'] disability" (<u>see</u> Plaintiffs' Brief, p. 17), but again, the plaintiffs cite to no evidence that such exclusions or denials were *solely because of Travis' handicap*. The mere fact that Travis received special services from the New Milford School District, or even that he may not have received an appropriate education, does not automatically equate to discrimination by the School District.

Discrimination is an essential element to the plaintiffs' claims, and where proof of discrimination is lacking, the claim must fail. <u>See</u> <u>Sedor v. Frank</u>, 42 F.3d 741, 746 (1994). In order to show that the School Defendants acted *solely because of Travis' disability*, the plaintiffs must show (a) that there was a "causal connection" between the disability and the alleged deprivation or exclusion, and (b) that the disability was the only cause of the deprivation or exclusion. <u>See</u> <u>id.</u> (citations omitted). The plaintiffs have failed to submit any evidence as to this element of their claim. Accordingly, the School Defendants are entitled to summary judgment.

III.   **CONCLUSION**

For the reasons set forth above and in the School Defendants' prior memoranda

of law, the Court should grant summary judgment in favor of the School Defendants.

                         DEFENDANTS,
                         NEW MILFORD SCHOOL DISTRICT, NEW
                         MILFORD BOARD OF EDUCATION,
                         RAYMOND AVERY, JEANANN
                         PADDYFOTE, THOMAS MULVIHILL,
                         PAULA KELLEHER, DENIS DOLAN, JEAN
                         MALCOLM, JOSEPHINE ROSITANO,
                         ADELE JOHNSON, DEBORAH SHELLEY,
                         and ROBYN VIKLUND


                         By_____
                         Alexandria L. Voccio
                         ct21792
                         Howd & Ludorf, LLC
                         65 Wethersfield Avenue
                         Hartford, CT  06114
                         (860) 249-1361
                         (860) 249-7665 (Fax)
                         E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 18th day of January, 2006.

Deborah G. Stevenson, Esquire
226 East Flag Swamp Road
Southbury, CT  06488

Alan C. Milstein, Esquire
Michael Dube, Esquire
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

Katherine C. Callahan, Esquire
Benjamin J. Berger, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Alexandria L. Voccio